**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EDGARDO DIAZ,<br>Individually and on Behalf of All Others<br>Similarly Situated,<br><br>            Plaintiff,<br><br>      v.<br><br>NEW YORK PAVING INC.,<br><br>            Defendant. | Case No. 18 Civ. 4910<br><br>**CLASS AND COLLECTIVE ACTION<br>COMPLAINT**<br><br>Jury Trial Demanded |

    Plaintiff Edgardo Diaz ("Plaintiff") by his attorneys Wittels Law, P.C. brings this action individually and on behalf of a class of persons defined below, against Defendant New York Paving Inc., ("Defendant," "NY Paving" or the "Company") and alleges the following with knowledge as to his own acts, and upon information and belief as to all other acts:

**SUMMARY OF THIS CLASS AND COLLECTIVE ACTION**
**TO RECOVER FOR DEFENDANT'S WAGE AND HOUR VIOLATIONS**

    1.  This suit seeks to remedy Defendant NY Paving's illegal pay practices. Defendant is a construction company whose workers provide paving services to utilities and other companies that do work affecting New York City's roads and sidewalks. Plaintiff and the Class are hard-working construction workers (collectively, "pavers") employed by NY Paving.

    2.  NY Paving is a substantial company, contracted to perform several dozen road and sidewalk repairs each day in the New York City metropolitan area. According to the New York Department of State Division of Corporations, NY Paving was established in 1977 and is headquartered in Long Island City, New York. NY Paving's success is attributable to the skilled performance and dedicated work of its pavers. Nevertheless, although Plaintiff Diaz and the

Class work or worked more than 40 hours per week to service NY Paving's clients, Defendant failed to pay its pavers the proper wages and overtime they are legally and justly owed.

3. While Defendant's labor practices undoubtedly benefit its bottom line, they are in stark violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), New York State Labor Law ("NYLL" or "N.Y. Labor Law"), and their supporting regulations.

4. Pavers perform vitally important work that is physically demanding. They are crucial for ensuring the usable condition of the highways, streets, and sidewalks that New York residents and visitors rely on daily. These workers deserve to be and must be compensated fairly in accordance with the law.

5. Plaintiff Diaz brings this action on behalf of himself and all similarly situated employees, both as a class action under Rule 23 of the Federal Rules of Civil Procedure, and as a collective action under the FLSA, 29 U.S.C. § 216(b).

6. Only by joining together in a class and collective action can the Company's employees remedy NY Paving's ongoing wrongdoing. Because the monetary damages suffered by each employee are small compared to the much higher cost a single employee would incur in trying to challenge NY Paving's unlawful pay practices, it makes no financial sense for an individual employee to bring his or her own lawsuit. Further, many of Defendant's employees do not realize they are victims of wage and hour violations.

7. With this class action, Plaintiff and the Class seek to level the playing field and ensure that companies like NY Paving engage in fair and upright business practices. Plaintiff therefore seeks equitable relief in addition to monetary damages. Plaintiff also asks that the Court declare Defendant's wage and hour practices impermissible, enjoin Defendant from continuing its abusive labor practices, require that Defendant return all misappropriated monies,

and compensate Plaintiff and the Class for all harms they have suffered because of Defendant's unlawful conduct.

## PARTIES

8. Plaintiff Edgardo Diaz is a New York citizen, and at all times relevant to this action resided in Bronx, NY. Plaintiff Diaz was employed by NY Paving consistently from January 2017 through March 2017, and additionally worked a few days in 2016. Plaintiff Diaz's Consent to Join this Collective Action is attached hereto as Exhibit A.

9. At all relevant times, Plaintiff Diaz was employed as a paver for Defendant, often working more than 40 hours per week, typically more than 8 hours per day.

10. Defendant NY Paving is a New York company with locations at 37-18 and 37-28 Railroad Avenue, Long Island City, New York 11101. NY Paving is primarily in the business of performing paving repairs on roads and sidewalks.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 216(b) because Plaintiff seeks relief under federal law, specifically the FLSA, 29 U.S.C. § 201 *et seq*.

12. This Court has jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1332 (the "Class Action Fairness Act"). This action meets the prerequisites of the Class Action Fairness Act because the aggregate claims of the Class exceed the sum or value of $5,000,000, the Class has more than 100 members, and diversity of citizenship exists between at least one member of the Class and Defendant.

13. This Court also possesses supplemental jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367 because those claims arise out of the same case or controversy.

