Case 1:18-cv-04910-ALC-GWG Document 36 Filed 08/28/18 Page 1 of 6

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/28/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

EDGARDO DIAZ, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

-against-

NEW YORK PAVING INC.,

Defendant.

---------------------------------------------------------------------- x

**~~PROPOSED~~ SCHEDULING ORDER AND CASE MANAGEMENT PLAN**

18-CV-04910(ALC)(GWG)

Upon Consent of the parties, it is hereby ORDERED as follows:

1. Appearances:

| For Plaintiff: | For Defendant: |
|---|---|
| Wittels Law, P.C.<br>Steven L. Wittels, Esq.<br>18 Half Mile Road<br>Armonk, NY 10504 | Meltzer, Lippe, Goldstein & Breitstone, LLP<br>Christopher P. Hampton, Esq.<br>190 Willis Avenue<br>Mineola, NY 11501 |

2. Concise Statement of the Issues as they then appear:

a. Whether the Court should grant Plaintiff's pending motion for conditional collective action certification pursuant to 29 U.S.C. § 216(b), and direct Notice to the proposed collective of Defendant's pavers.

b. Whether Defendant's Labor Practices as they pertain to named Plaintiff and the Collective and/or Class violated the Fair Labor Standards Act ("FLSA") and/or New York Labor Law ("NYLL"), including whether the time/activities for which Plaintiff seeks damages constitute compensable time as a matter of law.

c. Whether Plaintiff may maintain a collective action pursuant to 29 U.S.C. § 216(b), and/or a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of all other proposed plaintiffs who allegedly suffered from the same and/or similar violations of the FLSA and/or NYLL, which in Defendant's view will require the Court to determine whether adjudication of Defendant's alleged violations of the FLSA/NYLL as against potential plaintiffs can be determined on a collective/class basis or require individualized inquiries as to each alleged violation for each individual potential plaintiff.

Case 1:18-cv-04910-ALC-GWG Document 36 Filed 08/28/18 Page 2 of 6

d. Whether in Defendant's view the Court should determine whether Plaintiff's FLSA/NYLL claims as they relate to alleged failure to pay overtime are preempted by the Labor Management Relations Act and/or the National Labor Relations Act as requiring interpretation of relevant collective bargaining agreement(s) applicable to named Plaintiff and/or potential plaintiffs herein.

3. Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) shall be exchanged on or before September 11, 2018.

4. Initial Document Requests and initial interrogatories shall be served on or before October 12, 2018.

5. No additional parties may be joined after January 18, 2019.

6. No amendment of the pleadings will be permitted after January 18, 2019.

7. ~~The parties shall make required Rule 26(a)(2) disclosures with respect to:~~

   ~~(a) **Plaintiff's Position:** Expert witnesses on or before: No later than 30 days prior to the close of fact discovery as provided for in Section 8 of this Case Management Plan.~~

   ~~**Defendant's Position:** Expert witnesses on or before: After the Court's ruling on Plaintiff(s)' motion for class certification or Defendant's motion to strike same, or if no motion(s) is (are) to be filed, no later than 30 days after the Pre-Motion conference provided for in Section (8)(c) of this Case Management Plan.~~

   (b) Rebuttal expert witnesses on or before: No later than 21 days after the provision of expert witnesses as provided for in Section 7(a) of this Case Management Plan.

8. Discovery: The parties have agreed that discovery in this case will be concluded by May 31, 2019. The ~~parties propose the following schedule in this regard:~~

   ~~(a) Parties shall exchange initial interrogatory and document requests on or before October 12, 2018;~~

   ~~(b) Parties to serve responses to interrogatory and document requests on or before November 12, 2018;~~

   ~~(c) Phasing of Discovery:~~

      ~~i. **Plaintiff's Position:** Plaintiff does not believe phasing of discovery is necessary or appropriate in this matter.~~

      ~~ii. **Defendant's Position:** Defendants assert that proceeding through discovery via tiered/phased discovery plan would promote judicial efficiency. The first phase ("Phase 1") shall be limited to matters relevant to collective certification pursuant to 29 U.S.C. § 216(b) and/or class~~

Case 1:18-cv-04910-ALC-GWG Document 36 Filed 08/28/18 Page 3 of 6

certification pursuant to Fed. R. Civ. P. 23. The second phase will be directed to any remaining fact discovery on the merits of the claims. In this regard:

