UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDGARDO DIAZ, Individually and on Behalf of All Others Similarly Situated,<br><br>                                     Plaintiff,<br><br>                v.<br><br>NEW YORK PAVING, INC.<br><br>                                     Defendant. | Case No. 18 Civ. 4910 (ALC) (GWG)<br><br>STIPULATION AND ORDER FOR CONDUCTING<br>REMOTE DEPOSITIONS DURING THE COVID PANDEMIC |

      IT IS HEREBY STIPULATED AND AGREED that pursuant to Federal Rule of Civil Procedure 30(b)(4) Plaintiff and Defendant will conduct all depositions noticed in this matter according to the following protocol until such time when the parties mutually agree that in-person depositions can safely resume:

      WHEREAS, the United States government and New York government have attempted to slow the spread of the COVID-19 pandemic by issuing states of emergency and severe restrictions on travel and gatherings, and urged stay-at-home or shelter-in-place policies; and

      WHEREAS, Rule 30(b)(4) states "[t]he parties may stipulate . . . that a deposition be taken by telephone or other remote means."

      NOW, THEREFORE, the Parties hereby stipulate and agree to the following procedures for conducting depositions remotely in the above-captioned matter:

      1.     All depositions in this matter shall be conducted remotely using videoconference technology, consistent with Rule 30(b)(4), and each deponent shall be video recorded consistent with Rule 30(b)(3).

2.     The Parties agree to work in a collaborative and cooperative manner in attempting to schedule remote depositions taking into account that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the . . . parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

3.     The Parties agree to use videoconferencing deposition software that allows for each of the following: (i) electronic introduction and viewing of exhibits; (ii) realtime streaming; and (iii) audiovisual recording of all participants. The Parties agree that each person attending the deposition shall at all times be visible to all deposition participants while the deposition is conducted on the record, each attendee's statements shall be audible to all participants, and each attendee should strive to ensure that their environment is free from noise and distractions. If the videoconferencing deposition software includes a breakout room feature, which simulates a live breakout room through videoconference, the Parties agree that conversations in the breakout rooms shall be private and shall not be recorded.

4.     The deponent, court reporter, counsel for the Parties, and any other individual entitled to view the deposition as it is occurring will each participate in the videoconference deposition remotely and separately. No person may view or listen to the deposition as it is occurring without stating an appearance for the record. The Parties agree that no person shall be permitted to be physically present in the same room with any participant in a deposition, unless otherwise agreed-to by the Parties in advance of said deposition.

5.     Every deponent shall endeavor to have technology sufficient to appear for a videotaped deposition (e.g., a webcam and computer or telephone audio) and internet bandwidth sufficient to sustain the remote deposition. Counsel for each deponent shall consult with the deponent prior to the deposition and will be responsible for ensuring the deponent has the

required technology, including, if necessary, supplying the required technology to the deponent prior to the deposition. In the case of third-party witnesses, counsel noticing the deposition shall supply any necessary technology that the deponent does not have.

6. The Parties further agree that depositions shall be recorded by stenographic means consistent with the requirements of Rule 30(b)(3), but that the court reporter will not be physically present with the deponent.

7. The court reporter will administer the oath remotely and the Parties agree not to challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the state where the deponent resides.

8. The Parties agree to treat the stenographer as an "Officer" as defined by Rules 28(a)(2) and 29(a) and shall be permitted to administer the oath and record the deposition in accordance with state law. The Parties further agree that, consistent with Rule 28(c), the designated "Officer" shall not be "any party's relative, employee, or attorney, related to or employed by any party's attorney, or financially interested in the action."

9. The Party that noticed the deposition shall provide the court reporter with a copy of this Stipulation in advance of the deposition.

10. The Party that noticed the deposition shall be responsible for procuring a written transcript and video record of the remote deposition. The Parties shall bear their own costs in obtaining a transcript and/or video record of the deposition.

11. Consistent with Local Rule 30.4, no counsel shall initiate a private conference with any deponent while a question is pending, except for the purpose of determining whether a privilege should be asserted. The Parties agree that there shall be no *ex parte* communication of any kind, including through text message, electronic mail, or the chat feature in the

videoconferencing system while the witness is on the record.  However, *ex parte* communications are allowed at any other time, including during "breaks," provided such communications are consistent with the rules and obligations applicable to depositions.  The deponent shall affirm at the start of the deposition that they understand and agree to these restrictions.

12.     The Parties agree to work collaboratively and cooperatively and in good faith with the court reporter to assess the deponent's technological abilities and to attempt to troubleshoot issues in advance of the deposition so any adjustments can be made.  The Parties also agree to work collaboratively and cooperatively to address and troubleshoot technological issues that may arise during the deposition.  This provision shall not be interpreted to compel any party to proceed with a deposition where the witness cannot hear or understand the other participants or where the other participants cannot hear or understand the witness.  To the extent technological or other issues cause any deposition to extend beyond seven hours, the parties agree to work in good faith to allow additional time as warranted under the circumstances.  To the extent video or audio features present insurmountable obstacles for proceeding with a deposition, the Parties may reschedule the deposition for a convenient date and time for the Parties and the deponent.

13.     The Parties agree that this Stipulation applies to remote depositions of non-parties subpoenaed under Rule 45 and they shall work in a collaborative and cooperative manner in attempting to schedule remote depositions of non-parties.  The Parties agree to provide this Stipulation along with any subpoena issued to a non-party under Rule 45 in advance of the deposition.

14.     The Parties agree that remote depositions may be used at a trial or hearing to the same extent that an in-person deposition may be used at trial or hearing, and the Parties agree not

to object to the use of these video recordings on the basis that the deposition was taken remotely. The Parties reserve all other objections to the use of any deposition testimony at trial.

15. The Parties agree to revisit the terms of this Stipulation if it becomes necessary and/or desirable to do so.

16. The Parties agree that if any provision of this Stipulation is found to be invalid or impermissible under the laws of a particular state or territory, the applicable laws of the state where the witness is located, or with the applicable rules of the Court, all other terms in the Stipulation shall remain in full force and effect.

Dated: July 24, 2020
Wittels McInturff Palikovic

By: /s/ Steven L. Wittels
    Steven L. Wittels, Esq.
    *Attorney for Plaintiff*
    18 Half Mile Road
    Armonk, NY 10504
    Telephone: (914) 775-8862
    slw@witttelslaw.com

Dated: July 23, 2020
Meltzer, Lippe, Goldstein & Breitstone, LLP

By: /s/ Christopher Hampton, Esq.
    Christopher Hampton, Esq.
    *Attorney for Defendant*
    190 Willis Ave.
    Mineola, NY 11501
    Telephone: (516) 747-0300
    champton@meltzerlippe.com

Dated: June 25, 2020

SO ORDERED:

_____
Hon. Gabriel W. Gorenstein
UNITED STATES MAGISTRATE JUDGE