UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EDGARDO DIAZ,                                          :

                                                :       ORDER

            Plaintiff,

                                                :      18 Civ. 4910 (ALC) (GWG)

  -v.-

                                                :

NEW YORK PAVING INC.,

                                                :

            Defendant.                                :
------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

      The Court is in receipt of plaintiffs' letters (Docket ## 140, 141) requesting that this Court order a continuation of the Rule 30(b)(6) deposition previously allowed in this case, with Robert Coletti designated as defendant New York Paving's ("NY Paving") representative. NY Paving has filed papers in opposition (Docket # 148) ("Opp."), and plaintiff has replied (Docket # 154).

      Federal Rule of Civil Procedure 30(b)(6) permits a party to depose a representative of a corporation regarding matters about which the corporation possesses or can reasonably access information. See Fed. R. Civ. P. 30(b)(6). Under the rule, the person or persons designated "must testify about information [that is] known or reasonably available" to the corporation. Id. Thus, at the deposition, the corporate deponent "must produce someone familiar with" the noticed subjects. Reilly v. Natwest Mkts. Grp., Inc., 181 F.3d 253, 268 (2d Cir.1999), cert. denied, 528 U.S. 1119 (2000) (citations omitted). The corporation is obligated to make a good faith effort to prepare the representative witness to be able to "answer fully, completely, [and] unevasively the questions posed . . . as to the relevant subject matters." S.E.C. v. Morelli, 143 F.R.D. 42, 45 (S.D.N.Y.1992) (internal quotations omitted; ellipsis in original) (citing cases); see also Reilly, 181 F.3d at 268 ("[T]he corporate deponent has an affirmative duty to make available such number of persons as will be able to give complete, knowledgeable and binding answers on its behalf.") (citations and internal quotations omitted).

      While it took some time to get through defendant's unnecessarily prolix letter, the Court is convinced that NY Paving's designee, Peter Micelli, was not properly prepared on the following topics:

- Steps taken, if any, to ensure that defendant's employees preserved ESI.

- Efforts made to instruct foremen/laborers/other employees to preserve text messages.

- The video surveillance system and the production of data from that system.

- The nature of defendant's search for documents and whether that search produced any documents that were found to be subject to a claim of privilege.[1]

The Court finds that the lack of preparation requires that plaintiff be given a chance to depose a properly-educated Rule 30(b)(6) witness as to these issues.  See Soroof Trading Dev. Co. v. GE Fuel Cell Sys., LLC, 2013 WL 1286078, at *5 (S.D.N.Y. Mar. 28, 2011) (ordering defendants to produce a new 30(b)(6) witness or to properly prepare the prior witness); Sony Elecs., Inc v. Soundview Techs., Inc., 217 F.R.D. 104, 112 (D. Conn. 2002) (ordering new 30(b)(6) witness in light of deficient answers).  The Court rejects NY Paving's argument that such a deposition would be disproportionate to the "needs of the litigation" (Opp. at 11) inasmuch as the Court had already decided that such a deposition was proportionate and Miceli's lack of preparation frustrated that decision.  See Transcript of August 7, 2020 Proceedings, entered Aug. 14, 2020, at 7:19-20 (Docket # 115).  The Court also rejects NY Paving's argument that the deposition should be limited to only one hour in length given that much time was wasted by Miceli's inadequate preparation.  Instead, the new deposition will be limited to 3 hours in length.

The Court will not order a specific individual to serve as the Rule 30(b)(6) witness.  Instead, plaintiffs are free to seek the deposition of Coletti under Rule 30(b)(1).  The defendant's request for a protective order is denied given that Coletti has submitted declarations to the Court on factual matters relating to the above topics, along with Micelli's testimony that Coletti was the person most knowledgeable as to relevant topics and that Coletti served non-legal roles within the company. See Primetime 24 Joint Venture v. Echostar Commc'ns Corp., 2000 WL 97680, at *2 n.2 (S.D.N.Y. Jan. 28, 2000) ("[T]o the extent that [an in-house attorney] is knowledgeable about the business operations of the defendant, he is required to testify about those operations irrespective of the fact that he also serves as legal advisor for the corporation."); accord AIU Ins. Co. v. TIG Ins. Co., 2008 WL 4067437, at *6 (S.D.N.Y. Aug. 28, 2008) ("[W]here in-house counsel also serves as a business advisor within the corporation, only those communications related to legal, as contrasted with business, advice are protected.") (citations and internal quotation marks omitted).  If his deposition is noticed, and in the seemingly unlikely event that responses to questions to Coletti call for privileged material, he will be free to assert the privilege in response to specific questions.[2]

Finally, even though it is not ordering defendant to designate Coletti as the Rule 30(b)(6) witness, it is plain that there may be some efficiency in having Coletti serve as that witness.  If

---

[1]  The Court assumes that the defendant would have produced a privilege log if any such documents had been found.  But that should not prevent plaintiff from asking whether a proper search was conducted.

[2]  Also, if Coletti's deposition is noticed, it is recommended that the parties submit a proposed stipulation and order under Fed. R. Evid. 502(d) so that Coletti does not need to be concerned that any disclosure of information that may be deemed to be privileged would result in a waiver.

defendant agrees to do so, there will presumably be no need to have an additional deposition of Coletti under Rule 30(b)(1).

    SO ORDERED.

Dated:  November 9, 2020
         New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge