UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
EDGARDO DIAZ,                                                   :

                                                                :        ORDER
                         Plaintiff,

                                                                :        18 Civ. 4910 (ALC) (GWG)
        -v.-

                                                                :
NEW YORK PAVING INC.,
                                                                :

                         Defendant.                             :
----------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

       With regard to Docket # 163 and 166, the Court finds the GPS data to be relevant. The defendant's shifting claims of burden are disturbing (compare Docket # 132 at 15 with Docket # 166 at 2-3). In any event, even the assertions as to burden now are not enough to cut off the request for discovery entirely.

       As an interim measure, the Court directs the defendant to devote at least 20 hours to producing GPS records as a start (not including the hours already spent). These 20 hours are exclusively for the actual steps taken entering keystrokes at a computer to generate the reports, not for any attorney time or time discussing the project. Any period of time to actually generate reports that lasts more than 5 minutes shall not be counted as the person may engage in other activities while waiting for the report to be generated.

       In light of this Order, perhaps the defendant will find it easier to simply produce all the data. But if not, the plaintiffs shall give direction to defendant as to which data reports they want to have run (that is, for which dates, trucks, times, etc.). Defendant shall be fully forthcoming in providing information as to how long each type of report is expected to take or has taken once it is run. The person or persons running reports are directed to keep detailed time logs as to each project and to provide them to plaintiffs on a rolling basis as requested.

       If not all GPS reports sought by plaintiffs are generated as a result of this process, plaintiffs have leave to make an application to seek additional data at the end of the 20-hour period. Obviously, any new application may come only after a telephonic discussion with defendant in an effort to reach a resolution. If a new application is made, the Court will again evaluate the request in light of the burden it is expected to impose on defendant.

       The Court expects this process to take no more than two weeks, though allowance may be made for holidays. The parties are expected to discuss timing in more detail among themselves. The Court is hopeful that it will not have to be further involved.

SO ORDERED.

Dated: December 23, 2020
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

2