UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
EDGARDO DIAZ,                                              :

                                                            :        ORDER
                    Plaintiff,

                                                            :        18 Civ. 4910 (ALC) (GWG)
   -v.-

                                                            :
NEW YORK PAVING INC.,
                                                             :

                Defendant.              :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

      Before the Court is defendant New York Paving Inc's ("NY Paving") request to compel the deposition of two opt-in plaintiffs, Jonathan Oliver and Vito Smith. See Letter from Nicholas Melito, filed February 9, 2021 (Docket # 170). Plaintiffs have opposed both requests. See Letter from Steven Wittels, filed February 11, 2021 (Docket # 175) ("Wittels Letter"). We first address the request to compel Smith's testimony.

      This is not the first time NY Paving has asked this Court to compel Smith's testimony. See Letter from Christopher Hampton, filed November 20, 2020 (Docket # 159). When this issue was last before the Court, plaintiffs represented that they did "not object — and have never objected — to Defendant's request to depose Mr. Smith," but believed that requiring his deposition would be a waste of time in light of his lack of communication with plaintiffs' counsel. Letter from Tiasha Palikovic, filed November 24, 2020, at 1 (Docket # 160). Now, plaintiffs do object to the request to depose Smith, arguing that "it is improper for Defendant to seek *two* additional depositions." Wittels Letter at 2 (emphasis original). Plaintiffs argue that by asking to depose both Smith and Oliver, NY Paving is seeking "to covertly go back on its word and widen the scope of discovery." Id. at 3. Plaintiffs point out that, at a prior conference, NY Paving had represented that it anticipated "taking between seven and eight" depositions in total. Id. (quoting Dec. 16, 2020 Conf. Tr. 38:17-18 (Docket # 164)).

      It appears that, even if both depositions take place, NY Paving will have taken at most nine depositions and thus will still be below the presumptive limit of ten depositions set forth in Fed. R. Civ. P. 30(a)(2). That defendant's prior prediction as to the number of depositions did not prove to be accurate is not a sufficient reason to alter the limit in in Fed. R. Civ. P. 30(a)(2). Accordingly, defendant's motion to compel Vito Smith's deposition is granted.

      As to Jonathan Oliver, NY Paving is directed to file a letter by February 22, 2021, in reply to Docket # 175 and to respond to plaintiffs' allegations of retaliation.

1


2

SO ORDERED.

Dated: February 17, 2021
      New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge