UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
EDGARDO DIAZ,                                          :

                                        :        <u>ORDER</u>
                Plaintiff,

                                        :        18 Civ. 4910 (ALC) (GWG)
   -v.-

                                        :
NEW YORK PAVING INC.,
                                        :

                Defendant.         :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

      Before the Court is defendant New York Paving Inc.'s motion to compel the deposition of opt-in plaintiff, Jonathan Oliver. <u>See</u> Letter from Nicholas Melito, filed February 9, 2021 (Docket # 170). Plaintiffs have opposed this request, alleging that Oliver has been retaliated against by NY Paving, fears further retaliation, and should not be compelled to sit for a deposition given those fears. <u>See</u> Letter from Steven Wittels, filed February 11, 2021 (Docket # 175). NY Paving contests these allegations and argues that Oliver should be deposed. <u>See</u> Letter from Nicholas Melito, filed February 23, 2021 (Docket # 182).

      At a conference held by this Court on December 16, 2020, the Court discussed the defendant's request to depose Oliver. <u>See</u> Transcript of Dec. 16, 2020 Conference, filed December 21, 2020 (Docket # 164), at 29-30 ("I don't think I have a . . . basis for keeping Oliver out of my <u>sua sponte</u> decision to allow some non-sample plaintiffs to be deposed."). The Court noted that, in light of prior events in this case, it was "not going to be a very high bar for a plaintiff to say to me that they feel discomfort about being deposed[.]" <u>Id.</u> at 31. Nonetheless, in discussing what would reach that bar, the Court stated that "whatever [a plaintiff's] fear is I think should be expressed in a way that we can all have confidence that they're standing behind their statement." <u>Id.</u> at 36.

      The defendant provides some good reasons to believe that Oliver should not (that is, from an objective viewpoint) fear retaliation. (Docket # 182). But the bigger problem for Oliver here is that the Court is not confident that that Oliver is "standing behind" any previous statement he has made that he fears retaliation from being deposed. <u>See</u> Declaration of Russell Busch, filed February 11, 2021, ¶ 7 (Docket # 175-1). This is because counsel reports that Oliver has ceased returning calls from his attorneys. <u>Id.</u> ¶ 8. Without some evidence that Oliver still wishes this argument to be presented to the Court, the Court cannot conclude that the deposition should be quashed because of any previously-articulated concern about retaliation. In other words, the evidence submitted by plaintiffs is too sparse to meet their burden of showing good cause under Fed. R. Civ. P. 26(c).

1

2

Accordingly, NY Paving's motion to compel Oliver's deposition (Docket # 170) is granted.  Oliver must appear for a deposition within 30 days of this Order.  If he fails to appear without having shown good cause, he will likely be dismissed as a party.

    SO ORDERED.

Dated: February 24, 2021
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge