# EXHIBIT K

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

EDGARDO DIAZ,
Individually and on Behalf of All Other
Persons Similarly Situated,

Case No.
18-CV-4910 (ALC) (GWG)

Plaintiff,

-against-

**DEFENDANT'S RESPONSES
AND OBJECTIONS TO
PLAINTIFF'S FIRST
REQUEST FOR THE
PRODUCTION OF
DOCUMENTS**

NEW YORK PAVING INC.

Defendant.
------------------------------------------------------------------------X

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the Local Rules

of the United States District Courts for the Southern and Eastern Districts of New York ("local

rules"), Defendant New York Paving, Inc. ("NY Paving"), by its attorneys, Meltzer, Lippe,

Goldstein & Breitstone, LLP hereby respond to Plaintiff Edgardo Diaz's ("Plaintiff") First

Request for the Production of Documents (a "Request") as follows:

## GENERAL STATEMENT

1.      By responding to any Request, Defendant does not concede the materiality of the

subject to which it refers.  Defendant's responses are made expressly subject to, and without

waiving or intending to waive, any questions, or objections as to the competency, relevancy,

materiality, privilege, or admissibility as evidence or for any other purpose, of any of the

documents or information produced, or of the subject matter thereof, in any proceeding

including, but not limited to, the trial of this action or any subsequent proceeding.

2.     Defendant objects to Plaintiff's Requests to the extent they demand documents and/or information which are protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.

3.     Defendant objects to Plaintiff's Requests to the extent they impose obligations upon Defendant beyond which is required under the Federal Rules of Civil Procedure, applicable local rules and/or Orders and the rules of this Court.

4.     Defendant objects to these Requests to the extent they demand documents and/or information outside of the relevant time period of Plaintiff's alleged causes of action.

5.     The inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of Defendant's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

6.     Defendant objects to any Request for information or production from entities not represented by counsel for Defendant.

7.     Defendant object to these Requests to the extent they seek the home address and telephone numbers of individuals, other than the named Plaintiff, identified by Defendant in response to any Document Request.

8.     In the event a Request seeks production of documents which are privileged, Defendant will provide, under separate cover and as required, a privilege log.

9.     Defendant objects to any Request which fails to present a clear and unambiguous request for documents or information.   Defendant continues this objection regardless of and

notwithstanding Defendant's attempt to construe the Request consistent with the allegations, subject matter and circumstances of the instant matter. Defendant reserves the right to demand Plaintiff revise such vague and ambiguous Requests pursuant to the Federal Rules of Civil Procedure, applicable local rules and the rules of this Court.

10.    Defendant continues to search for information responsive to Plaintiff's Requests and therefore reserves the right to supplement its response to each Request with additional documents and/or information, if and when such information becomes available to Defendant's counsel. Defendant also reserves the right to object to the future disclosure of any such documents and/or information and to revise any objections asserted or add any objection not asserted herein.

11.    Defendant objects to any Request which assumes the Defendant employed or jointly-employed the Plaintiff, or any other individual, unless such employment or joint-employment is admitted explicitly herein by Defendant.

12.    The term "Defendant" shall be construed to include New York Paving, Inc. Use of the term "Defendants" does not act as an admission or acknowledgement of any employer or joint-employer relationship by any Defendant and is used merely to identify the parties and for the convenience of the reader.

*     *

## RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 1:

All paystubs, wage statements, wage notices, and/or related documents provided or made available to Plaintiff and each Class Member.

### OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 1:

Defendant objects to Document Request No. 1 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1), is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is vague and ambiguous in its reference to "paystubs" and "related documents," seeks confidential information pertaining to non-parties, assumes facts not admitted, is improper as this matter has not been certified as a class action pursuant to Fed. R. Civ. P. Rule 23, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Document Request as seeking information relating to the number of hours worked, and/or pay received for said hours worked, for Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present, and limiting the information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

**REQUEST NO. 2:**

All documents and communications relating to Defendant's payment of wages to Plaintiff or each Class Member, including without limitation copies of all documents or communications sent to or received by Plaintiff and each Class Member.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 2:**

Defendant objects to Document Request No. 2 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is unduly burdensome, is vague and ambiguous in its reference to "all documents and communications relating to Defendant's payment of wages," seeks confidential information pertaining to non-parties, assumes facts not admitted, is improper as this matter has not been certified as a class action pursuant to Fed. R. Civ. P. Rule 23, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information relating to the number of hours worked, and/or pay received for said hours worked, for Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present, and limiting the information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

## REQUEST NO. 3:

All documents providing, reflecting or setting forth payroll data for Plaintiff and each Class Member.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 3:

Defendant objects to Document Request No. 3 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is unduly burdensome, is vague and ambiguous in its reference to "providing, reflecting or setting forth" and "payroll data," seeks confidential information pertaining to non-parties, assumes facts not admitted, is improper as this matter has not been certified as a class action pursuant to Fed. R. Civ. P. Rule 23, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information relating to the number of hours worked, and/or pay received for said hours worked, for Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present, and limiting the information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

**REQUEST NO. 4:**

All documents regarding Plaintiff and any Class Member's employment with you, including, but not limited to, personnel file(s), payroll file(s), timesheets or time records, and overtime request or approval forms.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 4:**

Defendant objects to Document Request No. 4 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is unduly burdensome, is vague and ambiguous in its reference to "regarding . . . employment with you" seeks confidential information pertaining to non-parties, assumes facts not admitted, is improper as this matter has not been certified as a class action pursuant to Fed. R. Civ. P. Rule 23, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information relating to the number of hours worked, and/or pay received for said hours worked, for Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present, and limiting the information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

**REQUEST NO. 5:**

Documents that reflect amounts paid by you to Plaintiff and all Class Members, whether as salaries, wages, bonuses, non-monetary benefits, or otherwise.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 5:**

Defendant objects to Document Request No. 5 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, is overbroad as to scope and time as the Request is not limited to a specific time period, seeks information not relevant to the amount of direct monetary compensation ostensibly received by Plaintiff and/or any "opt-in" Plaintiff in this matter, and/or seeks information outside the relevant statute of limitations period, is unduly burdensome, is vague and ambiguous in its reference to "reflect amounts paid by you," seeks confidential information pertaining to non-parties, assumes facts not admitted, is improper as this matter has not been certified as a class action pursuant to Fed. R. Civ. P. Rule 23, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information relating to the number of hours worked, and/or pay received for said hours worked, for Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present, and limiting the information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

**REQUEST NO. 6:**

All texts, emails, memos, correspondence or other documents to or from NY Paving and any of its Managers, supervisors or employees informing pavers when to report to the Yard for work.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 6:**

Defendant objects to Document Request No. 6 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, is overbroad as to scope and time as the Request is not limited to a specific time period, seeks information outside the relevant statute of limitations period, is unduly burdensome, is vague and ambiguous in its reference to "informing pavers" and "when to report to the Yard," assumes facts not admitted, seeks information more appropriately determined through a deposition, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information relating to the times at which Defendant purportedly required Plaintiff and/or any individual who has "opted-in" to be available to perform "compensable work" as defined by relevant statutes and laws applicable herein during the time period of June 3, 2012 through the present, and limiting the information as it was provided to, relayed to, and/or pertaining to, Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

**REQUEST NO. 7:**

All texts, emails, memos, correspondence or other documents describing or relating to work shifts and the time pavers are expected to report to the Yard.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 7:**

Defendant objects to Document Request No. 7 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, is overbroad as to scope and time as the Request is not limited to a specific time period, seeks information outside the relevant statute of limitations period, is unduly burdensome, is vague and ambiguous in its reference to "work shifts" and "the time pavers are expected to report to the Yard," assumes facts not admitted, seeks information more appropriately determined through a deposition, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information relating to the times at which Defendant purportedly required Plaintiff and/or any individual who has "opted-in" to be available to perform "compensable work" as defined by relevant statutes and laws applicable herein during the time period of June 3, 2012 through the present, and limiting the information as it was provided to, relayed to, and/or pertaining to, Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

## REQUEST NO. 8:

All manuals, procedures, policies, or other documents describing or relating to (i) loading and/or preparing vehicles in the Yard for daily paving jobs, and (ii) returning vehicles to the Yard after the last paving job.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 8:

Defendant objects to Document Request No. 8 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, is overbroad as to scope and time as the Request is not limited to a specific time period, seeks information outside the relevant statute of limitations period, is unduly burdensome, is vague and ambiguous in its reference to "loading and/or preparing vehicles in the Yard," "daily paving jobs," "returning vehicles to the Yard," and "last paving job," assumes facts not admitted, seeks information more appropriately determined through a deposition, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information relating to the services provided by Plaintiff and/or any individual who has "opted-in" this matter on behalf of Defendants, and whether such services constitute "compensable work" as defined by relevant statutes and laws applicable herein during the time period of June 3, 2012 through the present, and limiting the information as it was provided to, relayed to, and/or pertaining to, Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

859545-3

11

## REQUEST NO. 9:

All photographs, video or other images of the Yard and any surrounding parking areas, from 4:00-8:00 a.m., and 4:00-8:00 p.m.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 9:

Defendant objects to Document Request No. 9 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses of this litigation, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, and is vague and ambiguous as it does not specify particular areas within the Yard and its use of "surrounding parking areas," is unduly burdensome and vexing, assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information relating to the services provided by Plaintiff and/or any individual who has "opted-in" this matter on behalf of Defendants, and whether such services constitute "compensable work" as defined by relevant statutes and laws applicable herein during the time period of June 3, 2012 through the present, and limiting the information as it was provided to, relayed to, and/or pertaining to, Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

**REQUEST NO. 10:**

All documents relating to any discipline of employees who did not timely show up for their shift before they were scheduled to depart from the Yard.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 10:**

Defendant objects to Document Request No. 10 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses of this litigation, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is vague and ambiguous in its reference to "did not timely show up for their shift," assumes facts not admitted, seeks information more appropriately determined through a deposition, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information relating to the times at which Defendant purportedly required Plaintiff and/or any individual who has "opted-in" to be available to perform "compensable work" as defined by relevant statutes and laws applicable herein during the time period of June 3, 2012 through the present, and limiting the information as it was provided to, relayed to, and/or pertaining to, Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

**REQUEST NO. 11:**

All texts, emails, memos, correspondence or other documents relating to employees who did not timely show up for their shift before they were scheduled to depart from the Yard.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 11:**

Defendant objects to Document Request No. 10 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses of this litigation, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is vague and ambiguous in its reference to "did not timely show up for their shift" and "before they were scheduled to depart from the Yard," assumes facts not admitted, seeks information more appropriately determined through a deposition, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information relating to the times at which Defendant purportedly required Plaintiff and/or any individual who has "opted-in" to be available to perform "compensable work" as defined by relevant statutes and laws applicable herein during the time period of June 3, 2012 through the present, and limiting the information as it was provided to, relayed to, and/or pertaining to, Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

## REQUEST NO. 12:

All manuals, procedures, policies, or other documents, if any, describing work assignments and locations.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 12:

Defendant objects to Document Request No. 12 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) as it seeks "all manuals, procedures, policies or other documents," seeks confidential information of non-parties, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is vague and ambiguous in its reference to "work assignments and locations," and assumes facts not admitted.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information relating to the locations where Defendant purportedly required Plaintiff and/or any individual who has "opted-in" to be available to perform "compensable work" as defined by relevant statutes and laws applicable herein during the time period of June 3, 2012 through the present, and limiting the information as it was provided to, relayed to, and/or pertaining to, Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

**REQUEST NO. 13:**

All texts, emails, memos, correspondence or other documents sent to or received from employees relating to work assignments and locations.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 13:**

Defendant objects to Document Request No. 13 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) as it seeks "all texts, emails, memos correspondence or other documents sent to or received from employees," with no limitation, seeks confidential information of non-parties, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is vague and ambiguous in its reference to "work assignments and locations," and assumes facts not admitted.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information relating to the locations where Defendant purportedly required Plaintiff and/or any individual who has "opted-in" to be available to perform "compensable work" as defined by relevant statutes and laws applicable herein during the time period of June 3, 2012 through the present, and limiting the information as it was provided to, relayed to, and/or pertaining to, Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

## REQUEST NO. 14:

All manuals, procedures, policies, texts, emails, memos, correspondence or other documents relating to pay for teamsters or other employees who drove trucks or other vehicles containing material used for paving work.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 14:

Defendant objects to Document Request No. 14 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses of this litigation, seeks confidential information of non-parties, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is vague and ambiguous as to "teamsters or other employees" and "trucks or other vehicles containing material used for paving work," assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 15:

All manuals, procedures, policies, texts, emails, memos, correspondence or other documents relating to past or present policies or procedures, and relating to any changes in NY Paving's policies or procedures, for (i) compensating pavers for driving vehicles from the Yard to work sites, (ii) compensating pavers for performing work in the morning after arriving at the Yard, (iii) compensating pavers for performing work after the final paving job.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 15:

Defendant objects to Document Request No. 15 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is unduly burdensome, is

vague and ambiguous in its reference to "compensating pavers for driving vehicles, . . . performing work in the morning after arriving at the Yard [and] for performing work after the final paving job," seeks confidential information pertaining to non-parties, assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information relating to the number of hours worked, and/or pay received for said hours worked, for Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present, and limiting the information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

## REQUEST NO. 16:

All documents relating to NY Paving's decision to prepare a document for dissemination to employees titled **"Transportation Memo"** and the accompanying **"Statement,"** including without limitation all drafts.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 16:

Defendant objects to Document Request No. 16 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) as it seeks "all documents," seeks information protected by the attorney-client or work product privilege, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is vague and ambiguous in its reference to "NY Paving's decision to prepare a document for dissemination," seeks information

more appropriately discovered through a deposition, assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information relating to Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present, and limiting the information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

**REQUEST NO. 17:**

All texts, emails, memos, correspondence or other documents relating to the document titled **"Transportation Memo"** and the accompanying **"Statement."**

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 17:**

Defendant objects to Document Request No. 17 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) as it seeks "all texts, emails, memos, correspondence or other documents" seeks information protected by the attorney-client and/or work product privilege, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, seeks confidential information of non-parties seeks information more appropriately discovered through a deposition, assumes facts not admitted, and seek information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information relating to Plaintiff and/or any individual who has

"opted-in" to this matter during the time period of June 3, 2012 through the present, and limiting the information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

**REQUEST NO. 18:**

All documents relating to NY Paving's decision to prepare a document for dissemination to employees titled **"For Crews That Have Some Or All Workers Meeting at First Location,"** including without limitation all drafts.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 18:**

Defendant objects to Document Request No. 16 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) as it seeks "all documents," seeks information protected by the attorney-client or work product privilege, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is vague and ambiguous in its reference to "NY Paving's decision to prepare a document for dissemination," seeks information more appropriately discovered through a deposition, assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information relating to Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present, and limiting the information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant will provide documents and/or materials responsive to this request, if any, under

separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

**REQUEST NO. 19:**

All texts, emails, memos, correspondence or other documents relating to the document titled **"For Crews That Have Some Or All Workers Meeting at First Location."**

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 19:**

Defendant objects to Document Request No. 19 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) as it seeks "all texts, emails, memos, correspondence or other documents," seeks information protected by the attorney-client and/or work product privilege, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, seeks confidential information of non-parties, seeks information more appropriately discovered through a deposition, assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information relating to Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present, and limiting the information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

**REQUEST NO. 20:**

All texts, emails, memos, correspondence or other documents relating to NY Paving providing the **Transportation Memo** and accompanying **Statement**, and/or **For Crews That Have Some Or All Workers Meeting at First Location**.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 20:**

Defendant objects to Document Request No. 19 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) as it seeks "all texts, emails, memos, correspondence or other documents," seeks information protected by the attorney-client and/or work product privilege, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, seeks confidential information of non-parties, seeks information more appropriately discovered through a deposition, is duplicative of prior requests, assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information relating to Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present, and limiting the information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

**REQUEST NO. 21:**

All signed **Transportation Memos** obtained by NY Paving.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 21:**

Defendant objects to Document Request No. 19 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) as it seeks "all texts, emails, memos, correspondence or other documents," seeks information protected by the attorney-client and/or work product privilege, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, seeks confidential information of non-parties, seeks information more appropriately discovered through a deposition, is duplicative of prior requests, assumes facts not admitted, is improper as this matter has not been certified as a class action pursuant to Fed. R. Civ. P. Rule 23 and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information relating to Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present, and limiting the information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

**REQUEST NO. 22:**

All texts, emails, memos, correspondence or other documents relating to what management, supervisors, foremen or other personnel should be told about the current Diaz lawsuit, including without limitation employees' rights to join the lawsuit.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 22:**

Defendant objects to Document Request No. 22 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses of this litigation, seeks confidential information of non-parties, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is vague and ambiguous in its reference to "what management, supervisors, foremen or other personnel should be told about the current Diaz lawsuit," calls for a legal conclusion in its reference to "should be told about the current Diaz lawsuit, seeks information protected by the attorney-client or work product privilege, and seeks information not calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 23:**

All correspondence related to Plaintiff and/or this lawsuit.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 23:**

Defendant objects to Document Request No. 23 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses of this litigation, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period, assumes facts not admitted, seeks

information more appropriately determined through a deposition, seeks information outside the

relevant statute of limitations period, and is vague and ambiguous in its reference to "related to."

