# EXHIBIT O



March 26, 2021

<u>Via Electronic Mail</u>
Christopher Hampton
Nicholas P. Melito
Jonathan D. Farrell
Meltzer, Lippe, Goldstein & Breitstone, LLP
190 Willis Avenue
Mineola, NY 11501
champton@meltzerlippe.com
nmelito@meltzerlippe.com
jfarrell@meltzerlippe.com


Re:   <u>Diaz v. New York Paving, Inc., No. 18 Civ. 4910 (ALC) (GWG)</u>

Counsel:

Pursuant to our discussions during the parties' meet and confer earlier yesterday, we write to summarize and provide additional information concerning Plaintiffs' position in light of Defendant New York Paving's ("NY Paving") and defense counsel's egregious concealment of NY Paving's Old Bethpage facility throughout the nearly three years that this litigation has been pending.

**<u>Defendant's and Defense Counsel's Sanctionable Concealment of Class Members Who Work at Defendant's Old Bethpage Location</u>**

As discussed, we are deeply troubled by the blatantly unethical omission undertaken by Defendant and by your office regarding NY Paving's Old Bethpage facility. You reiterated on our meet and confer yesterday that your position is that the Complaint, our document requests, and Judge Gorenstein's order certifying the collective all solely pertain to the Long Island City location. That position is wrong and absurd for the reasons discussed below.

At the outset of litigation, Plaintiff Edgardo Diaz filed the Class Action Complaint on behalf of a Class defined as: "All persons who were employed by NY Paving as pavers who, at any time within six years prior to the date of the filing of this action and thereafter, did not receive full compensation for all overtime and straight hours worked." Pl.'s Class Action Complaint ("Compl.") ¶ 46. In the Collective Action Allegations, Plaintiffs did not reference NY Paving's Long Island City yard or in any other way limit the scope of the Class to pavers who worked in Long Island City. *Id.* ¶¶ 40–46. Plaintiffs' First Request for Production of Documents was similarly free from any such limitations. In Plaintiffs' RFP, Plaintiffs incorporated the Class and collective definitions defined in the Complaint and additionally defined "paver" generally as "construction workers employed by NY Paving." Pl.'s First Request for the Production of Documents to Defendant at 2, 4.

Based on these definitions, numerous of Plaintiffs' document requests sought documents regarding "Plaintiff and each Class Member" without any mention of Long Island City or otherwise limiting the scope of the documents sought. *See, e.g.*, Request Nos. 1 (paystubs for Class Members), 2 (documents and communications relating to pay to Class Members), 3 (payroll data for Class Members), 24 (list of all individuals who worked at NY Paving on an hourly basis during the relevant period). Plaintiffs even fashioned multiple requests seeking documents that would uncover additional facilities and employees, if any existed. *See* Request Nos. 35 (organization charts and any other documents showing employees as well as parent, subsidiary, or affiliate companies or entities) and 36 ("[a]ll documents that constitute or reflect the management structure of NY Paving and any affiliate companies or entities").

In addition, nowhere in Defendant's initial disclosures did Defendant identify anyone from its Old Bethpage facility as "likely to have discoverable information" nor did Defendant otherwise indicate the existence of pavers based out of Old Bethpage. Def. 9/11/18 Initial Discls. at 1-2. Indeed, Chris' statement yesterday that Bethpage has "completely different managers" and "different supervisors" is a claim that should have been explicitly disclosed to us **in 2018**, not yesterday.

On December 4, 2018, Judge Gorenstein granted Plaintiffs' motion for conditional certification of the collective and specifically found "that **all** NY Paving pavers employed since June 3, 2015, are similarly situated with respect to the claim made in this lawsuit, and thus that **a notice should be sent to these individuals** informing them of their option to join this action." 12/14/18 Order (ECF No. 45) at 17 (emphasis added).

Pursuant to Judge Gorenstein's order, on January 4, 2019 Nick emailed us a list which he represented to be "the putative collective member list," listing 435 pavers currently or previously employed by NY Paving. However, this list did not contain a single employee from the Old Bethpage facility and thus defense counsel misrepresented the collective member list to our office and Defendant violated Judge Gorenstein's order specifying that notice must be sent to "all NY Paving pavers employed since June 3, 2015."

