# EXHIBIT P

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FIRA DONIN,
INNA GOLOVAN,

          Plaintiffs,

  -against-            **ORDER**
                    17-CV-5787-WFK-SJB
JUST ENERGY GROUP INC.,
JUST ENERGY NEW YORK CORP.,
JOHN DOES 1-100,
          Defendants.
------------------------------------------------------------------X
**BULSARA, United States Magistrate Judge:**

  Plaintiffs have filed numerous motions to compel (Dkt. Nos. 87, 78, 75, 62), a motion for sanctions (Dkt. No. 87), and a motion for extension of time to complete discovery (Dkt. No. 86). This order resolves the pending motions as follows:

  1. Plaintiffs have moved to compel Defendants to provide unredacted documents to Plaintiffs, which reflect among other things, potential class member names. The motion is granted. The Court has entered a protective and confidentiality order in the case which is sufficient to protect the privacy interests of the parties. Unredacted documents must be produced by **January 10, 2020**.

  2. Plaintiffs have filed yet another motion seeking ESI disclosures from Defendants. Neither side's briefing on these issues elucidates or clarifies the issues in dispute in any meaningful way. Plaintiffs, for their part, elevate form over substance, never bothering to tie the requests for ESI to their original document requests or explaining how the ESI information sought will help identify what information has yet to be searched or produced. Defendants, for their part, fail to explain the converse—why providing additional information about ESI sources will not help advance the document

1

identification and discovery process. Instead, Defendants appear to be engaging in a pattern of obfuscation and non-responsiveness that serves little purpose, and which the Court finds troubling. Given the limits on discovery already in place, refusing to provide information about databases and other ESI locations and then engaging in letter and motion practice takes more time and resources than actually providing the information. It is also clear that reasonable parties acting cooperatively could have narrowed and focused the ESI issues in dispute through a meet and confer process. The vast majority of parties who appear before this Court are able to accomplish such a process productively. In this case, the parties engage only in further letter and frivolous motion practice. The Court orders as follows:

1. Defendants must provide full and complete answers to the following information sought by Plaintiffs, as reflected in Exhibit 2 to Plaintiffs' November 15, 2019 Letter: (the following items in Section III (beginning at page 2): (a) servers; (b) other servers; and (c) other databases. The motion to compel responses to these items is granted, because the Court finds Defendants' responses insufficient and inadequate. Defendants must also indicate to what extent these sources were searched in order to collect and produce documents responsive to the document requests previously served by Plaintiffs. The motion to compel further responses to the items in Section III is denied.

2. Defendants must provide full responses to the ESI disclosure requests contained in Section IV of Exhibit 2, and must also indicate to what extent these sources were searched in order to collect and produce documents responsive to the document requests previously served by Plaintiffs.

2

    3. The motion to compel the items that are the subject of Section I and II to Exhibit 2 are denied.

  3. Plaintiffs have moved to compel Defendants to produce documents created after the Complaint was filed, namely October 3, 2017. The motion is denied. Plaintiffs failed to take any meaningful steps or engage in motion practice before the Feb. 28, 2019 fact discovery cut-off. As Defendants detailed in their response (see Nov. 19, 2019 Letter at 2), Plaintiffs were on ample notice that Defendants objected to Plaintiffs' assertion that discovery production included documents created after the Complaint was filed. Plaintiffs took no action in response for almost a year. In any event, Plaintiffs have failed—except in asserting in conclusory fashion that the challenged practices continue to the present—how the documents post-Complaint are instructive to the allegations in the Complaint (for example, no explanation is provided, either through argument or reference to a particular document how post-October 2017 documents will bear on whether there was fraud occurring or violation of consumer protection laws). The cases Plaintiffs cite are inapposite—none involve a Plaintiff attempting to seek post-Complaint discovery after they have failed to object or move within the parameters of the original Rule 16 order.

  4. Plaintiffs have moved to compel defendants to (a) produce all documents for failing to produce a privilege log and (b) produce all documents previously marked privileged but now withheld on responsiveness grounds. Separately, Plaintiffs move for sanctions. These motions are denied. As an initial matter, the motion contains the conclusory certification that the parties have met and conferred before filing the motion; yet there is no indication that the Plaintiffs discussed with Defendants their intention to file the present motion, and as this Court has previously reminded the parties,

3

discussion of the motion itself (not the rancor preceding the motion about the underlying issues between attorneys) satisfies the meet and confer requirement. *See* Individual Practices of Magistrate Judge Sanket J. Bulsara, IV.B. ("Parties must make a good faith effort, pursuant to Local Civil Rule 26.4 and FRCP 37(a)(1), to resolve disputes . . . before making a motion. Failure to comply with this requirement, or to include a certification of such efforts consistent with FRCP 37(a)(1), will result in the denial of the motion. To properly meet and confer to resolve a pending motion, *the opposing party should be made aware that a motion to compel is being contemplated, and the parties must actually speak and communicate <u>about the motion</u> before it is filed to satisfy the meet and confer obligation.* Only if significant time has elapsed with no response from the opposing party will the Court deem the attempt to confer as futile. . . . The Court enforces these obligations strictly." (emphasis added)); *see also* (Order dated Oct. 22, 2019). In any event, the motion fails on the merits. With respect to the failure to produce a privilege log, Plaintiffs change their position in the motion itself—the motion begins with the assertion that the motion seeks a privilege log and morphs into a discussion about the failure to "timely" produce the privilege log. The Court is left to guess whether the issue is the production of the log itself or its timeliness (particularly since there is extended discussion of the efforts made by Defendants to prepare a log). The assertion that "Defendants failed to timely supply a privilege log" is unexplained and unsupported. If the issue is the timeliness of the privilege log, no information is provided about when the log was produced or why the delay prejudiced the Plaintiffs. If Defendants have failed to produce a privilege log, then they must do so by **December 27, 2019**. As to the request that the Defendants be forced to produce all documents previously marked privileged, Plaintiffs' argument that the reclassification of

4

documents as nonresponsive was done in bad faith is a baseless assertion and speculation.  Plaintiffs tell the Court nothing about which document request these items relate to or anything else from which to infer that the documents are indeed responsive in the first place.  That Defendants changed the classification of 15 documents is not evidence that Defendants are asserting spurious objections.  There is thus no basis for sanctions.  Nonetheless, Defendants are directed to provide a log of the 15 documents withheld and the basis for so doing.  The log must be filed with the Court by **January 10, 2020**.

5.  The motion for a status conference is denied.  The motion for an extension of discovery to May 29, 2020 is denied.  The Court expects all discovery to be completed, consistent with the order issued today, by **January 30, 2020**, and discovery is extended only until that date.

SO ORDERED.

*/s/ Sanket J. Bulsara* Dec. 18, 2019
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

5