14. This Court has personal jurisdiction over Defendant because it is a New York company headquartered in New York.

15. Venue is proper in this district under 28 USC § 1391 because Plaintiff resides in the Southern District of New York and because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

16. Upon information and belief, Defendant NY Paving was established in 1977. On information and belief, the Company's revenues have been well in excess of $500,000 in each year during the relevant period.

17. NY Paving's employees' work also regularly involves them in interstate commerce.

18. NY Paving has committed multiple wage and hour violations which are detailed in the following paragraphs.

### A. Failure to Pay Overtime and Straight Time for All Hours Worked

19. During his tenure with NY Paving, Plaintiff Diaz often worked more than 40 hours per week, typically more than 8 hours per day. Yet Defendant failed to pay Plaintiff all overtime earned due to Defendant's uniform and systematic policy of failing to pay its pavers for the work they do both before the start time of their first paving job of the day and after the end of their last paving job of the day.

20. Defendant requires its pavers, including Plaintiff, to arrive at Defendant's central yard in Long Island City early each morning to receive instructions regarding the day's assignments, be counted by management, select the tools and materials necessary to perform each job that day, prepare the tools and materials for work, prepare the Company's trucks for the

day's work, and load the tools and materials onto company trucks. This work typically takes more than 30 to 45 minutes and is uncompensated.

21. During his tenure at NY Paving, Plaintiff would typically arrive at the yard by 5:15 am in order to leave by 6 am and be at the first paving site by 7 am.

22. Examples of yard work pavers commonly perform include examining jackhammer bits to determine how quickly they are likely to wear out and accordingly how many must be brought on the truck that particular day. Pavers similarly determine how many hoses, jackhammers, and buckets of asphalt the day's paving will require and load them onto the truck. A supervisor sometimes examines the equipment and materials loaded onto the truck and instructs pavers to return some or to take more before departing.

23. Typical yard work also includes safety briefings. If a worker has an accident at a paving site, the next day management holds a meeting with pavers in the morning at the yard to remind them of proper safety protocols.

24. After finishing their required work in the yard, the pavers then travel to the first paving site of the day in the company truck they prepared and loaded with the necessary tools and materials. This travel time to the first paving site typically takes more than 15 minutes and can take as long as 1.5 hours or more depending on traffic. NY Paving does not compensate its pavers for this time.

25. Despite performing several tasks integral and necessary to their principal work for Defendant starting when they arrive at the Company's central yard, Defendant only begins paying its pavers when work at the first paving site of the day is scheduled to begin.

26. On days when pavers arrive early at the first paving site, the foremen often instruct pavers to begin paving before the job is scheduled to start and thus before they are to be

compensated.

27. Defendant also has a uniform and systematic policy of failing to pay its pavers for the work they do after they end their last paving job of the day.

28. After completing the final paving assignment, pavers are required to reload the company truck, ride with or drive the tools and materials back to Defendant's yard in Long Island City, and then unload the truck and store the tools and materials at the yard. All of this time is uncompensated and typically takes more than 30 to 45 minutes.

29. The return trip from the final paving site to the yard often takes more than an hour, as the final paving site can be far from the yard and the pavers often encounter traffic.

30. Pavers also often refuel the company trucks before arriving at the first paving site in the morning and/or after leaving the final paving site in the evening. Defendant does not compensate for this time either.

31. Plaintiff and the Class of pavers were also required to drive the company trucks. Like the coworker pavers who ride the trucks, the drivers are not compensated for their time spent driving from the yard to the first paving site in the morning, or from the last paving site to the yard in the evening.

32. During his tenure at NY Paving, Plaintiff Diaz typically drove the company truck that he had loaded to the first paving site, between paving sites, and back to the yard from the last paving site.

33. NY Paving failed to pay Plaintiff and the Class the required New York and/or FLSA overtime premium due to a uniform company policy of not classifying these hours as time worked.

34. Indeed, NY Paving failed to pay Plaintiff and the Class any wages for these

overtime hours due to a uniform company policy of not classifying these hours as time worked.

35. For example, during the week ending March 26, 2017, Plaintiff Diaz worked in excess of 40 hours for seven days straight. This work included more than 17 hours of unpaid overtime, both before the first paving job was scheduled to begin and after leaving the final paving site. Defendant NY Paving failed to pay him for these overtime hours even though during this time he performed compensable work.

36. Plaintiff Diaz also worked in excess of 40 hours for five days straight during each of the weeks ending February 5, 2017 and April 2, 2017. Although these hours included more than 12.5 overtime hours of compensable work both before and after the scheduled start and end time of the paving jobs during each week, Defendant failed to compensate him for this time.