1. Parties shall conduct Phase I depositions, if any, on or before February 1, 2019;

2. A Request for a Pre-Motion Conference in accord with the Motion and Individual Practice Rules of Magistrate Judge Gorenstein regarding Plaintiff(s)' motion for class or collective certification, or Defendant's motion to strike collective and/or class allegations, shall be filed on or before March 22, 2018;

3. If necessary, the Parties shall establish a briefing schedule in accord with the Motion and Individual Practice Rules of Magistrate Judge Gorenstein to be submitted for approval on or before the date upon which a Pre-Motion Conference pursuant to 8(e) of this Case Management Plan is held, or if no such Pre-Motion Conference is held, within 7 days of any order concerning the Request for Pre-Motion Conference is filed.

4. All remaining fact discovery to be completed 180 days after the Court's ruling on Plaintiff(s)' motion for class certification or Defendant's motion to strike same, or if no motion(s) is (are) to be filed, 180 days after the Pre-Motion conference provided for in Section (8)(c) of this Case Management Plan.

9. All expert discovery, including the deposition of Plaintiff's and Defendant's experts shall be completed no later than 30 days after the deadline for completion of fact discovery as noted in Section 8 of this Case Management Plan.

10. **Plaintiff's Position:** Plaintiff's motion for class action certification shall be filed no later than 30 days after the deadline for completion of fact discovery as noted in Section 8 of this Case Management Plan.

**Defendant's Position:** Plaintiff's motion for class action certification shall be filed in accord with the directives of Section (8)(c)(ii) of this Case Management Plan.

11. Pre-motion letters regarding proposed dispositive motions must be submitted pursuant to the Individual Practices of Andrew L. Carter, Jr. within 7 days following the close of all discovery and responses are due 3 business days later.

12. Discovery shall proceed pursuant to a Confidentiality Stipulation and Protective Order which shall apply to disclosures properly designated confidential, and which shall be filed with the Court prior to service of responses to interrogatory and document requests as noted in Section 8(b) of this Case Management Plan.

13. The parties do not consent to trial before a magistrate judge pursuant to 28 U.S.C.

§636(c).

**14.** The parties disagree on the extent of Defendant's obligation to disclose the types and locations of potentially relevant electronically-stored information (ESI) in Defendant's possession prior to the parties' exchange of formal discovery.

**Plaintiff's Position:** On August 8, 2018, Plaintiff proposed and circulated a draft agreement regarding the preservation, formatting, keyword-searching and exchange of ESI ("ESI Protocol"), and asked that the parties engage in a robust discussion of the sources of potentially relevant ESI at this early stage of the litigation. During the parties' 26(f) conference held on August 23, 2018, Defendant's counsel limited the discussion surrounding exchange of ESI to merely advising Plaintiff's counsel that NY Paving is not likely to be in possession of any relevant ESI. However, Defendant's counsel also disclosed during the 26(f) conference that the Company regularly communicates with its employees via text message, maintains electronic copies of documents that are distributed to employees, and also maintains electronic copies of documents and communications shared between various Company departments. Defendant may also be in possession of drafts of these documents which likely contain metadata revealing their creation dates, modification dates, authors, locations, and other features that are potentially relevant to Plaintiff's allegation that Defendant acted willfully in underpaying its employees. Plaintiff therefore reiterates his position that the parties should engage in a robust discussion concerning the potential and likely sources of ESI (including specific locations such data may be stored and custodians likely to possess it) and negotiate an agreed ESI Protocol which will govern the exchange of ESI throughout this litigation. *See, e.g.*, *William A. Gross Const. Assocs., Inc. v. Am. Mfrs. Mut. Ins. Co.*, 256 F.R.D. 134, 136 (S.D.N.Y. 2009) ("Electronic discovery requires cooperation between opposing counsel and transparency in all aspects of preservation and production of ESI.").