Consistent with and without waiving the foregoing general and specific objections, and

construing this Request as seeking information relating to correspondence concerning the claims

in this action and the potential defenses thereto, as they relate to Plaintiff and/or any individual

who has "opted-in" to this matter during the time period of June 3, 2012 through the present, and

so limiting said information, to Named Plaintiff and Opt-in Plaintiffs as of the date of this

response, Defendant will provide documents and/or materials responsive to this request, if any,

under separate cover following the filing of a Confidentiality Stipulation and Protective Order

with the Court in accordance with the Court's Scheduling Order and Case Management Plan

dated August 28, 2018 (ECF No. 35).

## REQUEST NO. 24:

Produce the full names, last known addresses, email addresses (if any), phone numbers, job position(s), languages spoken, present or last known place of employment, and dates of employment for all individuals who worked at NY Paving on an hourly basis at any time from January 1, 2012 to the present.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 24:

Defendant objects to Document Request No. 24 on the grounds that the breadth of the

request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1)

considering the marginal importance of the materials to the claims and defenses in this litigation,

seeks confidential information of non-parties, seeks information not relevant to any claim or

defense in this action, is overbroad as to scope and time as the Request is not limited to a specific

time period and/or it seeks information outside the relevant statute of limitations period, is

unduly burdensome, is vague and ambiguous in its reference to "individuals who worked at NY

Paving on an hourly basis," is improper as this matter has not been certified as a class action

pursuant to Fed. R. Civ. P. Rule 23, seeks information beyond the scope of the collective action as certified by Magistrate Judge Gorenstein's Opinion and Order re Plaintiff's Motion for Conditional Certification of FLSA Collective Actin and Court-Facilitated Notice dated December 4, 2018 (the "Certification Order"), and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information as relative to the scope of the conditional collective action certified by the Certification Order, and limited to the information required to be provided by the Certification Order, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

**REQUEST NO. 25:**

All contracts for paving services with utilities and/or any other purchasers of NY Paving's services.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 25:**

Defendant objects to Document Request No. 25 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, seeks confidential information of non-parties, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is unduly burdensome, is vague and ambiguous in its reference to "contracts for paving services,"

"with utilities," and "any other purchasers," assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 26:

All documents concerning contracts for paving services with utilities and/or any other purchasers of NY Paving's services.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 26:

Defendant objects to Document Request No. 26 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, seeks confidential information of non-parties, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is unduly burdensome, is vague and ambiguous in its reference to "contracts for paving services," "with utilities," and "any other purchasers," assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 27:

All employee handbooks, training materials, manuals, or other documents, correspondence or memoranda describing or related to NY Paving's personnel, scheduling, payroll, promotion, compensation, change in job title, performance review, or time recording policies and procedures for pavers.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 27:

Defendant objects to Document Request No. 27 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) as it seeks "all employee manuals, training materials, manuals, or other documents, correspondence or memoranda," is duplicative, seeks information not relevant to any claim or defense in this action,

is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is vague and ambiguous in its reference to "procedures for pavers," and assumes facts not admitted.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information concerning the employment and/or payroll procedures and/or policies of Defendant as they relate to Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present, including the services performed by same purportedly on behalf of Defendants (to the extent any exist) and so limiting said information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response (to the extent any exist), Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

**REQUEST NO. 28:**

All documents concerning job descriptions for pavers, including the job descriptions themselves.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 28:**

Defendant objects to Document Request No. 28 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) as it seeks "all documents," is duplicative, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is vague and ambiguous in its reference to "job descriptions for pavers," and assumes facts not admitted.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information concerning the employment and/or payroll procedures and/or policies of Defendant as they relate to Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present, including the services performed by same purportedly on behalf of Defendants (to the extent any exist), and so limiting said information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

**REQUEST NO. 29:**

All documents concerning the job duties for pavers.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 29:**

Defendant objects to Document Request No. 29 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) as it seeks "all documents," is duplicative, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is vague and ambiguous in its reference to "job duties for pavers," and assumes facts not admitted.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information concerning the employment and/or payroll procedures and/or policies of Defendant as they relate to Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present, including

the services performed by same purportedly on behalf of Defendants (to the extent any exist), and so limiting said information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

**REQUEST NO. 30:**

All forms that new or existing employees must sign as a condition of work at NY Paving.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 30:**

Defendant objects to Document Request No. 30 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) as it seeks "all forms," is duplicative, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is vague and ambiguous in its reference to "forms," "new or existing employees must sign," and "as a condition of work," assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information concerning the employment and/or payroll procedures and/or policies of Defendant as they relate to Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present (to the extent any exist), and so limiting said information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant will provide documents and/or materials responsive to this request, if

any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

**REQUEST NO. 31:**

All documents concerning hiring, compensation, and billing for pavers.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 31:**

Defendant objects to Document Request No. 31 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) as it seeks "all documents," is duplicative, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is vague and ambiguous, assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information concerning the employment and/or payroll procedures and/or policies of Defendant as they relate to Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present (to the extent any exist), and so limiting said information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

**REQUEST NO. 32:**

All documents concerning the wage rates of pavers.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 32:**

Defendant objects to Document Request No. 32 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) as it seeks "all documents," is duplicative, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is vague and ambiguous in its reference to "concerning the wage rates of pavers," and assumes facts not admitted.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information concerning the employment and/or payroll procedures and/or policies of Defendant as they relate to Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present (to the extent any exist), and so limiting said information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

**REQUEST NO. 33:**

All documents concerning the timing of Defendant's payments of its pavers' wages.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 33:**

Defendant objects to Document Request No. 33 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) as it seeks "all documents," is duplicative, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is vague and ambiguous in its reference to "concerning the wage rates of pavers," and assumes facts not admitted.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information concerning the employment and/or payroll procedures and/or policies of Defendant as they relate to Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present (to the extent any exist), and so limiting said information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

**REQUEST NO. 34:**

All documents related to any paver's claim that they were not paid in accordance with the minimum wage or overtime requirements of the FLSA or the NYLL.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 34:**

Defendant objects to Document Request No. 34 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) as it seeks "all documents," is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is vague and ambiguous in its reference to "paver's claim," and "not paid in accordance with the . . . requirements of the FLSA or the NYLL," and assumes facts not admitted.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information concerning complaints made by Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present (to the extent any exist), and so limiting said information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

**REQUEST NO. 35:**

All corporate organization documents, including corporate organization charts, filings, phone directories, or other documents showing the relationship between NY Paving and any of its employees, officers, directors, trustees, executives, independent contractors, service providers, parent, subsidiary, or affiliate companies or entities.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 35:**

Defendant objects to Document Request No. 35 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is vague and ambiguous in its reference to "showing the relationship between," seeks information more appropriately determined through a deposition, assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 36:**

All documents that constitute or reflect the management structure of NY Paving and any affiliate companies or entities.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 36:**

Defendant objects to Document Request No. 36 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is vague and ambiguous in its reference to "constitute or reflect," "management structure," and "affiliate companies or entities," seeks information more appropriately determined through a deposition, assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

859545-3                                         35

**REQUEST NO. 37:**

All policies or procedures concerning the retention and/or destruction of documents.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 37:**

Defendant objects to Document Request No. 37 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is vague and ambiguous in its reference to "retention and/or destruction," seeks information more appropriately determined through a deposition, assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information concerning Defendant's policy regarding the retention, recovery and/or destruction of documents and/or materials relevant to the instant matter and the claims thereto, and concerning policies which were in effect during the time period of June 3, 2012 through the present (to the extent any exist), and so limiting said information, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

**REQUEST NO. 38:**

All documents concerning NY Paving's system schematics, network topology, system restart procedures, email retention policies, and Defendant's disaster recovery plan.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 38:**

Defendant objects to Document Request No. 38 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is duplicative, is vague and ambiguous in its reference to "system schematics, network topology, system restart procedures, email retention policies, and Defendant's disaster recovery plan," seeks information more appropriately determined through a deposition, assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information concerning Defendant's policy regarding the retention, recovery and/or destruction of documents and/or materials relevant to the instant matter and the claims thereto, and concerning policies which were in effect during the time period of June 3, 2012 through the present (to the extent any exist), and so limiting said information, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

**REQUEST NO. 39:**

All documents concerning Defendant's information technology (IT) and information services (IS) or equivalent divisions or departments, including but not limited to any documents detailing Defendant's IT structure, incident response teams, and data recovery units.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 39:**

Defendant objects to Document Request No. 39 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is duplicative, is vague and ambiguous in its reference to "information technology and information services or equivalent divisions or departments," "Defendant's IT structure, incident response teams, and data recovery units," seeks information more appropriately determined through a deposition, assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information concerning Defendant's policy regarding the retention and/or destruction of documents and/or materials relevant to the instant matter and the claims thereto, and concerning policies which were in effect during the time period of June 3, 2012 through the present (to the extent any exist), and so limiting said information, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

**REQUEST NO. 40:**

All documents concerning the use of loose or removable media in workstations, computers, and networks.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 40:**

Defendant objects to Document Request No. 40 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is duplicative, is vague and ambiguous in its reference to "loose or removable media in workstations, computers, and networks," seeks information more appropriately determined through a deposition, assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information concerning Defendant's policy regarding the retention, recovery and/or destruction of documents and/or materials relevant to the instant matter and the claims thereto, and concerning policies which were in effect during the time period of June 3, 2012 through the present (to the extent any exist), and so limiting said information, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

## REQUEST NO. 41:

All documents concerning Defendant's networks or groups of connected computers, including local area networks (LANs), wide area networks (WANs), storage area networks (SANs), peer-to-peer networks, integrated services digital networks, or VPNs.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 41:

Defendant objects to Document Request No. 41 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is duplicative, is vague and ambiguous in its reference to "connected computers, including local area networks (LANs), wide area networks (WANs), storage area networks (SANs), peer-to-peer networks, integrated services digital networks, or VPNs," seeks information more appropriately determined through a deposition, assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information concerning Defendant's policy regarding the retention, recovery and/or destruction of documents and/or materials relevant to the instant matter and the claims thereto, and concerning policies which were in effect during the time period of June 3, 2012 through the present (to the extent any exist), and so limiting said information, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective

Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

## REQUEST NO. 42:

All documents concerning Defendant's networks, including information exchange components such as, Ethernet, token-ring, or network interface cards.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 42:

Defendant objects to Document Request No. 41 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is duplicative, is vague and ambiguous in its reference to "networks, including information exchange components such as, Ethernet, token-ring, or network interface cards," seeks information more appropriately determined through a deposition, assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information concerning Defendant's policy regarding the retention, recovery and/or destruction of documents and/or materials relevant to the instant matter and the claims thereto, and concerning policies which were in effect during the time period of June 3, 2012 through the present (to the extent any exist), and so limiting said information, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective

Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

**REQUEST NO. 43:**

All documents concerning any system used to track pavers' hours, services, billing, or reimbursement.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 43:**

Defendant objects to Document Request No. 43 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) as it requests "all documents," is duplicative, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is vague and ambiguous as it relates to "services, billing or reimbursement," seeks information more appropriately determined through a deposition, assumes facts not admitted, and assumes facts not admitted.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information relevant to the hours purportedly worked and/or paid allegedly received for same by Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present, including for the services performed by same purportedly on behalf of Defendants (to the extent any exist), and to documents which may have captured information concerning same, and so limiting said information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in

accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

**REQUEST NO. 44:**

All documents concerning Defendant's human resource and payroll systems.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 44:**

Defendant objects to Document Request No. 44 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) as it requests "all documents," is duplicative, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is vague and ambiguous in its reference to "concerning Defendant's human resource and payroll systems," seeks information more appropriately determined through a deposition, assumes facts not admitted, assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information relevant to the hours purportedly worked and/or paid allegedly received for same by Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present, including for the services performed by same purportedly on behalf of Defendants (to the extent any exist), and to documents which may have captured information concerning same, and so limiting said information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in

accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

## REQUEST NO. 45:

All litigation hold documents, including the metadata of such litigation hold documents.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 45:

Defendant objects to Document Request No. 45 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, is duplicative, seeks information not relevant to any claim or defense in this action, seeks information protected by attorney-client or work product privilege, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period and/or for matters wholly unrelated to the instant litigation, is vague and ambiguous in its reference to "litigation hold documents" and "metadata of such litigation hold documents," assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 46:

All human resource and compensation database data.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 46:

Defendant objects to Document Request No. 46 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, is duplicative, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks

information outside the relevant statute of limitations period, is vague and ambiguous in its reference to "database data," assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 47:**

Field trees for all databases.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 47:**

Defendant objects to Document Request No. 46 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, is duplicative, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is vague and ambiguous in its reference to "database data," assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 48:**

A copy of (1) all financial documents prepared by or on behalf of Defendant at any time since January 1, 2012, including but not limited to any loan applications, credit applications, or refinancing applications; (2) Defendant's tax returns from January 1, 2012 to the present; (3) all appraisals conducted at any time since January 1, 2012 of all real property held in part or in full by Defendant; and (4) all bank account statements reflecting the account number and balance of accounts held by Defendant, including savings, checking, annuities, or mutual, stock, bond funds, or any other financial accounts from January 1, 2012 to the present.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 48:**

Defendant objects to Document Request No. 48 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation,

is duplicative of other requests, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is unduly burdensome, is vague and ambiguous, and seeks information not calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 49:**

All codes of business practices or corporate integrity statements.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 49:**

Defendant objects to Document Request No. 49 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, is duplicative of other requests, seeks information not relevant to any claim or defense in this action, seeks confidential and/or proprietary information, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, and is vague and ambiguous.

**REQUEST NO. 50:**

All financial statements, bank statements, trial balance, detailed general ledger, and cash disbursement journal, from January 1, 2012 to the present.

*Note: If information responsive to this request is maintained in Quickbooks, provide native electronic QuickBooks files.*

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 50:**

Defendant objects to Document Request No. 50 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation,

is duplicative of other requests, seeks information not relevant to any claim or defense in this action, seeks confidential and/or proprietary information, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is vague and ambiguous in its reference to "financial statements, bank statements, trial balance, detailed general ledger, and cash disbursement journal," assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 51:

All documents concerning or evidencing investigations, rulings, decisions or opinions rendered by any federal or state court or administrative agency, relating to the issue of whether Defendant's pavers are or should be paid overtime under the FLSA or the NYLL. This Request has no time limitations.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 51:

Defendant objects to Document Request No. 51 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, is duplicative, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is discoverable through the Freedom of Information Act, seeks information not in the custody or control of Defendant, is vague and ambiguous in its reference to "concerning or evidencing," and "relating to the issue of whether Defendant's pavers," and assumes facts not admitted.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information relevant to the time period of June 3, 2012 through the present, Defendant will provide documents and/or materials responsive to this

request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

## REQUEST NO. 52:

All documents concerning opinion letters sought by Defendant concerning whether Defendant's pavers are or should be paid overtime under the FLSA or the NYLL. This Request has no time limitations.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 52:

Defendant objects to Document Request No. 51 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, is duplicative, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, seeks information protected by the attorney-client or work product privilege, seeks information not in the custody or control of Defendant, is vague and ambiguous in its reference to "concerning opinion letters sought by Defendant," and "whether Defendant's pavers are or should be," and assumes facts not admitted.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information relevant to the time period of June 3, 2012 through the present, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

**REQUEST NO. 53:**

All documents concerning Defendant's overtime pay policies, including but not limited to:

a. internal communications regarding Defendant's overtime pay policies;
b. documents between Defendant and any advisor or consultant (including wage and hour audits and time studies) regarding Defendant's overtime pay policies;
c. documents consisting of or evidencing internal investigations, studies, audits, decisions or opinions by Defendant, its agents, or entities retained by Defendant, regarding Defendant's overtime pay policies;

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 53:**

Defendant objects to Document Request No. 53 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) as it requests "all documents," is duplicative, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, seeks information protected by the attorney-client or work product privilege, is vague and ambiguous in its reference to "overtime pay policies," and assumes facts not admitted.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information concerning the pay procedures and/or policies of Defendant as they relate to Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present (to the extent any exist), and so limiting said information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

## REQUEST NO. 54:

All documents concerning how Defendant tracked and compensated for time that pavers spent performing tasks both before the start time of their first paving job of the day and after the end of their last paving job of the day, including but not limited to:

a. internal communications regarding how Defendant tracked and compensated for such time;
b. documents between Defendant and any advisor or consultant (including wage and hour audits and time studies) regarding how Defendant tracked and compensated for such time; and
c. documents consisting of or evidencing internal investigations, studies, audits, decisions or opinions by Defendant, its agents, or entities retained by Defendant, relating to how Defendant tracked and compensated for such time.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 54:

Defendant objects to Document Request No. 54 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) as it requests "all documents," is duplicative, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, seeks information protected by the attorney-client or work product privilege, is vague and ambiguous in its reference to "overtime pay policies," and assumes facts not admitted.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information concerning the pay and/or payroll procedures and/or policies of Defendant as they relate to Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present (to the extent any exist), and so limiting said information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order

with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

**REQUEST NO. 55:**

All documents concerning pavers' job duties, wages, or hours worked.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 55:**

Defendant objects to Document Request No. 55 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) as it seeks "all documents," is duplicative, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is vague and ambiguous in its reference to "pavers' job duties," seeks information more appropriately determined through a deposition, and assumes facts not admitted.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information concerning the employment and/or payroll procedures and/or policies of Defendant as they relate to Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present, including the services performed by same purportedly on behalf of Defendants (to the extent any exist), and so limiting said information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