With regard to Defendant's document productions, Defendant's payroll data does not include *any* payroll data for any employee at NY Paving's Old Bethpage facility. Defendant's GPS productions similarly categorically exclude any GPS data for any trucks based out of NY Paving's Old Bethpage facility. Finally, in the commission of Defendant's and defense counsel's unethical scheme to conceal the existence of Class Members at its Bethpage facility, defense counsel made numerous false representations to the Court, including representations regarding the number of Potential Opt-Ins to receive notice, the completeness of payroll productions to Plaintiffs, and the number of NY Paving employees that belong to the Class. *See, e.g.*, Oct. 30, 2020 Conf. Tr. 19:16–22 (one of many instances of Defendant's false representations to the Court that the size of the group was only 435 individuals at the time of notice issuance).

Defendant's and defense counsel's flagrant misconduct is in violation of numerous rules, including *inter alia* Fed. R. Civ. P. 11, 26, 33, 34, and 37, as well as various Rules of

Christopher Hampton  Page 3 of 4
March 26, 2021

Professional Responsibility.  Accordingly, given the impending discovery cutoff, Plaintiffs hereby advise you that we intend to file a motion for preclusion and sanctions, which will include a request that the Court issue the following order:

1. that all NY Paving pavers employed at NY Paving's Old Bethpage location since June 3, 2012 are similarly situated with respect to the claims made in this lawsuit.

2. that Defendant is to provide a complete list of all NY Paving pavers employed at NY Paving's Old Bethpage location since June 3, 2012 for use in connection with Plaintiffs' anticipated (a) supplemental motion for conditional certification and notice to all Collective members employed at the Old Bethpage location since June 3, 2015; and (b) motion for class certification of all potential Class members employed at the Old Bethpage location since June 3, 2012.

3. That Defendant is (a) precluded from introducing any evidence or argument in opposition to Plaintiffs' anticipated supplemental motion for conditional certification and notice to the Collective members employed at the Old Bethpage location since June 3, 2015; and (b) ordered to pay all notice (including reminder notice) costs and attorneys' fees associated with Plaintiffs' supplemental conditional certification motion.

4. That Defendant is precluded from introducing any evidence or argument in opposition to Plaintiffs' anticipated supplemental motion for class certification as to the potential Class members employed at the Old Bethpage location since June 3, 2012.

5. That the discovery period is extended (a) to allow Plaintiffs the opportunity to obtain evidence on liability and damages at Defendant's Old Bethpage facility; and (b) so that Defendant produces GPS records, payroll records, yard video, and any other discovery already demanded by Plaintiffs that pertains to the Old Bethpage facility but that has not yet been produced.

Plaintiffs intend to file this motion as soon as practicable unless Defendant will agree to all the terms and conditions above, and so respond in writing no later than Tuesday, March 30 at noon that it will stipulate to these terms and conditions. In that event, the parties would not be at impasse and Plaintiffs would instead submit a joint stipulation to the Court on consent asking the Judge to so endorse the stipulation.

If Defendant does not agree to all the terms set forth above, or agrees to some but not all of the terms, Defendant must so advise us in writing by March 30 at 12 p.m.  If we do not hear from Defendant as requested, then we are at impasse, and we will file our intended motion with the Court.

**Other Issues Discussed During Yesterday's Meet and Confer**

Additionally, you agreed on the call to address the following outstanding discovery issues:

i. **GPS** – you will produce by Monday or Tuesday (March 29 or 30) the supplemental GPS production in Excel format correcting your prior GPS production to include GPS

    data from December 2017 and removing the filters that you improperly applied for your prior GPS data production.

ii.  **Payroll records** – you said that you will confer with your client and get back to us by Monday, or by Tuesday morning at the latest, regarding:

    a. whether Defendant will agree to make Ms. Maura Hernandez available for her deposition noticed for April 1; and

    b. whether Defendant will agree to Plaintiffs' requested on-site inspection of the payroll data on its computer(s).

On our call we were frustrated to hear that you are refusing to let us know whether Defendant intends to produce any documents in response to Plaintiffs' Third Set of Requests for the Production of Documents, for which your response is due on Monday. Your refusal to discuss your position is unfortunate and inconsistent with an open discovery process. Given that you have not to date met and conferred with us pursuant to that discovery – despite our open invitation to do so when we issued the requests – we expect a complete production without objection on Monday of <u>all</u> of the documents requested.

Please let our office know when your office is available to meet and confer next Tuesday after having conferred with your client on this issue. Please also be prepared to discuss Defendant's position on its spoliated video footage.

                                        Regards,

                                        /s/ Steven L. Wittels
                                          Steven L. Wittels