37. Defendant's failure to pay Plaintiff and the Class the proper overtime compensation required by the FLSA and NYLL was willful because Defendant knew about or showed reckless disregard for its failure to compensate its employees all hours worked.

38. Defendant's unlawful conduct occurred pursuant to a company policy and/or practice of minimizing labor costs by denying Plaintiff and the Class compensation in violation of the FLSA and NYLL.

### B. **Wage Theft Prevention Act Violations**

39. Defendant failed to provide Plaintiff and the Class with accurate wage statements, which is required by NYLL § 195(3). For example, Plaintiff's wage statements did not reflect the correct number of hours worked.

### COLLECTIVE ACTION ALLEGATIONS

40. Plaintiff brings Count I under the FLSA on behalf of himself and all other similarly situated current and former pavers (collectively "pavers") employed by Defendant at

any time within the three years prior to the date of the filing of this action and thereafter (the "FLSA Collective").

41. At all relevant times, Plaintiff and the FLSA Collective are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay Plaintiff and the Class for all overtime hours worked.

42. Defendant's unlawful conduct, as described in this Class and Collective Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs.

43. Count I is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

44. The members of the FLSA Collective are readily ascertainable, can be located through Defendant's records, and would benefit from the issuance of a court supervised notice of this lawsuit and the opportunity to join the lawsuit.

45. Notice should be sent to the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## **CLASS ACTION ALLEGATIONS**

46. Plaintiff brings Counts II to IV pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a Class of NY Paving employees preliminarily defined as follows:

> All persons who were employed by NY Paving as pavers who, at any time within six years prior to the date of the filing of this action and thereafter, did not receive full compensation for all overtime and straight hours worked.

47. Excluded from the Class are Defendant, Defendant's legal representatives,

officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in NY Paving; and the Judge(s) to whom this case is assigned, their judicial staffs, and any member of the Judges' immediate family.

48. The claims of Plaintiff and the Class may properly be maintained as a class action against Defendant pursuant to the provisions of Federal Rule of Civil Procedure 23.

49. The size of the Class is more than 100 individuals. The persons in the Class are so numerous that the joinder of all such persons is impracticable.

50. Plaintiff is a member of the Class. His claims are typical of the claims of the Class and do not conflict with the interests of any other members of the Class. All members of the Class have been subject to and affected by the same or similar conduct.

51. Plaintiff will fairly and adequately protect the interests of all Class members because it is in his best interest to vigorously prosecute the claims alleged herein and to obtain full compensation for the illegal conduct of which he complains. Plaintiff has retained competent and experienced class action attorneys to represent his interests and those of the Class.

52. Questions of law and fact are common to the Class and predominate over any questions affecting only individual members, and a class action will generate common answers to the questions below, which are apt to drive the resolution of this action:

   a. Whether Defendant failed to pay its employees all overtime compensation earned, in violation of N.Y. Labor Law §§ 650 *et seq*. and related regulations;

   b. Whether Defendant failed to pay its employees wages for all hours worked, in violation of N.Y. Labor Law §§ 190 *et seq*.;

   c. Whether Defendant failed to furnish the Class with accurate wage statements, as required by NYLL § 195(3);

   d. Whether, and to what extent, equitable relief should be imposed on Defendant to prevent the Company from continuing its unlawful labor policies; and

   e. The extent of class-wide injury and the measure of damages for those injuries.

53. A class action is superior to all other available methods for resolving this controversy because (i) the prosecution of separate actions by Class members will create a risk of adjudications with respect to individual Class members that will, as a practical matter, be dispositive of the interests of the other Class members not parties to this action, or substantially impair or impede their ability to protect their interests; (ii) the prosecution of separate actions by Class members will create a risk of inconsistent or varying adjudications with respect to individual Class members, which will establish incompatible standards for Defendant's conduct; (iii) Defendant has acted or refused to act on grounds generally applicable to all Class members; and (iv) questions of law and fact common to the Class predominate over any questions affecting only individual Class members.

54. Accordingly, this action satisfies the requirements set forth under Fed. R. Civ. P. 23(a) and 23(b).

## COUNT I
### (FLSA – UNPAID OVERTIME WAGES)

55. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

56. At all relevant times, Plaintiff and the FLSA Collective were employed by an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 203(e), (r), and (s).

57. At all relevant times, Plaintiff and the FLSA Collective were employees of Defendant within the meaning of 29 U.S.C. § 203(e).

58. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.* apply to Defendant NY Paving and protect Plaintiff and the FLSA Collective.