**Defendant's Position**: The ESI Protocol submitted by Plaintiff in this matter constituted a boilerplate protocol which failed to account for the relevant circumstances in connection with the instant matter. In this regard, the ESI Protocol sought to require Defendant to produce an organizational chart containing any information about Defendant's "energy rates, marketing, compliance, and customer service, including all such revisions to the aforementioned documents," which is obviously inapplicable to the wage-and-hour matter at hand. Further, since this matter constitutes a straight-forward wage-and-hour matter, the likelihood of needing "metadata" to parse information relevant to prosecution of such a wage-and-hour matter (*i.e.* payroll records, personnel files and company compensation policies) is minimal. Indeed, Plaintiff's own submissions in this matter directly belie the existence of any relevant ESI. See, e.g., Diaz Aff. ¶ 5 (ECF No. 34-1) (alleging Plaintiff was told in person of certain work requirements); Wolfe Aff. ¶ 4-5 (ECF No. 34-2) (same); Holder Aff. ¶ 7, 8 (ECF No. 34-3) (same); see also, e.g. Diaz Aff. ¶ 13 (alleging Defendant failed to keep proper records concerning time for which plaintiff purportedly should have been compensated); Wolfe Aff. ¶ 13 (same); Holder Aff. ¶ 15 (same). Finally, Plaintiff misrepresents Defendant's position as to ESI. In actuality, Defendant noted the vast majority of communications which occur as between Defendant and its employees occurs in person, either verbally or through transmission of hard copy documents, with minimal (if any) communications occurring in other formats,

Case 1:18-cv-04910-ALC-GWG Document 35 Filed 08/28/18 Page 5 of 6

such as by phone. Defendant also noted as part of its substantive discussion regarding ESI that Defendant does not maintain any intranet, website, or professional email addresses. Thus, Defendant asserts all "ESI" materials can be distributed via standard discovery protocols which are, and have continuously been in effect. This includes "copies of documents and communications shared between various Company departments," as well as "drafts of these documents." The necessary "metadata" cited by Plaintiff (*i.e.* creation dates, modification dates, authors, locations) can be determined without need to resort to the boilerplate, burdensome and inapplicable ESI protocol propounded by Plaintiff. Indeed, given that Plaintiff's only reason for seeking such ESI is that it <u>may</u> be "potentially relevant to Plaintiff's allegation that Defendant acted willfully in underpaying its employees," an ESI protocol which requires the hiring of an outside ESI Coordinator, the pre-discovery creation and discussion of "datamaps," and the hiring of an outside ESI vendor to review productions creates an undue burden on Defendant. As a final matter, Defendant asserts it has engaged in the necessary "robust" conversation concerning ESI required, as detailed above and explicitly discussed with Plaintiff during their meet-and-confer conference. In this regard, and as Defendant discussed with Plaintiff during their-meet-and-confer, to the extent future discovery in this matter reveals that necessary ESI cannot be accounted for using the standard discovery protocols and procedures found within the Federal Rules of Civil Procedure and the Local Rules of the Southern and Eastern Districts of New York, Defendant would be willing to entertain a more limited ESI Protocol which actually accounts for the proportionality of engaging in ESI discovery as limited to the actual (and otherwise non-obtainable) ESI materials which are relevant to this case.

15. The parties anticipate trial length to be 8 days, subject to adjustment after discovery closes. Plaintiff has demanded trial by jury.

16. The parties believe mediation, if any, would be most helpful following the court's ruling on conditional collective action certification pursuant to 29 U.S.C. § 216(b) and/or class certification pursuant to Fed. R. Civ. P. 23. The parties have yet to determine whether they will engage a private mediator.

All discovery (including requests for admission and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery. Any application for an extension of the time limitations herein must be made as soon as the cause for the extension becomes known to the party making the application and in accordance with this Court's Individual Practices. Any application no in compliance with this paragraph will be denied. To the extent a party expects to produce electronically stored information, the parties shall promptly discuss the protocols for the search and review of such material.

**Dated: New York, New York**

August 28, 2018

**GABRIEL W. GORENSTEIN**
**UNITED STATES MAGISTRATE JUDGE**

CONSENTED TO:
Dated: August 27, 2018

Steven L. Wittels by DD

Steven L. Wittels, Esq.
Wittels Law P.C.

Attorneys for Plaintiff

18 Half Mile Road
Armonk, New York 10504
Tel. (646) 266-2630
Fax. (914) 273-2563
slw@wittelslaw.com

Christopher P. Hampton, Esq.,
Meltzer, Lippe, Goldstein & Breitstone, LLP

Attorneys for Defendant

190 Willis Avenue
Mineola, NY 11501
Tel. (516) 747-0300
Fax. (516) 237-2893
champton@meltzerlippe.com