**REQUEST NO. 56:**

Timesheets, sign in forms, sign out forms, and other documents pertaining to written or electronic time accounting mechanisms showing or indicating the hours worked and/or the types of duties performed by pavers.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 56:**

Defendant objects to Document Request No. 56 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1), is duplicative, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is vague and ambiguous in its reference to "pertaining to written or electronic time accounting mechanisms," and "types of duties performed by pavers," seeks information more appropriately determined through a deposition, and assumes facts not admitted.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information concerning the tracking mechanisms as to employment and/or payroll procedures and/or policies of Defendant as they relate to Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present, including the tracking of the time for services performed by same purportedly on behalf of Defendants (to the extent any exist), and so limiting said information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

**REQUEST NO. 57:**

All notices of pavers' FLSA rights posted at Defendant's offices or distributed to Defendant's pavers. Please also produce documents or communications sufficient to identify all dates such notices were posted at Defendant's offices or distributed to Defendant's pavers.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 57:**

Defendant objects to Document Request No. 56 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1), is duplicative, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is vague and ambiguous in its reference to "pertaining to written or electronic time accounting mechanisms," and "types of duties performed by pavers," seeks information more appropriately determined through a deposition, and assumes facts not admitted.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information concerning the tracking mechanisms as to employment and/or payroll procedures and/or policies of Defendant as they relate to Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present, including the tracking of the time for services performed by same purportedly on behalf of Defendants (to the extent any exist), and so limiting said information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

**REQUEST NO. 58:**

All settlement agreements or other document(s) resolving any wage and hour claims brought by individuals employed as pavers by NY Paving or any related entity. This request has no time limit.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 58:**

Defendant objects to Document Request No. 58 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, is duplicative, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, seeks information protected by attorney-client or work product privilege, seeks confidential information, is vague and ambiguous in its reference to "resolving wage and hour claims brought by individuals," and "or any related entity," assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 59:**

All communications related to any wage and hour claims brought by individuals employed as pavers by NY Paving or any related entity.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 59:**

Defendant objects to Document Request No. 59 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, is duplicative, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks

information outside the relevant statute of limitations period, seeks information protected by attorney-client or work product privilege, seeks confidential information, is vague and ambiguous in its reference to "related to any wage and hour claims brought by individuals," and "or any related entity," assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 60:

All documents relating to this matter received pursuant to any Freedom of Information Act request or subpoena *duces tecum* issued to or by any third parties.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 60:

Defendant objects to Document Request No. 60 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, is duplicative, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is discoverable through the Freedom of Information Act, seeks information not in the custody or control of Defendant, is vague and ambiguous in its reference to "relating to this matter," and "third parties," assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 61:

All documents relating to or evidencing any written statements, affidavits, declarations, and/or responses to questionnaires or any other documents that you, and/or your agents obtained from any persons with knowledge of any facts, claims, and/or allegations made in the Complaint, and any drafts of these documents.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 61:

Defendant objects to Document Request No. 61 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, is duplicative, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, seeks information protected under the attorney-client or work product privilege, is vague and ambiguous in its reference to "relating to or evidencing any written statements, affidavits, declarations, and/or responses to questionnaires or any other documents that you, and/or your agents obtained," and "facts, claims, and/or allegations made in the Complaint," assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 62:

As to each person who will or may be called as an expert to give an opinion and testimony in the trial in this matter, provide all documents provided to such persons by your agents, attorneys, employees, divisions, representatives, and/or other persons acting on your behalf.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 62:

Defendant objects to Document Request No. 62 on the grounds that it is premature as it seeks the identity of experts to testify at trial, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, duplicative of other requests, is vague and ambiguous, and assumes facts not admitted.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information relative to the time period of June 3, 2012

through the present and limiting the information to Named Plaintiff and Opt-in Plaintiff as of the

date of this response, Defendant will provide documents and/or materials responsive to this

request, if any, under separate cover following the filing of a Confidentiality Stipulation and

Protective Order with the Court in accordance with the Court's Scheduling Order and Case

Management Plan dated August 28, 2018 (ECF No. 35).

## REQUEST NO. 63:

As to each person who you will or may call as an expert to give an opinion and testimony in the trial of this matter, provide the following:

a. a complete and current version of such person's curriculum vitae, and a complete listing of every article, published or unpublished, authored, coauthored or edited by that person, in whole or in part;
b. copies of all books, treatises, texts, articles, and all other materials relied upon by that person in rendering his or her opinion in this matter;
c. all transcripts or recordings of that person's testimony at deposition or trial in a lawsuit, administrative proceeding, arbitration proceeding, or other judicial or quasi-judicial proceeding before any governmental agency, administrative agency, or court in which that person has testified as an expert for the past four years;
d. copies of such person's speeches, presentations at seminars, meetings and conferences, and the like that refer or relate in any way to the subject about which that person is expected to testify in this case; and
e. all documents referring or relating to monies paid to such person or his or her designee, by you or by any agent, paralegal or attorney representing you, including, without limitation, bills, statements of services, invoices and checks.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 63:

Defendant objects to Document Request No. 63 on the grounds that it is premature as it

seeks the identity of experts to testify at trial, is overbroad as to scope and time as the Request is

not limited to a specific time period and/or it seeks information outside the relevant statute of

limitations period, duplicative of other requests, is vague and ambiguous, and assumes facts not

admitted.

Consistent with and without waiving the foregoing general and specific objections, and

construing this Request as seeking information relative to the time period of June 3, 2012

through the present and limiting the information to Named Plaintiff and Opt-in Plaintiff as of the date of this response, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

## REQUEST NO. 64:

To the extent not otherwise produced in response to these document requests, any and all documents relating to (1) this lawsuit, (2) the allegations and/or claims asserted in this lawsuit, (3) any damages claimed in this lawsuit, and/or (4) Plaintiff and Class Members.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 64:

Defendant objects to Document Request No. 64 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, is duplicative, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, and is vague and ambiguous. Defendant further objects to this Request as improper as this matter has not been certified as a class action pursuant to Fed. R. Civ. P. Rule 23.

Consistent with and without waiving the foregoing general and specific objections, and construing this Interrogatory to seek information relative to the time period of June 3, 2012 through the present and limiting the information to Named Plaintiff and Opt-in Plaintiff as of the date of this response, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

**REQUEST NO. 65:**

Should Defendant claim or defend against this action on the grounds or basis that its overtime pay policies were implemented and carried out with a good faith reasonable belief that Defendant was complying with the FLSA, produce documents relating to the facts and circumstances supporting that claim or defense.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 65:**

Defendant objects to Document Request No. 65 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1), is duplicative of other requests, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, seeks information protected by attorney-client or work product privilege, is vague and ambiguous in its reference to "on the grounds or basis," and "were implemented and carried out with a good faith," seeks information more appropriately determined through a deposition, and assumes facts not admitted.

Consistent with and without waiving the foregoing general and specific objections, and construing this Interrogatory to seek information relative to the time period of June 3, 2012 through the present and limiting the information to Named Plaintiff and Opt-in Plaintiff as of the date of this response, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

**REQUEST NO. 66:**

Should Defendant claim or defend against this action on the grounds or basis that its overtime pay policies were not willfully in violation of the FLSA, produce documents relating to the facts and circumstances supporting that claim or defense.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 66:**

Defendant objects to Document Request No. 66 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1), is duplicative of other requests, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, seeks information protected by attorney-client or work product privilege, is vague and ambiguous in its reference to "on the grounds or basis," "not willfully in violation," and "facts and circumstances supporting," seeks information more appropriately determined through a deposition, and assumes facts not admitted.

Consistent with and without waiving the foregoing general and specific objections, and construing this Interrogatory to seek information relative to the time period of June 3, 2012 through the present and limiting the information to Named Plaintiff and Opt-in Plaintiff as of the date of this response, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

**REQUEST NO. 67:**

All documents not specifically requested in the forgoing document requests which you believe will support or in any way relate to Plaintiff's claims or your defenses in this action.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 67:**

Defendant objects to Document Request No. 67 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1), is duplicative, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, seeks

information protected by attorney-client or work product privilege, is unduly burdensome, is vague and ambiguous in its reference to "not specifically requested," "which you believe," and "support or in any way relate to," and assumes facts not admitted.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information relevant to Plaintiff's claims and/or Defendant's defenses in this action, and as limited to information as it relates to Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

**REQUEST NO. 68:**

All documents that you plan to introduce at the trial of this action.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 68:**

Defendant objects to Document Request No. 68 on the grounds that it is premature in that it seeks "[a]ll documents that [Defendant] plan[s] to introduce at the trial of this action," is duplicative, seeks information protected by attorney-client or work product privilege, is vague and ambiguous in its reference to "plan to introduce at the trial," Defendants object further as Defendants, at this early stage of litigation, have not finalized a list of potential exhibits for trial.

Consistent with and without waiving the foregoing general and specific objections, Defendant will provide documents and/or materials responsive to this request, if any, under separate cover following the filing of a Confidentiality Stipulation and Protective Order with the

Court in accordance with the Court's Scheduling Order and Case Management Plan dated August 28, 2018 (ECF No. 35).

Dated: Mineola, New York
December 21, 2018

MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP

By: /s/ Christopher P. Hampton, Esq.
Christopher P. Hampton, Esq.
Larry R. Martinez, Esq.
Nicholas P. Melito, Esq.
190 Willis Avenue
Mineola, New York 11501
Telephone: 516-747-0300
champton@meltzerlippe.com
*Attorneys for Defendant*

TO:   Steven L. Wittels, Esq. (Via E-Mail. and U.S. Mail)
J. Burkett McInturff, Esq.
Tiasha Palikovic, Esq.
**WITTELS LAW, P.C.**
18 Half Mile Road
Armonk, New York 10504
T: (914) 319-9945
*Counsel for Plaintiff and the Putative Class/Collective*

## CERTIFICATE OF SERVICE

I, Nicholas P. Melito, Esq., hereby certify that on the 14th day of December, 2018, I caused to be electronically and hardcopy mailed a true and correct copy of the within Defendants' Responses and Objections to Plaintiff's First Request for the Production of Documents to Defendant by First-Class Mail, postage prepaid to:

Steven L. Wittels, Esq. (Via E-Mail and U.S. Mail)
J. Burkett McInturff, Esq.
Tiasha Palikovic, Esq.
**WITTELS LAW, P.C.**
18 Half Mile Road
Armonk, New York 10504
T: (914) 319-9945
slw@wittelslaw.com
jbm@wittelslaw.com
tpalikovic@wittelslaw.com
*Counsel for Plaintiff and the Putative Class/Collective*


_____*Nicholas P. Melito*_____
Nicholas P. Melito

Court Index No. 18-CV-4910 (ALC) (GWG)
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDGARDO DIAZ, Individually and on Behalf of All Other Persons Similarly Situated,

                                                    Plaintiff,

                    -against-

NEW YORK PAVING,

                                                    Defendant.

## DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

**MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**
*Attorneys for* Defendant
*Office and Post Office Address*
190 Willis Avenue
Mineola, New York 11501
(516) 747-0300

*The undersigned, an attorney admitted to practice in the courts of New York State, hereby affirms as true under all the penalties of perjury that affiant is the attorney(s) of record in the within action; that affiant has read the foregoing and knows the contents thereof; that the same is true to affiant's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that those matters affiant believes to be true.*

<u>*COMPLIANCE PURSUANT TO 22NYCRR § 130-1.1a*</u>
*To the best of the undersigned's knowledge, information and belief formed after an inquiry reasonable under the circumstances, the within document(s) and contentions contained herein are not frivolous as defined in 22NYCRR §130-1.1a*

*Dated* _____        *Signature* _____

*Service of a copy of the within*

                                                    *is hereby admitted.*

*Dated:* _____
         *Attorney(s) for*

PLEASE TAKE NOTICE:

☐ <u>NOTICE OF ENTRY</u>
that the within is a (certified) true copy of
duly entered in the office of the clerk of the within named court on                    20

☐ <u>NOTICE OF SETTLEMENT</u>
That an Order of which the within is a true copy will be presented for settlement to the
Hon.                              , one of the judges of the within named court, at
On the          day of            20     , at

                              Yours, etc.
                              **MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**
                              *Office and Post Office Address*
                              190 Willis Avenue
                              Mineola, New York 11501

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
EDGARDO DIAZ,                                          Case No.
Individually and on Behalf of All Other               18-CV-4910 (ALC) (GWG)
Persons Similarly Situated,

                              Plaintiff,          **DEFENDANT'S RESPONSES
                                              AND OBJECTIONS TO
        -against-                         PLAINTIFF'S FIRST SET OF
                                              INTERROGATORIES TO
                                              DEFENDANT**
NEW YORK PAVING INC.

                              Defendant.
------------------------------------------------------------------------X

      Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the Local Rules

of the United States District Courts for the Southern and Eastern Districts of New York ("local

rules"), Defendant New York Paving, Inc. ("NY Paving"), by its attorneys, Meltzer, Lippe,

Goldstein & Breitstone, LLP hereby respond, to Plaintiff Edgardo Diaz ("Plaintiff"), First Set of

Interrogatories to Defendant ("Requests") as follows:

## **GENERAL STATEMENT**

      1.      By responding to any Request, Defendant does not concede the materiality of the

subject to which it refers.  Defendant's responses are made expressly subject to, and without

waiving or intending to waive, any questions, or objections as to the competency, relevancy,

materiality, privilege, or admissibility as evidence or for any other purpose, of any of the

documents or information produced, or of the subject matter thereof, in any proceeding

including, but not limited to, the trial of this action or any subsequent proceeding.

2.      Defendant objects to Plaintiff's Requests to the extent they demand documents and/or information which are protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.

3.      Defendant objects to Plaintiff's Requests to the extent they impose obligations upon Defendant beyond which is required under the Federal Rules of Civil Procedure, applicable local rules and/or Orders and the rules of this Court.

4.      Defendant objects to these Requests to the extent they demand documents and/or information outside of the relevant time period of Plaintiff's alleged causes of action.

5.      Consistent with the terms of the "Confidentiality Stipulation and Protective Order" executed (or to be executed) by the parties on or about December __, 2018, the inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of Defendant's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

6.      Defendant objects to any Request for information or production from entities not represented by counsel for Defendant.

7.      Defendant objects to these Requests to the extent they seek the home address and telephone numbers of individuals, other than the named Plaintiff, identified by Defendant in response to any Request.

8.      In the event a Request seeks production of documents which are privileged, Defendant will provide, under separate cover and as required, a privilege log.

859595-4                                    2

9.      Defendant objects to any Request which fails to present a clear and unambiguous request for documents or information.  Defendant continues this objection regardless of and notwithstanding Defendants attempt to construe the Request consistent with the allegations, subject matter and circumstances of the instant matter.  Defendant reserves the right to demand Plaintiff revise such vague and ambiguous Requests pursuant to the Federal Rules of Civil Procedure, applicable local rules and the rules of this Court.

10.     Defendants object to any Interrogatory which consists of more than one question or contains subparts which results in Plaintiff exceeding his limit of 25 interrogatories as mandated by Federal Rules of Civil Procedure ("FRCP"), Rule 33.

11.     Defendant continues to search for information responsive to Plaintiff's Requests and therefore reserves the right to supplement its response to each Request with additional documents and/or information, if and when such information becomes available to Defendant's counsel.  Defendant also reserves the right to object to the future disclosure of any such documents and/or information and to revise any objections asserted or add any objection not asserted herein.

12.     Defendant objects to any Request which assumes the Defendant employed or jointly-employed any individual, unless such employment or joint-employment is admitted explicitly herein by Defendant.

13.     The term "Defendant" shall be construed to include New York Paving, Inc.  Use of the term "Defendant" does not act as an admission or acknowledgement of any employer or joint-employer relationship by any Defendant and is used merely to identify the parties and for the convenience of the reader.

*      *

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each person likely to have discoverable information relating in any way to the claims alleged in the Complaint and all defenses and affirmative defenses thereto.  For each person identified, state the following:

     i.    name;

    ii.    title;

   iii.    employment status (i.e. whether current or former employee, and if former employee provide that person's last known contact information including address, phone, mobile, and email);

   iv.    job description; and

    v.    describe with specificity the information you believe is known to the person.