59. The FLSA 29 U.S.C. §§ 206 and 207 mandate that in calculating overtime the employer must utilize the employees' regular rate of pay.

60. In violation of the FLSA and supporting regulations, NY Paving has engaged in a widespread pattern, policy, and practice of failing to pay Plaintiff and the FLSA Collective overtime wages at time-and-a-half their regular rate of pay for all hours that they worked over 40 hours in a workweek.

61. As a result of Defendant's unlawful acts, Plaintiff and the FLSA Collective have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts as well as liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

## COUNT II
### (NYLL – UNPAID OVERTIME WAGES)

62. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

63. The overtime wage provisions of Article 19 of the N.Y. Labor Law and its supporting regulations apply to Defendant and protect Plaintiff and the Class.

64. In violation of N.Y. Labor Law applicable regulations, NY Paving has engaged in a widespread pattern and practice of failing to pay its employees overtime compensation.

65. By Defendant's knowing or intentional failure to pay Plaintiff and the Class the correct overtime rate, Defendant has willfully violated N.Y. Labor Law Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

66. Due to Defendant's willful violations, Plaintiff and the Class are entitled to recover from Defendant their unpaid overtime wages earned and due during the six years prior to the commencement of this action and thereafter, as well as liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, pursuant to N.Y. Labor Law § 663.

## COUNT III
### (NYLL – FAILURE TO PAY WAGES FOR ALL HOURS WORKED)

67. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

68. New York Labor Law § 190(1) defines "wages" as "earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis.

69. Defendant has engaged in a pattern, practice, and policy of failing to compensate Plaintiff and the Class for all hours worked.

70. Defendant's knowing and willful failure to pay Plaintiff and the Class their wages for all hours worked violates NYLL §§ 190, *et seq*.

71. Due to Defendant's knowing and willful violations of N.Y. Labor Law, Plaintiff and the Class are entitled to recover from Defendant their wages earned and due during the six years previous to commencing this action and thereafter, as well as liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT IV
### (NYLL – FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS)

72. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

73. NY Paving willfully failed to provide Plaintiff and the Class with accurate statements of wages, as required by N.Y. Labor Law § 195(3) by, among others failing to include the number all hours worked.

74. Through its knowing or intentional failure to provide Plaintiff and the Class with the accurate wage statements required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190, *et seq.*, and the supporting New York State Department of Labor Regulations.

75. Due to Defendant's willful violations of NYLL, Article 6, § 195(3), Plaintiff and the Class are entitled to statutory penalties of $250 for each workweek that Defendant failed to provide them with accurate wage statements, for a total of up to $5,000, plus reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Edgardo Diaz on his own behalf and on behalf of all other similarly situated persons, seeks the following relief:

A. Designation of this action as a collective action on behalf of the FLSA Collective members (asserting FLSA claims and NYLL claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state law claims;

B. Designation of Plaintiff as the Representative of the FLSA Collective;

C. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201, *et seq.*;

D. An award of damages of not less than $50,000,000.00, according to proof, including liquidated damages, to be paid by Defendant, as authorized by the FLSA;

E. Certification of this case as a class action pursuant to Rule 23;

F. Designation of Plaintiff as Representative of the Class and counsel of record as Class Counsel;

G. Issuance of a declaratory judgment that the practices complained of in this Class and Collective Action Complaint are unlawful under NYLL, Article 19, § 650, *et seq.*, and the

supporting New York State Department of Labor Regulations;

H. An award of damages, according to proof, including liquidated damages, to be paid by Defendant, as authorized by the NYLL;

I. Pre-judgment interest and post-judgment interest;

J. Issuance of an injunction requiring Defendant to pay all statutorily required wages pursuant to the N.Y. Labor Law and an order enjoining Defendant from continuing its unlawful policies and practices as described herein with respect to the Class and Collective;

K. Punitive damages;

L. Penalties, as provided by law;

M. Reasonable attorneys' fees and costs of the action; and

N. Such other relief as this Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Diaz requests trial by jury in this action of all issues so triable.


Dated: Armonk, New York
       June 2, 2018

By:   s/ Steven L. Wittels
Steven L. Wittels (SW-8110)
J. Burkett McInturff (JM-4564)
Tiasha Palikovic (TP-5697)
WITTELS LAW, P.C.
18 HALF MILE ROAD
ARMONK, NEW YORK 10504
Telephone: (914) 319-9945
Facsimile: (914) 273-2563
slw@wittelslaw.com
jbm@wittelslaw.com
tpalikovic@wittelslaw.com

*Counsel for Plaintiff and the Class*

- 14 -