### OBJECTION AND RESPONSE TO INTERROGATORY NO. 1:

Defendant objects to Interrogatory No. 1 on the grounds that it is overbroad as to scope and time as it is not limited to a specific time period, is vague and ambiguous in its reference to "discoverable information relating in any way," is speculative as it requests Defendant to speak to unidentified individuals' state of mind and/or knowledge. Defendant further objects to this Interrogatory on the grounds it is compound which results in Plaintiff exceeding his limit of 25 interrogatories as mandated by Federal Rules of Civil Procedure ("FRCP"), Rule 33.  Defendant further objects to Interrogatory No. 1 on the grounds that it seeks information outside the scope of Local Rule of the United States District Court for the Southern District of New York 33.3 as it seeks information other than the "names of witnesses with knowledge of information relevant to the subject matter of the action," "the computation of each category of damage alleged," or the existence, location and description of relevant documents.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking the names of witnesses who may information relevant to

Plaintiff's claims and/or to Defendant's defenses, Defendants identify the following the individuals:

- Edgardo Diaz ("Plaintiff");
- Victor Andrade;
- Joseph F. Babiosi;
- Michael Bartilucci;
- Mike Bedwell;
- Robert Brown;
- Jorge L. Chiriboga;
- Joseph Cordano;
- Anthony Dedentro;
- Eister Delgado;
- Ciro DeLuca;
- Guiseppe DiCaro;
- Sebastian Donoso;
- Salvatore Franco;
- Jarod Fusco;
- Jason Haldane;
- Jason Hoffman;
- Terry Holder;
- David Jones;
- Wayne Kennerly;
- Dallas G. Kilroy;
- Curtney King;
- John Lester;
- Nicolas M. Locastro;
- Christopher Lombard;
- Robert Maresco;
- Ruben Moreno;
- Jonathan Oliver;
- Glenn Patrick;
- Shomari Patrick;
- Mark Palumbo;
- German Restrepo;
- Gennaro Rocco;
- Luis Ruggiero;
- Shuman A. Salah;
- Greg Schmaltz;
- Giovanni Sciove;
- Salvatore Sciove;

- Vito Smith;
- William Smith;
- David Snyder;
- Rajan N. Sukhnandan;
- Frank Wolfe;
- Honghao Zhong;
- Peter Miceli; and
- Robert Zaremski

Defendant continues to search for information relevant to this Request and therefore reserves the right to supplement its response to this Request, including by identifying additional persons upon continuation and/or completion of its continuing investigation.

## INTERROGATORY NO. 2:

For each individual who worked at NY Paving on an hourly basis at any time from January 1, 2012 to the present identify that person's full name, last known addresses, email addresses (if any), phone numbers, job position(s), languages spoken, present or last known place of employment, and dates of employment.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 2:

Defendant objects to Interrogatory No. 2 on the grounds that it seeks information outside the relevant statute of limitations period, is overbroad and unduly burdensome in that it does not specify a specific job position or otherwise limit its request to individuals whom Plaintiff alleges were "similarly situated" to Plaintiff, is vague and ambiguous in its reference to "on an hourly basis,", seeks information that is not relevant to any claim or defense in this action. Defendant further objects to this Interrogatory on the grounds it is improper as the Court required "that NY Paving disclose only the full names, last-known addresses, job titles, and dates of employment." *See* Opinion and Order dated December 4, 2018 (ECF No. 45). Defendant further objects to Interrogatory No. 2 on the grounds that it seeks information outside the scope of Local Rule of the United States District Court for the Southern District of New York 33.3 as it seeks information other than the "names of witnesses with knowledge of information relevant to the

subject matter of the action," "the computation of each category of damage alleged," or the existence, location and description of relevant documents.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking the names of witnesses who may information relevant to Plaintiff's claims and/or to Defendant's defenses, Defendants refer Plaintiff to Defendant's Response to Interrogatory No. 1, which may contain information relevant to this Request. Defendant continues to search for information relevant to this Request and therefore reserves the right to supplement its response to this Request, including by identifying additional persons upon continuation and/or completion of its continuing investigation.

**INTERROGATORY NO. 3:**

State whether Defendant or any advisor or consultant of Defendant performed any wage and hour audits or studies (or similar inquiries) regarding NY Paving's overtime pay policies. If your answer is affirmative, please provide the date of the study or audit (or similar inquiry) and the bates number (if produced) or location on Defendant's privilege log (if withheld).

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 3:**

Defendant objects to Interrogatory No. 3 on the grounds that is overbroad as to scope and time as it is not limited to a specific time period and seeks information outside the relevant statute of limitations period, seeks information more appropriately discovered through other methods of discovery such as a document request and/or a deposition, and seeks information that is not relevant to any claim or defense in this action. Defendant further objects to this Interrogatory on the grounds that it seeks information outside the scope of Local Rule of the United States District Court for the Southern District of New York 33.3 as it seeks information other than the "names of witnesses with knowledge of information relevant to the subject matter of the action," "the computation of each category of damage alleged," or the existence, location and description of relevant documents.

**INTERROGATORY NO. 4 :**

Identify each person with knowledge of Defendant's human resources, pay, payroll, hiring, compensation, training, promotion practices.  For each person identified, provide a summary of the information you believe is known to the person.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to Interrogatory No. 4 on the grounds that is overbroad as to scope and time as it is not limited to a specific time period and/or seeks information outside the relevant statute of limitations period, seeks information more appropriately discovered through a deposition, is vague and ambiguous as it does not state the specific job position to which the "practices" relate, assumes facts not admitted, and seeks information which is speculative as it requests Defendant to speak to a third party's state of mind and knowledge. Defendant further objects to Interrogatory No. 4 on the grounds that it seeks information outside the scope of Local Rule of the United States District Court for the Southern District of New York 33.3 as it seeks information other than the "names of witnesses with knowledge of information relevant to the subject matter of the action," "the computation of each category of damage alleged," or the existence, location and description of relevant documents.

Consistent with and without waiving the foregoing general and specific objections, and construing this Interrogatory to seek information relative to the time period of June 3, 2012 through the present, and to seek the names of witnesses who may have information concerning the payroll policies, procedures and/or practices applicable to Plaintiff, Defendant identifies Peter Miceli, Robert Zaremski, and Maura Hernandez.  Peter Miceli and/or Robert Zaremski may have knowledge and/or information relevant to Defendant's human resources, pay, payroll, hiring, compensation, training, and/or promotion practices.   Maura Hernandez may have knowledge and/or information relevant to Defendant's human resources, and/or payroll practices.

Defendant continues to search for information relevant to this Request and therefore reserves the right to supplement its response to this Request, including by identifying additional persons and/or by revising the types of information known and/or unknown to the individuals identified herein, upon continuation and/or completion of its continuing investigation.

**INTERROGATORY NO. 5:**

Identify any changes, and the reasons for any such changes, in NY Paving's policies or procedures regarding (i) compensating pavers for driving vehicles from the Yard to work sites, (ii) compensating pavers for performing work in the morning after arriving at the Yard, (iii) compensating pavers for performing work after the final paving job.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 5:**

Defendant objects to Interrogatory No. 5 is overbroad as to scope and time as it is not limited to a specific time period and/or seeks information outside the relevant statute of limitations period, and seeks information more appropriately discovered through a deposition, is vague and ambiguous as it does not state the specific job position to which the "practices" relate, assumes facts not admitted, and seeks information which is speculative as it requests Defendant to speak to a third party's state of mind and knowledge. Defendant further objects to this Request on the grounds that it seeks information outside the scope of Local Rule of the United States District Court for the Southern District of New York 33.3 as it seeks information other than the "names of witnesses with knowledge of information relevant to the subject matter of the action," "the computation of each category of damage alleged," or the existence, location and description of relevant documents. Defendant further objects to this Interrogatory on the grounds it is compound which results in Plaintiff exceeding his limit of 25 interrogatories as mandated by Federal Rules of Civil Procedure ("FRCP"), Rule 33.

**INTERROGATORY NO. 6:**

Describe NY Paving's past and present policies or procedures regarding (i) compensating pavers for driving vehicles from the Yard to work sites, (ii) compensating pavers for performing work in the morning after arriving at the Yard, (iii) compensating pavers for performing work after the final paving job.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 6:**

Defendant objects to Interrogatory No. 6 on the grounds that it is overbroad as to scope

and time as it is not limited to a specific time period and/or seeks information outside the

relevant statute of limitations period, and seeks information more appropriately discovered

through a deposition.  Defendant further objects to this Request on the grounds that it seeks

information outside the scope of Local Rule of the United States District Court for the Southern

District of New York 33.3 as it seeks information other than the "names of witnesses with

knowledge of information relevant to the subject matter of the action," "the computation of each

category of damage alleged," or the existence, location and description of relevant documents.

Defendant further objects to this Interrogatory on the grounds it is compound which results in

Plaintiff exceeding his limit of 25 interrogatories as mandated by Federal Rules of Civil

Procedure ("FRCP"), Rule 33

**INTERROGATORY NO. 7:**

Identify each person with knowledge of, and/or who took part in establishing, NY Paving's policies or procedures regarding (i) compensating pavers for driving vehicles from the Yard to work sites, (ii) compensating pavers for performing work in the morning after arriving at the Yard, (iii) compensating pavers for performing work after the final paving job.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 7:**

Defendant objects to Interrogatory No. 7 on the grounds that it is overbroad as to scope

and time as it is not limited to a specific time period and/or seeks information outside the

relevant statute of limitations period, seeks information which is speculative as it requests

Defendant to speak to a third party's state of mind and knowledge, assumes facts not admitted, and seeks information which may be protected by the attorney-client or work-product privilege. Defendant further objects to this Interrogatory on the grounds it is compound which results in Plaintiff exceeding his limit of 25 interrogatories as mandated by Federal Rules of Civil Procedure ("FRCP"), Rule 33.

Consistent with and without waiving the foregoing general and specific objections, and construing this Interrogatory to seek information relative to the time period of June 3, 2012 through the present, and to seek information concerning the names of witnesses who may have information concerning the payroll policies, procedures and/or practices applicable to Plaintiff, Defendant refers Plaintiff to its Response to Interrogatory No. 4 for information which may be responsive to this Request. Defendant continues to search for information relevant to this Request and therefore reserves the right to supplement its response to this Request, including by identifying additional persons upon continuation and/or completion of its continuing investigation.

**INTERROGATORY NO. 8:**

Describe NY Paving's policies relating to pavers' work shifts and the time pavers are expected to report to the Yard.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 8:**

Defendant objects to Interrogatory No. 8 on the grounds that it is overbroad as to scope and time as it is not limited to a specific time period and/or seeks information outside the relevant statute of limitations period, is vague in its reference to "work shifts" and "expected to report to the Yard," and seeks information more appropriately discovered through a deposition. Defendant further objects to this Request on the ground that it seeks information outside the scope of Local Rule of the United States District Court for the Southern District of New York

33.3 as it seeks information other than the "names of witnesses with knowledge of information relevant to the subject matter of the action," "the computation of each category of damage alleged," or the existence, location and description of relevant documents.

**INTERROGATORY NO. 9:**

Describe NY Paving's policies relating to any discipline of employees who did not timely show up for their shift before they were scheduled to depart from the Yard.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 9:**

Defendant objects to Interrogatory No. 9 on the grounds that it is overbroad as to scope and time as it is not limited to a specific time period and/or seeks information outside the relevant statute of limitations period, is vague and ambiguous in reference to "timely show up" and "scheduled to depart from the Yard," assumes facts not admitted, and seeks information more appropriately discovered through a deposition. Defendant further objects to this Request on the ground that it seeks information outside the scope of Local Rule of the United States District Court for the Southern District of New York 33.3 as it seeks information other than the "names of witnesses with knowledge of information relevant to the subject matter of the action," "the computation of each category of damage alleged," or the existence, location and description of relevant documents.

**INTERROGATORY NO. 10:**

Identify each person with knowledge of, and/or who took part in, preparing a document for dissemination to employees titled **"Transportation Memo"** and the accompanying **"Statement."**

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 10:**

Defendant objects to Interrogatory No. 10 on the grounds that it is overbroad as to scope and time as it is not limited to a specific time period and/or seeks information outside the

relevant statute of limitations period, assumes facts not admitted, seeks information which is speculative as it requests Defendant to speak to a third party's state of mind and knowledge, and seeks information which may be protected by the attorney-client and/or work-product privilege.

Consistent with and without waiving the foregoing general and specific objections, and construing this Interrogatory to seek information relative to the time period of June 3, 2012 through the present, and to seek the names of witnesses who may have information concerning the payroll policies, procedures and/or practices as applicable and/or communicated to Plaintiff and/or other "opt-ins" in this matter, Defendant refers Plaintiff to its Response to Interrogatory Nos. 1 and 4 for information which may be responsive to this Request.  Defendant continues to search for information relevant to this Request and therefore reserves the right to supplement its response to this Request, including by identify additional persons who upon continuation and/or completion of its continuing investigation.

**INTERROGATORY NO. 11:**

Describe the reasons for preparing a document for dissemination to employees titled **"Transportation Memo"** and the accompanying **"Statement."**

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 11:**

Defendant objects to Interrogatory No. 11 on the grounds that it is overbroad as to scope and time as it is not limited to a specific time period and/or seeks information outside the relevant statute of limitations period, is vague and ambiguous in its references to "the reasons for preparing a document" and "for dissemination to employees," seeks information which may be protected by the attorney-client or work-product privilege, assumes facts not admitted, and seeks information more appropriately discovered through a deposition. Defendant further objects to this Request on the ground that it seeks information outside the scope of Local Rule of the

United States District Court for the Southern District of New York 33.3 as it seeks information other than the "names of witnesses with knowledge of information relevant to the subject matter of the action," "the computation of each category of damage alleged," or the existence, location and description of relevant documents.

**INTERROGATORY NO. 12:**

Identify each person with knowledge of, and/or who took part in, preparing a document for dissemination to employees titled **"For Crews That Have Some Or All Workers Meeting at First Location."**

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 12:**

Defendant objects to Interrogatory No. 12 on the grounds that it is overbroad as to scope and time as it is not limited to a specific time period and/or seeks information outside the relevant statute of limitations period, is vague and ambiguous in its reference to "took part in" and "for dissemination to employees," assumes facts not admitted, and seeks information which may be protected by the attorney-client and/or work-product privilege.

Consistent with and without waiving the foregoing general and specific objections, and construing this Interrogatory to seek information relative to the time period of June 3, 2012 through the present, and to seek the names of witnesses who may have information concerning the payroll policies, procedures and/or practices as applicable to Plaintiff and/or other "opt-ins" in this matter, Defendant refers Plaintiff to its Response to Interrogatory No. 4 for information which may be responsive to this Request. Defendant continues to search for information relevant to this Request and therefore reserves the right to supplement its response to this Request, including by identifying additional persons who upon continuation and/or completion of its continuing investigation.

**INTERROGATORY NO. 13:**

Describe the reasons for preparing a document for dissemination to employees titled **"For Crews That Have Some Or All Workers Meeting at First Location."**

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 13:**

Defendant objects to Interrogatory No. 13 on the grounds that it is overbroad as to scope and time as it is not limited to a specific time period and/or seeks information outside the relevant statute of limitations period, is vague and ambiguous in its references to "the reasons for preparing a document" and "for dissemination to employees," seeks information which may be protected by the attorney-client or work-product privilege, assumes facts not admitted, and seeks information more appropriately discovered through a deposition. Defendant further objects to this Request on the ground that it seeks information outside the scope of Local Rule of the United States District Court for the Southern District of New York 33.3 as it seeks information other than the "names of witnesses with knowledge of information relevant to the subject matter of the action," "the computation of each category of damage alleged," or the existence, location and description of relevant documents.

**INTERROGATORY NO. 14:**

Identify each person with knowledge of Defendant's information technology systems. For each person identified, provide a summary of the information you believe is known to the person.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 14:**

Defendant objects to Interrogatory No. 14 on the grounds that it seeks information outside the scope of Local Rule of the United States District Court for the Southern District of New York 33.3 to the extent it requests to "provide a summary of the information," is overbroad as to scope and time as it is not limited to a specific time period and/or seeks information outside the relevant statute of limitations period, is vague and ambiguous in its reference to "information

technology systems," seeks information which is speculative as it requests Defendant to speak to a third party's state of mind and knowledge, assumes facts not admitted, and seeks information more appropriately discovered through a deposition.

Consistent with and without waiving the foregoing general and specific objections, and construing this Interrogatory to seek information relative to the time period of June 3, 2012 through the present, and to seek witnesses who have knowledge of information relevant to any electronic and/or technological methods of delivering information to Plaintiff and/or any other "opt-ins" in this matter, Defendant refers Plaintiff to its Response to Interrogatory No. 4 for information which may be responsive to this Request. Defendant continues to search for information relevant to this Request and therefore reserves the right to supplement its response to this Request, including by identify additional persons upon continuation and/or completion of its continuing investigation.

**INTERROGATORY NO. 15:**

Identify all databases that may contain data potentially relevant to this action and describe the nature of such data. As part of this identification, state the date range (i.e. 1/1/12 to present) of the accessible data, and whether review of such data requires the use of proprietary software. Please also provide a list of the data fields in any identified software (field tree) and dictionaries for each such data field.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 15:**

Defendant objects to Interrogatory No. 15 on the grounds that it is overbroad as to scope and time as it seeks information outside the relevant statute of limitations period, and is vague and ambiguous in its reference to "databases," "accessible data," "proprietary software," "data fields," and "field tree," is unduly burdensome in its request for "all databases," assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Interrogatory to seek information relative to the time period of June 3, 2012 through the present, and to seek information concerning the existence, location and description of relevant documents, Defendant avers information relevant to this request may be contained on a "server" (or "mainframe") maintained on the premises of Defendant's business. Defendants note this "server" (or "mainframe") may contain the following information relevant to the instant action for Plaintiff and/or for the putative plaintiffs referenced in response to Interrogatory No. 1: name(s); social security number(s); union-membership status; and/or hours worked.  Defendant notes information from approximately 2013 forward may be readily "accessible" at this time. Defendant continues to search for information relevant to this Request and therefore reserves the right to supplement its response to this Request, including by identifying additional information responsive to this Request upon continuation and/or completion of its continuing investigation.

## INTERROGATORY NO. 16:

Identify the servers, mainframes, backups or any hard drive that may contain relevant information.  Please state how many of these servers, mainframes, backups or hard drives are in Defendant's possession, as well as their physical location.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 16:

Defendant objects to Interrogatory No. 16 on the grounds that it is overbroad as to scope and time as it seeks information outside the relevant statute of limitations period, and is vague and ambiguous in its reference to "servers, mainframes, backups or any hard drive," is unduly burdensome in its request to identify all "servers, mainframes, backups or any hard drive" assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Interrogatory to seek information relative to the time period of June 3, 2012 through the present, and to seek information concerning the existence, location and description of relevant documents, Defendant refers Plaintiff to its Response to Interrogatory No. 15 for information which may be responsive to this Request.  Defendant avers it continues to search for information relevant to this Request and therefore reserves the right to supplement its response to this Request, including by identifying additional relevant information upon continuation and/or completion of its continuing investigation.

**INTERROGATORY NO. 17:**

Identify all corporate-level file shares where documents (e.g., Word documents, Excel Spreadsheets, Power Points, PDFs, etc.) are stored.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 17:**

Defendant objects to Interrogatory No. 17 on the grounds that it is overbroad as to scope and time as it seeks information outside the relevant statute of limitations period, is vague and ambiguous in its reference to "corporate-level file shares" and "are stored," is unduly burdensome in its request to identify all "file shares," assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Interrogatory to seek information relative to the time period of June 3, 2012 through the present, and to seek witnesses who have knowledge of information relevant to any electronic and/or technological methods of delivering information to Plaintiff and/or any other "opt-ins" in this matter and/or to any Defendant regarding Plaintiff and/or any other "opt-ins" in this matter and seeking information concerning the existence, location and description of relevant documents, Defendant refers Plaintiff to its Response to Interrogatory Nos. 4 and 15 for

859595-4                                              18

information which may be responsive to this Request. Defendant continues to search for information relevant to this Request and therefore reserves the right to supplement its response to this Request, including by identify additional persons upon continuation and/or completion of its continuing investigation.

**INTERROGATORY NO. 18:**

Identify Defendant's officers and employees who have access to the file shares and the amount of data contained on such file shares.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 18:**

Defendant objects to Interrogatory No. 18 on the grounds that it is overbroad as to scope and time as it seeks information outside the relevant statute of limitations period, is vague and ambiguous in its reference to "access," "file shares" and "amount of data," assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Interrogatory to seek information relative to the time period of June 3, 2012 through the present, and to seek witnesses who have knowledge of information relevant to any electronic and/or technological methods of delivering information to Plaintiff and/or any other "opt-ins" in this matter and/or to any Defendant regarding Plaintiff and/or any other "opt-ins" in this matter and seeking information concerning the existence, location and description of relevant documents, Defendant refers Plaintiff to its Response to Interrogatory Nos. 4 and 15 for information which may be responsive to this Request. Defendant continues to search for information relevant to this Request and therefore reserves the right to supplement its response to this Request, including by identify additional persons upon continuation and/or completion of its continuing investigation.

**INTERROGATORY NO. 19:**

Identify all languages in which Defendant's management conducts business with former, current, or potential customers and employees.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 19:**

Defendant objects to Interrogatory No. 19 on the grounds that it is overbroad as to scope and time as it seeks information outside the relevant statute of limitations period, is vague and ambiguous in its reference to "conducts business" and "potential . . . employees," assumes facts not admitted, and seeks information that is not relevant to any claim or defense in this action. Defendant further objects to this Request on the ground that it seeks information outside the scope of Local Rule of the United States District Court for the Southern District of New York 33.3 as it seeks information other than the "names of witnesses with knowledge of information relevant to the subject matter of the action," "the computation of each category of damage alleged," or the existence, location and description of relevant documents.

**INTERROGATORY NO. 20:**

Identify all internet portals, internal chat and/or video conferencing software and state whether review of this data requires the use of proprietary software.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 20:**

Defendant objects to Interrogatory No. 20 on the grounds that it is overbroad as to scope and time as it seeks information outside the relevant statute of limitations period, is vague and ambiguous in its reference to "internet portals, internal chat and/or video conferencing software," "data," and "proprietary software," assumes facts not admitted, is unduly burdensome in its request to identify "all" portals and software, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Interrogatory to seek information relative to the time period of June 3, 2012 through the present, and to seek information concerning the existence, location and description of documents relevant to Plaintiff's claims and/or Defendant's defenses, particularly as such information is stored upon relevant "internet portals, internal chat and/or video conferencing software," Defendant avers information responsive to this request does not exist.

**INTERROGATORY NO. 21:**

Identify the number of hard drives Defendant has preserved, as well as those drives' custodians. If any data available on hard drives is also available from other sources, identify such sources and the period for which such data is available.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 21:**

Defendant objects to Interrogatory No. 21 on the grounds that it is overbroad as to scope and time as it seeks information outside the relevant statute of limitations period, is vague and ambiguous in its reference to "hard drives," "data," and "other sources" assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Interrogatory to seek information relative to the time period of June 3, 2012 through the present, and to seek information concerning the existence, location and description of relevant documents, Defendant refers Plaintiff to its Response to Interrogatory No. 15 for information which may be responsive to this Request. Defendant continues to search for information relevant to this Request and therefore reserves the right to supplement its response to this Request, including by identify additional persons upon continuation and/or completion of its continuing investigation.

## INTERROGATORY NO. 22:

Identify the type of email system(s) used by Defendant, the time frame for emails that have been preserved (distinguishing between the emails preserved on accessible media and those that Defendant alleges are preserved on inaccessible media, if any), and the format of preserved but inaccessible emails.  Please also identify the total number of company email accounts for each email system and the number of emails in each account.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 22:

Defendant objects to Interrogatory No. 22 on the grounds that it is overbroad as to scope and time as it seeks information outside the relevant statute of limitations period, is vague and ambiguous in its reference to "types of email systems," "accessible media," "inaccessible media," assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Interrogatory to seek information relative to the time period of June 3, 2012 through the present, and to seek information concerning the existence, location and description of relevant documents, Defendant refers Plaintiff to its Response to Interrogatory No. 15 for information which may be responsive to this Request.  Defendant continues to search for information relevant to this Request and therefore reserves the right to supplement its response to this Request, including by identify additional persons upon continuation and/or completion of its continuing investigation.

## INTERROGATORY NO. 23:

Identify the sources that may contain the data contained in Defendant's email systems as well as the physical location of such systems.  For each such system, please identify the efforts required to restore relevant data from that system, as well as the period for which such system data is available.  Please also state if at any time from January 1, 2012 to the present Defendant changed, modified, migrated, or moved from or to the systems identified above.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 23:**

Defendant objects to Interrogatory No. 23 on the grounds that it seeks information outside the scope of Local Rule of the United States District Court for the Southern District of New York 33.3 ("Local Rule 33.3") to the extent it requests Defendant to state whether the "systems" were ever "changed, modified, migrated, or moved," is overbroad as to scope and time as it seeks information outside the relevant statute of limitations period, is vague and ambiguous in its reference to "sources that may contain the data," "email systems," "efforts required," "restore relevant data," and "changed, modified, migrated or moved from or to the systems," assumes facts not admitted, seeks information more appropriately discovered through a deposition, and seeks information that is not relevant to any claim or defense in this action.

Consistent with and without waiving the foregoing general and specific objections, and construing this Interrogatory to seek information relative to the time period of June 3, 2012 through the present, and to seek information concerning the existence, location and description of relevant documents, Defendant refers Plaintiff to its Response to Interrogatory No. 15 for information which may be responsive to this Request. Defendant continues to search for information relevant to this Request and therefore reserves the right to supplement its response to this Request, including by identify additional persons upon continuation and/or completion of its continuing investigation.

**INTERROGATORY NO. 24:**

Identify the types of portable electronic devices, if any, Defendant provides to its employees or those that Defendant's employees may have used in the course of performing their work for Defendant.

859595-4                                    23

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 24:

Defendant objects to Interrogatory No. 23 on the grounds that it is overbroad as to scope and time as it seeks information outside the relevant statute of limitations period, is vague and ambiguous in its reference to "portable electronic devices," "provides," and "in the course of performing their work," assumes facts not admitted, and seeks information that is not relevant to any claim or defense in this action.

Consistent with and without waiving the foregoing general and specific objections, and construing this Interrogatory to seek information relative to the time period of June 3, 2012 through the present, and to seek information concerning the existence, location and description of relevant documents as provided to Plaintiff and/or any other "opt-ins" in this matter, Defendant continues to search for information relevant to this Request and therefore reserves the right to supplement its response to this Request, including by identify additional persons upon continuation and/or completion of its continuing investigation.

## INTERROGATORY NO. 25:

State whether Defendant is storing potentially relevant data with third party storage providers, and, if so, state the identity of these providers.  If Defendant is utilizing such outside sources to maintain potentially relevant data, state whether this data has been preserved.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 25:

Defendant objects to Interrogatory No. 23 on the grounds that it is overbroad as to scope and time as it seeks information outside the relevant statute of limitations period, is vague and ambiguous in its reference to "portable electronic devices," "provides," and "in the course of performing their work," assumes facts not admitted, and seeks information that is not relevant to any claim or defense in this action.

Consistent with and without waiving the foregoing general and specific objections, and construing this Interrogatory to seek information relative to the time period of June 3, 2012 through the present, and to seek information concerning the existence, location and description of relevant documents as provided to Plaintiff and/or any other "opt-ins" in this matter, Defendant continues to search for information relevant to this Request and therefore reserves the right to supplement its response to this Request, including by identify additional persons upon continuation and/or completion of its continuing investigation.

**INTERROGATORY NO. 26:**

For Plaintiff and each Class Member, describe any system used to track data about:

      i.    employment applications for and hiring of pavers.
     ii.   human resources.
    iii.  payroll.
    iv.  performance and evaluation of pavers.
     v.   pavers' job responsibilities.
    vi.  billing for employee time.
   vii.  travel time.
  viii.  in-service or other training time.
    ix.  tasks performed by pavers on a daily basis.
     x.   in addition to the software referenced above, please identify any additional software Defendant uses to conduct its affairs

*(As part of this identification, state the date range (i.e. 1/1/12 to present) of the accessible data, and whether review of such data requires the use of proprietary software. Please also provide a list of the data fields in any identified software (field tree) and dictionaries for each such data field.)*

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 26:**

Defendant objects to Interrogatory No. 26 on the grounds that it seeks information outside the scope of Local Rule of the United States District Court for the Southern District of New York 33.3 ("Local Rule 33.3") to the extent it does not relate to "seeking names of witnesses of information relevant to the subject matter of the action, the computation of each category of damage alleged" or the existence and location of relevant documents, is overbroad as

to scope and time as it seeks information outside the relevant statute of limitations period, is vague and ambiguous, seeks information more appropriately discovered through a deposition, and seeks information that is not relevant to any claim or defense in this action. Defendant further objects to this Interrogatory on the grounds Plaintiff exceeded his limit of 25 interrogatories as mandated by Federal Rules of Civil Procedure ("FRCP"), Rule 33.

**INTERROGATORY NO. 27:**

Identify each person:

      i.   who has provided you with a written statement, and/or from whom you intend to obtain a written statement, and/or from whom you have sought to obtain a written statement, whether sworn or unsworn, and whether signed or unsigned, attesting to information concerning the Complaint; and

     ii.   other than your legal counsel, who answered or in any way assisted with the preparation of the answers to these interrogatories or from whom information used in answering these interrogatories was obtained.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 27:**

Defendant objects to Interrogatory No. 27 on the grounds that it is overbroad as to scope and time as it seeks information outside the relevant statute of limitations period, is vague and ambiguous, and seeks information that is not relevant to any claim or defense in this action. Defendant further objects to this Interrogatory on the grounds Plaintiff exceeded his limit of 25 interrogatories as mandated by Federal Rules of Civil Procedure ("FRCP"), Rule 33 and also is compound.

**INTERROGATORY NO. 28:**

Identify any person you expect to call as an expert witness at trial and state the subject matter on which the expert is expected to testify and the substance of the facts and opinions on which the expert is expected to testify and give a summary of the grounds for each opinion.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 28:**

Defendant objects to Interrogatory No. 28 on the grounds that it is overbroad as to scope and time as it seeks information outside the relevant statute of limitations period, is vague and ambiguous, is premature, and seeks information that is not relevant to any claim or defense in this action. Defendant further objects to this Interrogatory on the grounds Plaintiff exceeded his limit of 25 interrogatories as mandated by Federal Rules of Civil Procedure ("FRCP"), Rule 33 and also is compound.

Dated: Mineola, New York
   December 21, 2018

MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP

By: /s/ Christopher P. Hampton, Esq.
Christopher P. Hampton, Esq.
Larry R. Martinez, Esq.
Nicholas P. Melito, Esq.
190 Willis Avenue
Mineola, New York 11501
Telephone: 516-747-0300
champton@meltzerlippe.com
*Attorneys for Defendant*

TO: Steven L. Wittels, Esq. (Via E-Mail and U.S. Mail)
   J. Burkett McInturff, Esq.
   Tiasha Palikovic, Esq.
   **WITTELS LAW, P.C.**
   18 Half Mile Road
   Armonk, New York 10504
   T: (914) 319-9945
   *Counsel for Plaintiff and the Putative Class/Collective*

## CERTIFICATE OF SERVICE

I, Nicholas P. Melito, Esq., hereby certify that on the 14th day of December, 2018, I caused to be electronically and hardcopy mailed a true and correct copy of the within Defendants Responses and Objections to Plaintiff's First Set of Interrogatories to Defendant by First-Class Mail, postage prepaid to:

> Steven L. Wittels, Esq. (Via E-Mail and U.S. Mail)
> J. Burkett McInturff, Esq.
> Tiasha Palikovic, Esq.
> **WITTELS LAW, P.C.**
> 18 Half Mile Road
> Armonk, New York 10504
> T: (914) 319-9945
> slw@wittelslaw.com
> jbm@wittelslaw.com
> tpalikovic@wittelslaw.com
> *Counsel for Plaintiff and the Putative Class/Collective*

> _/s/ Nicholas P. Melito_
> Nicholas P. Melito

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

EDGARDO DIAZ,
Individually and on Behalf of All Other
Persons Similarly Situated,

                                Plaintiff,

                -against-

NEW YORK PAVING INC.

                              Defendant.
-------------------------------------------------------------------X

Case No.
18-CV-4910 (ALC) (GWG)

**DEFENDANT'S FOURTH SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**

      Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("local rules"), Defendant New York Paving, Inc. ("NY Paving"), by its attorneys, Meltzer, Lippe, Goldstein & Breitstone, LLP hereby respond, to Plaintiff Edgardo Diaz ("Plaintiff"), First Request for the Production of Documents ("Requests") as follows:

## GENERAL STATEMENT

    1.      By responding to any Request, Defendant does not concede the materiality of the subject to which it refers.  Defendant's responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including, but not limited to, the trial of this action or any subsequent proceeding.

2.      Defendant objects to Plaintiff's Requests to the extent they demand documents and/or information which are protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.

3.      Defendant objects to Plaintiff's Requests to the extent they impose obligations upon Defendant beyond which is required under the Federal Rules of Civil Procedure, applicable local rules and/or Orders and the rules of this Court.

4.      Defendant objects to these Requests to the extent they demand documents and/or information outside of the relevant time period of Plaintiff's alleged causes of action.

5.      The inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of Defendant's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

6.      Defendant objects to any Request for information or production from entities not represented by counsel for Defendant.

7.      Defendant object to these Requests to the extent they seek the home address and telephone numbers of individuals, other than the named Plaintiff, identified by Defendant in response to any Document Request.

8.      Defendant objects to these Requests to the extent they demand documents and/or information which concern any putative class and/or collective member (or any alleged related facts, including but not limited to inquiries concerning Defendant) who is currently not a party to this matter as "Named" Plaintiff, "opt-in" Plaintiff, or otherwise.  See <u>Da Silva Moore v. Publicis</u>

2

990786.2

Group, 868 F. Supp. 2d 137, 169 (S.D.N.Y. 2012) (finding plaintiffs therein "are not entitled to discovery about individual potential class members until plaintiffs have moved for and been granted class certification").

9.    In the event a Request seeks production of documents which are privileged, Defendant will provide, under separate cover and as required, a privilege log.

10.    Defendant objects to any Request which fails to present a clear and unambiguous request for documents or information.  Defendant continues this objection regardless of and notwithstanding Defendant's attempt to construe the Request consistent with the allegations, subject matter and circumstances of the instant matter.  Defendant reserves the right to demand Plaintiff revise such vague and ambiguous Requests pursuant to the Federal Rules of Civil Procedure, applicable local rules and the rules of this Court.

11.    Defendant continues to search for information responsive to Plaintiff's Requests and therefore reserves the right to supplement its response to each Request with additional documents and/or information, if and when such information becomes available to Defendant's counsel.  Defendant also reserves the right to object to the future disclosure of any such documents and/or information and to revise any objections asserted or add any objection not asserted herein.

12.    Defendant objects to any Request which assumes the Defendant employed or jointly-employed the Plaintiff, or any other individual, unless such employment or joint-employment is admitted explicitly herein by Defendant.

13.    The term "Defendant" shall be construed to include New York Paving, Inc.  Use of the term "Defendants" does not act as an admission or acknowledgement of any employer or

3

joint-employer relationship by any Defendant and is used merely to identify the parties and for the convenience of the reader.

*     *     *

## RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 1:

All paystubs, wage statements, wage notices, and/or related documents provided or made available to Plaintiff and each Class Member.

### OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 1:

Defendant objects to Document Request No. 1 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1), is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is vague and ambiguous in its reference to "related documents," seeks confidential information pertaining to non-parties, assumes facts not admitted, is improper as this matter has not been certified as a class action pursuant to Fed. R. Civ. P. Rule 23, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Document Request as seeking information relating to the number of hours worked, and/or pay received for said hours worked, for Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present, and limiting the information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant refers Plaintiff to documents bates-stamped NYP000001 – NYP000429, and NYP001055 – NYP001281 for documents which contain information relevant to this request. Defendant is not in possession of "paystubs" or "wage statements" as it is only legally required to record and maintain the information reflected in NYP000001 – NYP000429.

990786.2

In accordance with Fed. R. Civ. P 34(b)(2)(C), Defendant affirmatively states it is withholding documents on the basis of the objections noted above.

## REQUEST NO. 2:

All documents and communications relating to Defendant's payment of wages to Plaintiff or each Class Member, including without limitation copies of all documents or communications sent to or received by Plaintiff and each Class Member.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 2:

Defendant objects to Document Request No. 2 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is unduly burdensome, is vague and ambiguous in its reference to "all documents and communications relating to Defendant's payment of wages," seeks confidential information pertaining to non-parties, assumes facts not admitted, is improper as this matter has not been certified as a class action pursuant to Fed. R. Civ. P. Rule 23, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information relating to the number of hours worked, and/or pay received for said hours worked, for Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present, and limiting the information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant refers Plaintiff to documents bates-stamped NYP000430 – NYP000441 for documents which contain information

6

relevant to this request.  Defendants also refer Plaintiff to documents produced in response to Document Request No. 1, which may contain information relevant to this Request.

In accordance with Fed. R. Civ. P 34(b)(2)(C), Defendant affirmatively states it is withholding documents on the basis of the objections noted above.

**REQUEST NO. 3:**

All documents providing, reflecting or setting forth payroll data for Plaintiff and each Class Member.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 3:**

Defendant objects to Document Request No. 3 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is unduly burdensome, is vague and ambiguous in its reference to "providing, reflecting or setting forth," seeks confidential information pertaining to non-parties, assumes facts not admitted, is improper as this matter has not been certified as a class action pursuant to Fed. R. Civ. P. Rule 23, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information relating to the number of hours worked, and/or pay received for said hours worked, for Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present, and limiting the information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant refers Plaintiff to documents produced in response to Document Request Nos. 1 and 2, which may contain information relevant to this Request.

7

In accordance with Fed. R. Civ. P 34(b)(2)(C), Defendant affirmatively states it is withholding documents on the basis of the objections noted above.

**REQUEST NO. 4:**

All documents regarding Plaintiff and any Class Member's employment with you, including, but not limited to, personnel file(s), payroll file(s), timesheets or time records, and overtime request or approval forms.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 4:**

Defendant objects to Document Request No. 4 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is unduly burdensome, is vague and ambiguous in its reference to "regarding . . . employment with you" seeks confidential information pertaining to non-parties, assumes facts not admitted, is improper as this matter has not been certified as a class action pursuant to Fed. R. Civ. P. Rule 23, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information relating to the number of hours worked, and/or pay received for said hours worked, for Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present, and limiting the information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant refers Plaintiff to documents bates-stamped NYP000442 – NYP000924 for documents which contain information relevant to this request. Defendants also refer Plaintiff to documents produced in response to Document Request Nos. 1 and 2, which may contain information relevant to this Request. These

8

documents represent all personnel records and payroll data for the Named Plaintiff and Opt-in

Plaintiff in Defendant's possession, custody, and/or control, and to the extent any such

documents remain outstanding for any additional Opt-in Plaintiffs, Defendants affirmatively aver

they will produce same.

In accordance with Fed. R. Civ. P 34(b)(2)(C), Defendant affirmatively states it is

withholding documents on the basis of the objections noted above, including but not limited to

Defendant's objection as noted in the General Statement herein.

**REQUEST NO. 5:**

Documents that reflect amounts paid by you to Plaintiff and all Class Members,
whether as salaries, wages, bonuses, non-monetary benefits, or otherwise.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 5:**

Defendant objects to Document Request No. 5 on the grounds that the breadth of the

request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1)

considering the marginal importance of the materials to the claims and defenses in this litigation,

is overbroad as to scope and time as the Request is not limited to a specific time period, seeks

information not relevant to the amount of direct monetary compensation ostensibly received by

Plaintiff and/or any "opt-in" Plaintiff in this matter, and/or seeks information outside the relevant

statute of limitations period, is unduly burdensome, is vague and ambiguous in its reference to

"reflect amounts paid by you," seeks confidential information pertaining to non-parties, assumes

facts not admitted, duplicative of other requests, is improper as this matter has not been certified

as a class action pursuant to Fed. R. Civ. P. Rule 23, and seeks information not calculated to lead

to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and

construing this Request as seeking information for Plaintiff and/or any individual who has

9

990786.2

"opted-in" to this matter during the time period of June 3, 2012 through the present, and limiting the information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant refers documents produced in response to Document Request Nos. 1, 2, and 4, which may contain information relevant to this Request.

In accordance with Fed. R. Civ. P 34(b)(2)(C), Defendant affirmatively states it is withholding documents on the basis of the objections noted above, including but not limited to Defendant's objection as noted in the General Statement herein.

**REQUEST NO. 6:**

All texts, emails, memos, correspondence or other documents to or from NY Paving and any of its Managers, supervisors or employees informing pavers when to report to the Yard for work.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 6:**

Defendant objects to Document Request No. 6 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, is overbroad as to scope and time as the Request is not limited to a specific time period, seeks information outside the relevant statute of limitations period, is unduly burdensome, assumes facts not admitted, seeks information more appropriately determined through a deposition, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information relating to the times at which Defendant purportedly required Plaintiff and/or any individual who has "opted-in" to be available to perform "work" (using its general meaning with no legal implications or ramifications) during the time period of June 3, 2012 through the present, and limiting the information as it was

990786.2

provided to, relayed to, and/or pertaining to, Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant affirmatively avers it is currently not withholding any materials responsive to this request on the basis of any objection noted above.

**REQUEST NO. 7:**

All texts, emails, memos, correspondence or other documents describing or relating to work shifts and the time pavers are expected to report to the Yard.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 7:**

Defendant objects to Document Request No. 7 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, is overbroad as to scope and time as the Request is not limited to a specific time period, seeks information outside the relevant statute of limitations period, is unduly burdensome, assumes facts not admitted, seeks information more appropriately determined through a deposition, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information relating to the times at which Defendant purportedly required Plaintiff and/or any individual who has "opted-in" to be available to perform "work" (using its general meaning with no legal implications or ramifications) during the time period of June 3, 2012 through the present, and limiting the information as it was provided to, relayed to, and/or pertaining to, Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant affirmatively avers it is currently not withholding any materials responsive to this request on the basis of any objection noted above.

11

990786.2

**REQUEST NO. 8:**

All manuals, procedures, policies, or other documents describing or relating to (i) loading and/or preparing vehicles in the Yard for daily paving jobs, and (ii) returning vehicles to the Yard after the last paving job.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 8:**

Defendant objects to Document Request No. 8 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, is overbroad as to scope and time as the Request is not limited to a specific time period, seeks information outside the relevant statute of limitations period, is unduly burdensome, assumes facts not admitted, seeks information more appropriately determined through a deposition, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information relating to the services provided by Plaintiff and/or any individual who has "opted-in" this matter on behalf of Defendants, during the time period of June 3, 2012 through the present, and limiting the information as it was provided to, relayed to, and/or pertaining to, Named Plaintiff and Opt-in Plaintiffs as of the date of this response: Defendant is not in possession of any documents relevant to this Request.

**REQUEST NO. 9:**

All photographs, video or other images of the Yard and any surrounding parking areas, from 4:00-8:00 a.m., and 4:00-8:00 p.m.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 9:**

Defendant objects to Document Request No. 9 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses of this litigation,

is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, and is vague and ambiguous as it does not specify particular areas within the Yard and its use of "surrounding parking areas," is unduly burdensome and vexing, assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information the time period of June 3, 2012 through the present, Defendants refer Plaintiff to the Declaration of Robert Coletti, Esq. filed on September 18, 2019 (ECF No. 79), for information which may be responsive to this Request. Additionally, as Plaintiff requested, Defendants mailed the hard drive containing the video surveillance footage to Plaintiff's vendor.

**REQUEST NO. 10:**

All documents relating to any discipline of employees who did not timely show up for their shift before they were scheduled to depart from the Yard.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 10:**

Defendant objects to Document Request No. 10 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses of this litigation, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, assumes facts not admitted, seeks information more appropriately determined through a deposition, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information relating to the times at which Defendant

13

990786.2

purportedly required Plaintiff and/or any individual who has "opted-in" to be available to perform "work" (using its general meaning with no legal implications or ramifications) during the time period of June 3, 2012 through the present, and limiting the information as it was provided to, relayed to, and/or pertaining to, Named Plaintiff and Opt-in Plaintiffs as of the date of this response: Defendant is not in possession of information relevant to this Request.

## REQUEST NO. 11:

All texts, emails, memos, correspondence or other documents relating to employees who did not timely show up for their shift before they were scheduled to depart from the Yard.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 11:

Defendant objects to Document Request No. 11 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses of this litigation, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, assumes facts not admitted, seeks information more appropriately determined through a deposition, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information relating to the times at which Defendant purportedly required Plaintiff and/or any individual who has "opted-in" to be available to perform "work" (using its general meaning with no legal implications or ramifications) during the time period of June 3, 2012 through the present, and limiting the information as it was provided to, relayed to, and/or pertaining to, Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant is not in possession of documents responsive to this Request.

In accordance with Fed. R. Civ. P 34(b)(2)(C), Defendant affirmatively avers it is currently not withholding any materials responsive to this request on the basis of any objection noted above.

**REQUEST NO. 12:**

All manuals, procedures, policies, or other documents, if any, describing work assignments and locations.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 12:**

Defendant objects to Document Request No. 12 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) as it seeks "all manuals, procedures, policies or other documents" which have minimal (if any) relevancy to this matter, seeks confidential information of non-parties, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, and assumes facts not admitted.

Consistent with and without waiving any objections, Defendant responds as follows: Defendant is not in possession of documents responsive to this Request.

**REQUEST NO. 13:**

All texts, emails, memos, correspondence or other documents sent to or received from employees relating to work assignments and locations.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 13:**

Defendant objects to Document Request No. 13 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) as it seeks "all texts, emails, memos correspondence or other documents sent to or received from employees," with no limitation and as it requests records that have minimal (if any) relevancy to

15

this matter as they do not reflect the starting or end time of each respective work assignment, or any duties (if any) to be performed thereat, seeks confidential information of non-parties, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, and assumes facts not admitted.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information relating to the locations where Defendant purportedly required Plaintiff and/or any individual who has "opted-in" to be available to perform "work" (using its general meaning with no legal implications or ramifications) during the time period of June 3, 2012 through the present, and limiting the information as it was provided to, relayed to, and/or pertaining to, Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant is not in possession of documents responsive to this Request.

In accordance with Fed. R. Civ. P 34(b)(2)(C), Defendant affirmatively avers it is currently not withholding any materials responsive to this request on the basis of any objection noted above.

## REQUEST NO. 14:

All manuals, procedures, policies, texts, emails, memos, correspondence or other documents relating to pay for teamsters or other employees who drove trucks or other vehicles containing material used for paving work.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 14:

Defendant objects to Document Request No. 14 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses of this litigation, seeks confidential information of non-parties, seeks information not relevant to any claim or

16

defense in this action in its request for information for non-"paver" employees, is overbroad as to

scope and time as the Request is not limited to a specific time period and/or it seeks information

outside the relevant statute of limitations period, is vague and ambiguous as to "teamsters or

other employees," assumes facts not admitted, and seeks information not calculated to lead to the

discovery of admissible evidence.

In accordance with Fed. R. Civ. P 34(b)(2)(C), Defendant affirmatively avers it is

currently not withholding any materials responsive to this request on the basis of any objection

noted above.

**REQUEST NO. 15:**

All manuals, procedures, policies, texts, emails, memos, correspondence or other documents relating to past or present policies or procedures, and relating to any changes in NY Paving's policies or procedures, for (i) compensating pavers for driving vehicles from the Yard to work sites, (ii) compensating pavers for performing work in the morning after arriving at the Yard, (iii) compensating pavers for performing work after the final paving job.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 15:**

Defendant objects to Document Request No. 15 on the grounds that the breadth of the

request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1)

considering the marginal importance of the materials to the claims and defenses in this litigation,

is overbroad as to scope and time as the Request is not limited to a specific time period and/or it

seeks information outside the relevant statute of limitations period, is unduly burdensome, seeks

confidential information pertaining to non-parties, assumes facts not admitted, and seeks

information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and

construing this Request as seeking information relating to the number of hours worked, and/or

pay received for said hours worked, for Plaintiff and/or any individual who has "opted-in" to this

17

990786.2

matter during the time period of June 3, 2012 through the present, and limiting the information to

Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant refers Plaintiff to

documents produced in response to Document Request Nos. 1 and 2, which may contain

information relevant to this Request.

In accordance with Fed. R. Civ. P 34(b)(2)(C), Defendant affirmatively avers it is

currently not withholding any materials responsive to this request on the basis of any objection

noted above.

**REQUEST NO. 16:**

All documents relating to NY Paving's decision to prepare a document for dissemination to employees titled **"Transportation Memo"** and the accompanying **"Statement,"** including without limitation all drafts.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 16:**

Defendant objects to Document Request No. 16 on the grounds that the breadth of the

request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) as it seeks

"all documents," seeks information protected by the attorney-client or work product privilege, is

overbroad as to scope and time as the Request is not limited to a specific time period and/or it

seeks information outside the relevant statute of limitations period, seeks information more

appropriately discovered through a deposition, assumes facts not admitted, and seeks information

not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and

construing this Request as seeking information other than communications as between Defendant

and legal counsel following the joining of this litigation as it relates to Plaintiff and/or any

individual who has "opted-in" to this matter during the time period of June 3, 2012 through the

990786.2

present, and limiting the information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response,  Defendant is not in possession of information relevant to this Request.

## REQUEST NO. 17:

All texts, emails, memos, correspondence or other documents relating to the document titled **"Transportation Memo"** and the accompanying **"Statement."**

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 17:

Defendant objects to Document Request No. 17 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) as it seeks "all texts, emails, memos, correspondence or other documents" seeks information protected by the attorney-client and/or work product privilege, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, seeks confidential information of non-parties seeks information more appropriately discovered through a deposition, assumes facts not admitted, and seek information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information other than communications as between Defendant and legal counsel following the joining of this litigation as it relates to Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present, and limiting the information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant is not currently in possession of information responsive to this Request.

## REQUEST NO. 18:

All documents relating to NY Paving's decision to prepare a document for dissemination to employees titled **"For Crews That Have Some Or All Workers Meeting at First Location,"** including without limitation all drafts.

19

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 18:

Defendant objects to Document Request No. 18 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) as it seeks "all documents," seeks information protected by the attorney-client or work product privilege, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, seeks information more appropriately discovered through a deposition, assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information other than communications as between Defendant and legal counsel following the joining of this litigation as it relates to Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present, and limiting the information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant is not in possession of information relevant to this Request.

## REQUEST NO. 19:

All texts, emails, memos, correspondence or other documents relating to the document titled **"For Crews That Have Some Or All Workers Meeting at First Location."**

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 19:

Defendant objects to Document Request No. 19 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) as it seeks "all texts, emails, memos, correspondence or other documents," seeks information protected by the attorney-client and/or work product privilege, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, seeks confidential information of non-parties, seeks information

more appropriately discovered through a deposition, assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information other than communications as between Defendant and legal counsel following the joining of this litigation as it relates to Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present, and limiting the information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant is currently not in possession to documents responsive to this Request.

**REQUEST NO. 20:**

All texts, emails, memos, correspondence or other documents relating to NY Paving providing the **Transportation Memo** and accompanying **Statement**, and/or **For Crews That Have Some Or All Workers Meeting at First Location**.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 20:**

Defendant objects to Document Request No. 20 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) as it seeks "all texts, emails, memos, correspondence or other documents," seeks information protected by the attorney-client and/or work product privilege, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, seeks confidential information of non-parties, seeks information more appropriately discovered through a deposition, is duplicative of prior requests, assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information other than communications as between Defendant

21

990786.2

and legal counsel following the joining of this litigation as it relates to Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present, and limiting the information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant is currently not in possession of documents responsive to this Request.

## REQUEST NO. 21:

All signed **Transportation Memos** obtained by NY Paving.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 21:

Defendant objects to Document Request No. 21 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) as it seeks "all texts, emails, memos, correspondence or other documents," seeks information protected by the attorney-client and/or work product privilege, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, seeks confidential information of non-parties, seeks information more appropriately discovered through a deposition, is duplicative of prior requests, assumes facts not admitted, is improper as this matter has not been certified as a class action pursuant to Fed. R. Civ. P. Rule 23 and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information relating to Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present, and limiting the information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant refers Plaintiff to the documents produced (and/or to be produced) in response to Request No. 2, which may contain information relevant to this Request.

In accordance with Fed. R. Civ. P 34(b)(2)(C), Defendant affirmatively states it is withholding documents on the basis of the objections noted above.

**REQUEST NO. 22:**

All texts, emails, memos, correspondence or other documents relating to what management, supervisors, foremen or other personnel should be told about the current Diaz lawsuit, including without limitation employees' rights to join the lawsuit.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 22:**

Defendant objects to Document Request No. 22 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses of this litigation, seeks confidential information of non-parties, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, seeks information protected by the attorney-client or work product privilege, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information relating to Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present, and limiting the information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant states it is not in possession of responsive documents.

**REQUEST NO. 23:**

All correspondence related to Plaintiff and/or this lawsuit.

990786.2

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 23:

Defendant objects to Document Request No. 23 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses of this litigation, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period, assumes facts not admitted, seeks information more appropriately determined through a deposition, seeks information outside the relevant statute of limitations period, and is vague and ambiguous in its reference to "related to."

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking non-privileged information relating to correspondence concerning the claims in this action and the potential defenses thereto, as they relate to Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present, and so limiting said information, to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant is not withholding any documents.

## REQUEST NO. 24:

Produce the full names, last known addresses, email addresses (if any), phone numbers, job position(s), languages spoken, present or last known place of employment, and dates of employment for all individuals who worked at NY Paving on an hourly basis at any time from January 1, 2012 to the present.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 24:

Defendant objects to Document Request No. 24 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, seeks confidential information of non-parties, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific

time period and/or it seeks information outside the relevant statute of limitations period, is unduly burdensome, is improper as this matter has not been certified as a class action pursuant to Fed. R. Civ. P. Rule 23, seeks information beyond the scope of the collective action as certified by Magistrate Judge Gorenstein's Opinion and Order re Plaintiff's Motion for Conditional Certification of FLSA Collective Actin and Court-Facilitated Notice dated December 4, 2018 (the "Certification Order"), and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information as relative to the scope of the conditional collective action certified by the Certification Order, and limited to the information required to be provided by the Certification Order, Defendant produced the collective list in accordance with the Certification Order. Pursuant to Fed. R. Civ. P 34(b)(2)(C), Defendant is withholding material which may be responsive to this Request on the basis of an objection noted above.

## REQUEST NO. 25:

All contracts for paving services with utilities and/or any other purchasers of NY Paving's services.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 25:

Defendant objects to Document Request No. 25 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, seeks confidential information of non-parties, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is

990786.2

unduly burdensome, assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

Pursuant to Fed. R. Civ. P 34(b)(2)(C), Defendant is withholding material which may be responsive to this Request on the basis of an objection noted above.

## REQUEST NO. 26:

All documents concerning contracts for paving services with utilities and/or any other purchasers of NY Paving's services.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 26:

Defendant objects to Document Request No. 26 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, seeks confidential information of non-parties, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is unduly burdensome, assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

Pursuant to Fed. R. Civ. P 34(b)(2)(C), Defendant is withholding material which may be responsive to this Request on the basis of an objection noted above.

## REQUEST NO. 27:

All employee handbooks, training materials, manuals, or other documents, correspondence or memoranda describing or related to NY Paving's personnel, scheduling, payroll, promotion, compensation, change in job title, performance review, or time recording policies and procedures for pavers.

990786.2

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 27:

Defendant objects to Document Request No. 27 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) as it seeks "all employee manuals, training materials, manuals, or other documents, correspondence or memoranda," is duplicative of other requests, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, and assumes facts not admitted.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information concerning the employment and/or payroll procedures and/or policies of Defendant as they relate to Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present, including the services performed by same purportedly on behalf of Defendants (to the extent any exist) and so limiting said information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response (to the extent any exist), Defendant refers Plaintiff to documents bates-stamped NYP000925 – NYP001018, which may contain information relevant to this Request. Defendant also refers Plaintiff to the documents produced in response to Request Nos. 2, 3, and/or 4, which may contain information relevant to this Request.

Pursuant to Fed. R. Civ. P 34(b)(2)(C) Defendant is not withholding responsive material on the basis of the objections noted above.

## REQUEST NO. 28:

All documents concerning job descriptions for pavers, including the job descriptions themselves.

990786.2

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 28:**

Defendant objects to Document Request No. 28 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) as it seeks "all documents," is duplicative, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, and assumes facts not admitted.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information concerning the employment and/or payroll procedures and/or policies of Defendant as they relate to Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present, including the services performed by same purportedly on behalf of Defendants (to the extent any exist), and so limiting said information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant refers Plaintiff to the documents produced in response to Request Nos. 2, 4, and/or 27, which may contain information relevant to this Request. Defendant also refers Plaintiff to the applicable Collective Bargaining Agreements.

Pursuant to Fed. R. Civ. P 34(b)(2)(C) Defendant affirmatively states it is not withholding any documents.

**REQUEST NO. 29:**

All documents concerning the job duties for pavers.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 29:**

Defendant objects to Document Request No. 29 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) as it seeks

"all documents," is duplicative of other requests, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, and assumes facts not admitted.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information concerning the employment and/or payroll procedures and/or policies of Defendant as they relate to Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present, including the services performed by same purportedly on behalf of Defendants (to the extent any exist), and so limiting said information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant refers Plaintiff to the documents produced in response to Request Nos. 2, 4, and/or 27, which may contain information relevant to this Request. Defendant also refers Plaintiff to the applicable Collective Bargaining Agreements.

Pursuant to Fed. R. Civ. P 34(b)(2)(C) Defendant affirmatively states it is not withholding any documents.

**REQUEST NO. 30:**

All forms that new or existing employees must sign as a condition of work at NY Paving.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 30:**

Defendant objects to Document Request No. 30 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) as it seeks "all forms," is duplicative of other requests, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is vague

and ambiguous in its reference to "as a condition of work," assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information concerning the employment and/or payroll procedures and/or policies of Defendant as they relate to Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present (to the extent any exist), and so limiting said information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant refers Plaintiff to the documents produced in response to Request Nos. 4 and/or 27, which may contain information relevant to this Request.

Pursuant to Fed. R. Civ. P 34(b)(2)(C) Defendant affirmatively states it is not withholding any documents.

## REQUEST NO. 31:

All documents concerning hiring, compensation, and billing for pavers.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 31:

Defendant objects to Document Request No. 31 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) as it seeks "all documents," is duplicative of other requests, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information concerning the employment and/or payroll

30

procedures and/or policies of Defendant as they relate to Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present (to the extent any exist), and so limiting said information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant refers Plaintiff to the documents produced in response to Request Nos. 1, 4 and/or 27, which may contain information relevant to this Request.

Pursuant to Fed. R. Civ. P 34(b)(2)(C) Defendant affirmatively states it is not withholding any documents.

**REQUEST NO. 32:**

All documents concerning the wage rates of pavers.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 32:**

Defendant objects to Document Request No. 32 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) as it seeks "all documents," is duplicative, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, and assumes facts not admitted.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information concerning the employment and/or payroll procedures and/or policies of Defendant as they relate to Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present (to the extent any exist), and so limiting said information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant refers Plaintiff to the documents produced in response to Request Nos. 1, 2, 4 and/or 27, which may contain information relevant to this Request.

31

Pursuant to Fed. R. Civ. P 34(b)(2)(C) Defendant affirmatively states it is not withholding any documents.

## REQUEST NO. 33:

All documents concerning the timing of Defendant's payments of its pavers' wages.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 33:

Defendant objects to Document Request No. 33 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) as it seeks "all documents," is duplicative of other requests, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, and assumes facts not admitted.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information concerning the employment and/or payroll procedures and/or policies of Defendant as they relate to Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present (to the extent any exist), and so limiting said information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant refers Plaintiff to the documents produced in response to Request Nos. 1 and/or 27, which may contain information relevant to this Request. Pursuant to Fed. R. Civ. P 34(b)(2)(C) Defendant affirmatively states it is not withholding any documents.

## REQUEST NO. 34:

All documents related to any paver's claim that they were not paid in accordance with the minimum wage or overtime requirements of the FLSA or the NYLL.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 34:**

Defendant objects to Document Request No. 34 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) as it seeks "all documents," is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is improper as this matter has not been certified as a class action pursuant to Fed. R. Civ. P. Rule 23, and assumes facts not admitted.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information concerning complaints made by Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present (to the extent any exist), and so limiting said information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant refers Plaintiff to the documents bates-stamped NYP001019 – NYP 001054, which may contain information relevant to this Request.

Pursuant to Fed. R. Civ. P 34(b)(2)(C) Defendant affirmatively states it is not withholding documents based on the objections noted above.

**REQUEST NO. 35:**

All corporate organization documents, including corporate organization charts, filings, phone directories, or other documents showing the relationship between NY Paving and any of its employees, officers, directors, trustees, executives, independent contractors, service providers, parent, subsidiary, or affiliate companies or entities.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 35:**

Defendant objects to Document Request No. 35 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and

33

time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, seeks information more appropriately determined through a deposition, assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

In accordance with Fed. R. Civ. P 34(b)(2)(C), Defendant affirmatively states it is withholding documents on the basis of the objections noted above.

## REQUEST NO. 36:

All documents that constitute or reflect the management structure of NY Paving and any affiliate companies or entities.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 36:

Defendant objects to Document Request No. 36 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, seeks information more appropriately determined through a deposition, assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

In accordance with Fed. R. Civ. P 34(b)(2)(C), Defendant affirmatively states it is withholding documents on the basis of the objections noted above.

## REQUEST NO. 37:

All policies or procedures concerning the retention and/or destruction of documents.

990786.2

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 37:**

Defendant objects to Document Request No. 37 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, seeks information more appropriately determined through a deposition, assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information concerning Defendant's policy regarding the retention, recovery and/or destruction of documents and/or materials relevant to the instant matter and the claims thereto, and concerning policies which were in effect during the time period of June 3, 2012 through the present (to the extent any exist), Defendant is not in possession of responsive documents.

**REQUEST NO. 38:**

All documents concerning NY Paving's system schematics, network topology, system restart procedures, email retention policies, and Defendant's disaster recovery plan.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 38:**

Defendant objects to Document Request No. 38 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the

990786.2

relevant statute of limitations period, is duplicative, seeks information more appropriately determined through a deposition, assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information concerning Defendant's policy regarding the retention, recovery and/or destruction of documents and/or materials relevant to the instant matter and the claims thereto, and concerning policies which were in effect during the time period of June 3, 2012 through the present (to the extent any exist), and so limiting said information, Defendant is not in possession of responsive documents.

**REQUEST NO. 39:**

All documents concerning Defendant's information technology (IT) and information services (IS) or equivalent divisions or departments, including but not limited to any documents detailing Defendant's IT structure, incident response teams, and data recovery units.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 39:**

Defendant objects to Document Request No. 39 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is duplicative, seeks information more appropriately determined through a deposition, assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information concerning Defendant's policy regarding the

retention and/or destruction of documents and/or materials relevant to the instant matter and the claims thereto, and concerning policies which were in effect during the time period of June 3, 2012 through the present (to the extent any exist), and so limiting said information, Defendant is not in possession of responsive documents.

## REQUEST NO. 40:

All documents concerning the use of loose or removable media in workstations, computers, and networks.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 40:

Defendant objects to Document Request No. 40 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is duplicative, seeks information more appropriately determined through a deposition, assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information concerning Defendant's policy regarding the retention, recovery and/or destruction of documents and/or materials relevant to the instant matter and the claims thereto, and concerning policies which were in effect during the time period of June 3, 2012 through the present (to the extent any exist), and so limiting said information, Defendant is not in possession of responsive documents.

990786.2

**REQUEST NO. 41:**

All documents concerning Defendant's networks or groups of connected computers, including local area networks (LANs), wide area networks (WANs), storage area networks (SANs), peer-to-peer networks, integrated services digital networks, or VPNs.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 41:**

Defendant objects to Document Request No. 41 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is duplicative, seeks information more appropriately determined through a deposition, assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information concerning Defendant's policy regarding the retention, recovery and/or destruction of documents and/or materials relevant to the instant matter and the claims thereto, and concerning policies which were in effect during the time period of June 3, 2012 through the present (to the extent any exist), and so limiting said information, Defendant is not in possession of responsive documents.

**REQUEST NO. 42:**

All documents concerning Defendant's networks, including information exchange components such as, Ethernet, token-ring, or network interface cards.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 42:**

Defendant objects to Document Request No. 42 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1)

38

considering the marginal importance of the materials to the claims and defenses in this litigation, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is duplicative, seeks information more appropriately determined through a deposition, assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information concerning Defendant's policy regarding the retention, recovery and/or destruction of documents and/or materials relevant to the instant matter and the claims thereto, and concerning policies which were in effect during the time period of June 3, 2012 through the present (to the extent any exist), and so limiting said information, Defendant is not in possession of responsive documents.

## REQUEST NO. 43:

All documents concerning any system used to track pavers' hours, services, billing, or reimbursement.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 43:

Defendant objects to Document Request No. 43 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) as it requests "all documents," is duplicative, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, seeks information more appropriately determined through a deposition, assumes facts not admitted, and assumes facts not admitted.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information relevant to the hours purportedly worked and/or paid allegedly received for same by Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present, including for the services performed by same purportedly on behalf of Defendants (to the extent any exist), and to documents which may have captured information concerning same, and so limiting said information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant is currently not in possession of documents responsive to this Request.

**REQUEST NO. 44:**

All documents concerning Defendant's human resource and payroll systems.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 44:**

Defendant objects to Document Request No. 44 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) as it requests "all documents," is duplicative of other requests, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, seeks information more appropriately determined through a deposition, assumes facts not admitted, assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

In accordance with Fed. R. Civ. P 34(b)(2)(C), Defendant affirmatively avers it is currently not withholding any materials responsive to this request on the basis of any objection noted above.

40

## REQUEST NO. 45:

All litigation hold documents, including the metadata of such litigation hold documents.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 45:

Defendant objects to Document Request No. 45 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, is duplicative, seeks information not relevant to any claim or defense in this action, seeks information protected by attorney-client or work product privilege, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period and/or for matters wholly unrelated to the instant litigation, assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

In accordance with Fed. R. Civ. P 34(b)(2)(C), Defendant affirmatively states it is withholding documents on the basis of the objections noted above.

## REQUEST NO. 46:

All human resource and compensation database data.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 46:

Defendant objects to Document Request No. 46 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, is duplicative, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks

41

information outside the relevant statute of limitations period, assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

In accordance with Fed. R. Civ. P 34(b)(2)(C), Defendant affirmatively avers it is withholding documents responsive to this request on the basis of objections noted above.

## REQUEST NO. 47:

Field trees for all databases.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 47:

Defendant objects to Document Request No. 47 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, is duplicative, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

In accordance with Fed. R. Civ. P 34(b)(2)(C), Defendant affirmatively avers it is currently not withholding any materials responsive to this request on the basis of any objection noted above.

## REQUEST NO. 48:

A copy of (1) all financial documents prepared by or on behalf of Defendant at any time since January 1, 2012, including but not limited to any loan applications, credit applications, or refinancing applications; (2) Defendant's tax returns from January 1, 2012 to the present; (3) all appraisals conducted at any time since January 1, 2012 of all real property held in part or in full by Defendant; and (4) all bank account statements reflecting the account number and balance of accounts held by Defendant, including savings, checking, annuities, or mutual, stock, bond funds, or any other financial accounts from January 1, 2012 to the present.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 48:**

Defendant objects to Document Request No. 48 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, is duplicative of other requests, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is unduly burdensome, and seeks information not calculated to lead to the discovery of admissible evidence.

In accordance with Fed. R. Civ. P 34(b)(2)(C), Defendant affirmatively states it is withholding documents on the basis of the objections noted above.

**REQUEST NO. 49:**

All codes of business practices or corporate integrity statements.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 49:**

Defendant objects to Document Request No. 49 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, is duplicative of other requests, seeks information not relevant to any claim or defense in this action, seeks confidential and/or proprietary information, and is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period.

In accordance with Fed. R. Civ. P 34(b)(2)(C), Defendant affirmatively avers it is currently not withholding any materials responsive to this request on the basis of any objection noted above.

**REQUEST NO. 50:**

All financial statements, bank statements, trial balance, detailed general ledger, and cash disbursement journal, from January 1, 2012 to the present.

*Note: If information responsive to this request is maintained in QuickBooks, provide native electronic QuickBooks files.*

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 50:**

Defendant objects to Document Request No. 50 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, is duplicative of other requests, seeks information not relevant to any claim or defense in this action, seeks confidential and/or proprietary information, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

In accordance with Fed. R. Civ. P 34(b)(2)(C), Defendant affirmatively states it is withholding documents on the basis of the objections noted above.

**REQUEST NO. 51:**

All documents concerning or evidencing investigations, rulings, decisions or opinions rendered by any federal or state court or administrative agency, relating to the issue of whether Defendant's pavers are or should be paid overtime under the FLSA or the NYLL. This Request has no time limitations.

990786.2

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 51:**

Defendant objects to Document Request No. 51 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, is duplicative, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is discoverable through the Freedom of Information Act, seeks information not in the custody or control of Defendant, and assumes facts not admitted.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information relevant to the time period of June 3, 2012 through the present, Defendant is not in possession of documents responsive to this Request.

**REQUEST NO. 52:**

All documents concerning opinion letters sought by Defendant concerning whether Defendant's pavers are or should be paid overtime under the FLSA or the NYLL. This Request has no time limitations.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 52:**

Defendant objects to Document Request No. 52 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, is duplicative, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, seeks information protected by the

990786.2

attorney-client or work product privilege, seeks information not in the custody or control of Defendant, and assumes facts not admitted.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information relevant to the time period of June 3, 2012 through the present, Defendant is not in possession of responsive documents.

## REQUEST NO. 53:

All documents concerning Defendant's overtime pay policies, including but not limited to:

    a.  internal communications regarding Defendant's overtime pay policies;
    b.  documents between Defendant and any advisor or consultant (including wage and hour audits and time studies) regarding Defendant's overtime pay policies;
    c.  documents consisting of or evidencing internal investigations, studies, audits, decisions or opinions by Defendant, its agents, or entities retained by Defendant, regarding Defendant's overtime pay policies;

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 53:

Defendant objects to Document Request No. 53 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) as it requests "all documents," is duplicative, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, seeks information protected by the attorney-client or work product privilege, and assumes facts not admitted.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information concerning the pay procedures and/or policies of Defendant as they relate to Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present (to the extent any exist), and so

46

limiting said information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant refers Plaintiff to the documents produced in response to Request Nos. 1, 2, 4, 27, and/or 34, which may contain information relevant to this Request.

Pursuant to Fed. R. Civ. P 34(b)(2)(C) Defendant is not withholding any documents on the basis of objections noted above.

## REQUEST NO. 54:

All documents concerning how Defendant tracked and compensated for time that pavers spent performing tasks both before the start time of their first paving job of the day and after the end of their last paving job of the day, including but not limited to:

a. internal communications regarding how Defendant tracked and compensated for such time;
b. documents between Defendant and any advisor or consultant (including wage and hour audits and time studies) regarding how Defendant tracked and compensated for such time; and
c. documents consisting of or evidencing internal investigations, studies, audits, decisions or opinions by Defendant, its agents, or entities retained by Defendant, relating to how Defendant tracked and compensated for such time.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 54:

Defendant objects to Document Request No. 54 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) as it requests "all documents," is duplicative of other requests, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, seeks information protected by the attorney-client or work product privilege, and assumes facts not admitted.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information concerning the pay and/or payroll procedures and/or policies of Defendant as they relate to Plaintiff and/or any individual who has "opted-in"

47

to this matter during the time period of June 3, 2012 through the present (to the extent any exist), and so limiting said information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant is currently not in possession of documents which may be responsive to this Request.

**REQUEST NO. 55:**

All documents concerning pavers' job duties, wages, or hours worked.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 55:**

Defendant objects to Document Request No. 55 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) as it seeks "all documents," is duplicative of other requests, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, seeks information more appropriately determined through a deposition, and assumes facts not admitted.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information concerning the employment and/or payroll procedures and/or policies of Defendant as they relate to Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present, including the services performed by same purportedly on behalf of Defendants (to the extent any exist), and so limiting said information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant refers Plaintiff to the documents produced in response to Request Nos. 2, 4, 27, and/or 34 which may contain information relevant to this Request.  Defendant also refers Plaintiff to the applicable Collective Bargaining Agreement.

Pursuant to Fed. R. Civ. P 34(b)(2)(C) Defendant is not withholding any documents.

## REQUEST NO. 56:

Timesheets, sign in forms, sign out forms, and other documents pertaining to written or electronic time accounting mechanisms showing or indicating the hours worked and/or the types of duties performed by pavers.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 56:

Defendant objects to Document Request No. 56 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) as it would potentially require hundreds of hours of time and additional resources, and would require personally identifying the individuals who joined this lawsuit to unnecessary personnel, to search thousands of pages of documents not centrally located, in order to cross reference the information contained therein as against the individuals who opted into this lawsuit to determine whether responsive information exists, is duplicative, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, is vague and ambiguous in its reference to "pertaining to written or electronic time accounting mechanisms," and "types of duties performed by pavers," seeks information more appropriately determined through a deposition, and assumes facts not admitted.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information concerning the tracking mechanisms as to employment and/or payroll procedures and/or policies of Defendant as they relate to Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present, including the tracking of the time for services performed by same purportedly on behalf of Defendants (to the extent any exist), and so limiting said information to

Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant refers Plaintiff to the documents produced in response to Request Nos. 1, 2, and/or 4, which may contain information relevant to this Request.

Pursuant to Fed. R. Civ. P 34(b)(2)(C) Defendant is not withholding materials which may be responsive on the basis of the objections noted above.

## REQUEST NO. 57:

All notices of pavers' FLSA rights posted at Defendant's offices or distributed to Defendant's pavers.  Please also produce documents or communications sufficient to identify all dates such notices were posted at Defendant's offices or distributed to Defendant's pavers.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 57:

Defendant objects to Document Request No. 57 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1), is duplicative, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, seeks information more appropriately determined through a deposition, and assumes facts not admitted.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information concerning the tracking mechanisms as to employment and/or payroll procedures and/or policies of Defendant as they relate to Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present, including the tracking of the time for services performed by same purportedly on behalf of Defendants (to the extent any exist), and so limiting said information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant refers Plaintiff to

50

the documents produced in response to Request Nos. 1, 2, and/or 27, which may contain information relevant to this Request.

Pursuant to Fed. R. Civ. P 34(b)(2)(C) Defendant is not withholding any documents on the basis of objections noted above.

**REQUEST NO. 58:**

All settlement agreements or other document(s) resolving any wage and hour claims brought by individuals employed as pavers by NY Paving or any related entity. This request has no time limit.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 58:**

Defendant objects to Document Request No. 58 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, is duplicative, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, seeks information protected by attorney-client or work product privilege, seeks confidential information, assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence. Pursuant to Fed. R. Civ. P 34(b)(2)(C) Defendant is not withholding any documents on the basis of objections noted above.

**REQUEST NO. 59:**

All communications related to any wage and hour claims brought by individuals employed as pavers by NY Paving or any related entity.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 59:**

Defendant objects to Document Request No. 59 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1)

990786.2

considering the marginal importance of the materials to the claims and defenses in this litigation, is duplicative, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, seeks information protected by attorney-client or work product privilege, seeks confidential information, assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information concerning wage and hour claims made by Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present (to the extent any exist), and so limiting said information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant refers Plaintiff to documents produced in response Request No. 34, which may contain information relevant to this Request.

Pursuant to Fed. R. Civ. P 34(b)(2)(C) Defendant is not withholding any documents on the basis of objections noted above.

## REQUEST NO. 60:

All documents relating to this matter received pursuant to any Freedom of Information Act request or subpoena *duces tecum* issued to or by any third parties.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 60:

Defendant objects to Document Request No. 60 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, is duplicative, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks

information outside the relevant statute of limitations period, is discoverable through the Freedom of Information Act, seeks information not in the custody or control of Defendant, assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence. Defendant is not in possession of information relevant to this Request.

## REQUEST NO. 61:

All documents relating to or evidencing any written statements, affidavits, declarations, and/or responses to questionnaires or any other documents that you, and/or your agents obtained from any persons with knowledge of any facts, claims, and/or allegations made in the Complaint, and any drafts of these documents.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 61:

Defendant objects to Document Request No. 61 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) considering the marginal importance of the materials to the claims and defenses in this litigation, is duplicative, seeks information not relevant to any claim or defense in this action, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, seeks information protected under the attorney-client or work product privilege, assumes facts not admitted, and seeks information not calculated to lead to the discovery of admissible evidence.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information concerning wage and hour claims made by Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present (to the extent any exist), and so limiting said information to Named Plaintiff and Opt-in Plaintiffs as of the date of this response, Defendant refers Plaintiff to documents produced in response Request No. 34, which may contain information relevant to this Request.

Pursuant to Fed. R. Civ. P 34(b)(2)(C) Defendant affirmatively states it is not withholding any documents.

## REQUEST NO. 62:

As to each person who will or may be called as an expert to give an opinion and testimony in the trial in this matter, provide all documents provided to such persons by your agents, attorneys, employees, divisions, representatives, and/or other persons acting on your behalf.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 62:

Defendant objects to Document Request No. 62 on the grounds that it is premature as it seeks the identity of experts to testify at trial, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, duplicative of other requests, and assumes facts not admitted.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information relative to the time period of June 3, 2012 through the present and limiting the information to Named Plaintiff and Opt-in Plaintiff as of the date of this response, Defendant will inform Plaintiff of any experts in accordance with all applicable rules and regulations, including but not limited to the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

## REQUEST NO. 63:

As to each person who you will or may call as an expert to give an opinion and testimony in the trial of this matter, provide the following:

a. a complete and current version of such person's curriculum vitae, and a complete listing of every article, published or unpublished, authored, coauthored or edited by that person, in whole or in part;

b. copies of all books, treatises, texts, articles, and all other materials relied upon by that person in rendering his or her opinion in this matter;

54

c.  all transcripts or recordings of that person's testimony at deposition or trial in a lawsuit, administrative proceeding, arbitration proceeding, or other judicial or quasi-judicial proceeding before any governmental agency, administrative agency, or court in which that person has testified as an expert for the past four years;

d.  copies of such person's speeches, presentations at seminars, meetings and conferences, and the like that refer or relate in any way to the subject about which that person is expected to testify in this case; and

e.  all documents referring or relating to monies paid to such person or his or her designee, by you or by any agent, paralegal or attorney representing you, including, without limitation, bills, statements of services, invoices and checks.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 63:

Defendant objects to Document Request No. 63 on the grounds that it is premature as it seeks the identity of experts to testify at trial, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, duplicative of other requests, and assumes facts not admitted.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information relative to the time period of June 3, 2012 through the present and limiting the information to Named Plaintiff and Opt-in Plaintiff as of the date of this response, Defendant will inform Plaintiff of any experts in accordance with all applicable rules and regulations, including but not limited to the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

## REQUEST NO. 64:

To the extent not otherwise produced in response to these document requests, any and all documents relating to (1) this lawsuit, (2) the allegations and/or claims asserted in this lawsuit, (3) any damages claimed in this lawsuit, and/or (4) Plaintiff and Class Members.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 64:

Defendant objects to Document Request No. 64 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1)

990786.2

considering the marginal importance of the materials to the claims and defenses in this litigation, is duplicative of other requests, and is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period. Defendant further objects to this Request as improper as this matter has not been certified as a class action pursuant to Fed. R. Civ. P. Rule 23.

Consistent with and without waiving the foregoing general and specific objections, and construing this Interrogatory to seek information relative to the time period of June 3, 2012 through the present and limiting the information to Named Plaintiff and Opt-in Plaintiff as of the date of this response, Defendant refers Plaintiff to the documents produced in response to Request Nos 1, 2, 4, 27, 34, and/or 56 which may contain information relevant to this Request.

## REQUEST NO. 65:

Should Defendant claim or defend against this action on the grounds or basis that its overtime pay policies were implemented and carried out with a good faith reasonable belief that Defendant was complying with the FLSA, produce documents relating to the facts and circumstances supporting that claim or defense.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 65:

Defendant objects to Document Request No. 65 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1), is duplicative of other requests, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, seeks information protected by attorney-client or work product privilege, seeks information more appropriately determined through a deposition, and assumes facts not admitted.

Pursuant to Fed. R. Civ. P 34(b)(2)(C) Defendant affirmatively states it is not withholding any documents.

56

**REQUEST NO. 66:**

Should Defendant claim or defend against this action on the grounds or basis that its overtime pay policies were not willfully in violation of the FLSA, produce documents relating to the facts and circumstances supporting that claim or defense.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 66:**

Defendant objects to Document Request No. 66 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1), is duplicative of other requests, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, seeks information protected by attorney-client or work product privilege, seeks information more appropriately determined through a deposition, and assumes facts not admitted.

Pursuant to Fed. R. Civ. P 34(b)(2)(C) Defendant affirmatively states it is not withholding any documents.

**REQUEST NO. 67:**

All documents not specifically requested in the forgoing document requests which you believe will support or in any way relate to Plaintiff's claims or your defenses in this action.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 67:**

Defendant objects to Document Request No. 67 on the grounds that the breadth of the request is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1), is duplicative of other requests, is overbroad as to scope and time as the Request is not limited to a specific time period and/or it seeks information outside the relevant statute of limitations period, seeks information protected by attorney-client or work product privilege, is unduly burdensome, and assumes facts not admitted.

Consistent with and without waiving the foregoing general and specific objections, and construing this Request as seeking information relevant to Plaintiff's claims and/or Defendant's

defenses in this action, and as limited to information as it relates to Plaintiff and/or any individual who has "opted-in" to this matter during the time period of June 3, 2012 through the present, Defendant refers Plaintiff to all documents produced in response to the aforementioned Requests, which may contain information relevant to this Request.  Pursuant to Fed. R. Civ. P 34(b)(2)(C) Defendant affirmatively states it is not withholding any documents.

## REQUEST NO. 68:

All documents that you plan to introduce at the trial of this action.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 68:

Defendant objects to Document Request No. 68 on the grounds that it is premature in that it seeks "[a]ll documents that [Defendant] plan[s] to introduce at the trial of this action," is duplicative, seeks information protected by attorney-client or work product privilege, Defendants object further as Defendants, at this early stage of litigation, have not finalized a list of potential exhibits for trial.

Consistent with and without waiving the foregoing general and specific objections, Defendant will revise its response to Request 68 in accordance with all applicable rules and regulations, including but not limited to the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

Dated: Mineola, New York
      January 13, 2020

MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP

By: */s/ Christopher P. Hampton, Esq.*
Christopher P. Hampton, Esq.
Larry R. Martinez, Esq.
Nicholas P. Melito, Esq.
190 Willis Avenue
Mineola, New York 11501
Telephone: 516-747-0300
champton@meltzerlippe.com
*Attorneys for Defendant*

58

TO:    Steven L. Wittels, Esq. (Via E-Mail and U.S. Mail)
        J. Burkett McInturff, Esq.
        Tiasha Palikovic, Esq.
        **WITTELS LAW, P.C.**
        18 Half Mile Road
        Armonk, New York 10504
        T: (914) 319-9945
        *Counsel for Plaintiff and the Putative Class/Collective*

59

Court Index No.:  18-CV-4910 (ALC)(GWG)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDGARDO DIAZ, Individually and on Behalf
of all Other Persons Similarly Situated

Plaintiff(s),

- against -

NEW YORK PAVING, INC.                    Defendant(s).

## DEFENDANT'S FOURTH SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

## MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP
*Attorneys for Defendants*

Office and Post Office Address:
190 Willis Avenue
Mineola, New York 11501
(516) 747-0300

*The undersigned, an attorney admitted to practice in the courts of New York State, hereby affirms as true under all the penalties of perjury that affiant is the attorney(s) of record in the within action; that affiant has read the foregoing and knows the contents thereof; that the same is true to affiant's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that those matters affiant believes to be true.*

*COMPLIANCE PURSUANT TO 22NYCRR § 130-1.1a*
*To the best of the undersigned's knowledge, information and belief formed after an inquiry reasonable under the circumstances, the within document(s) and contentions contained herein are not frivolous as defined in 22NYCRR § 130-1.1a*

*Dated* _____          *Signature* _____

*Service of a copy of the within*
                                                    *is hereby admitted.*

*Dated:* _____
        *Attorney(s) for*

PLEASE TAKE NOTICE:

[  ] NOTICE OF ENTRY
that the within is a (certified) true copy of
duly entered in the office of the clerk of the within named court on _____ 20___

[  ] NOTICE OF SETTLEMENT
That an Order of which the within is a true copy will be presented for settlement  to the
Hon.                              , one of the judges of the within named court, at
On the        day of       20  ,at             M.

Yours, etc.
**MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**
*Office and Post Office Address*
190 Willis Avenue
Mineola, New York 11501

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
EDGARDO DIAZ,
Individually and on Behalf of all Other
Persons similarly situated,

                          Plaintiff,

-against-

NEW YORK PAVING INC.,

                          Defendant.

-----------------------------------------------------------------X

                          **AFFIDAVIT OF SERVICE**

Index No. 18-CV-4910
(ALC)(GWG)

STATE OF NEW YORK    )
                        ) ss.:
COUNTY OF NASSAU    )

       KATHLEEN CICCHETI, being duly sworn, deposes and says:  I am not a party to this action; I am over 18 years of age; I reside in Nassau County, New York.

       On January 13, 2020 I served a true and correct copy of the within ***DEFENDANT'S FOURTH SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS*** and ***NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION OF OPT-IN PLAINTIFF TERRY HOLDER*** via U.S. Mail to:

       Steven L. Wittels, Esq.
       J. Burkett McInturf, Esq.
       Tiasha Palikovic, Esq.
       WITTELS LAW, P.C.
       18 Half Mile Road
       Armonk, New York  10504

                                         Kathleen Cicchetti

Sworn to before me the
13th day of January, 2020.

Notary Public

MARIA WHITEMAN
Notary Public, State of New York
Registration No. 01WH6191153
Qualified in Suffolk County
Commission Expires August 4, 20__

991677.1