USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 9/30/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDGARDO DIAZ, *individually and on behalf of all others similarly situated*,

      **Plaintiff,**

-against-

**NEW YORK PAVING INC.,**

      **Defendant.**

18-cv-4910 (ALC)

<u>**OPINION & ORDER**</u>

**ANDREW L. CARTER, United States District Judge:**

  Plaintiff Edgardo Diaz filed suit against New York Paving Inc. ("NY Paving") alleging violations of New York Labor Law and Federal Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Plaintiff alleges Defendant failed to pay overtime and straight time to a group of its employees. Defendants now move to decertify the FLSA collective.

  For a full recitation of the facts, see Plaintiffs are a group of pavers, currently and formerly employed by NY Paving. They allege that NY Paving had a policy of required off-the-clock work. Judge Gorenstein previously granted Plaintiffs conditional certification. *See generally Diaz v. New York Paving Inc.*, 340 F. Supp. 3d 372, 377 (S.D.N.Y. 2018).

  To maintain a collective under 29 U.S.C. §216(b), "the named plaintiffs [must] be "similarly situated to the opt-in plaintiffs." *Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 515 (2020). District courts enjoy little discretion in considering whether to certify or decertify FLSA collective actions. *See Scott*, 954 F.3d at 520 ("Whereas Federal Rules of Civil Procedure 20 and 42 allow districts courts discretion in granting joinder or consolidation, the FLSA, which declares a right to proceed collectively on satisfaction of certain conditions, does not." (quoting *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1112 (9th Cir. 2018))).

"[P]arty plaintiffs are similarly situated . . . to the extent they share a similar issue of law or fact material to the disposition of their FLSA claims. *Scott*, 954 F.3d at 516. [I]f named plaintiffs and party plaintiffs share legal or factual similarities material to the disposition of their claims, 'dissimilarities in other respects should not defeat collective treatment.'" *Id.* (quoting *Campbell*, 903 F.3d at 1114). *Id.*

Here, Defendant argues that Plaintiffs claims are not viable because they have not established the existence of a common policy requiring uncompensated work. They also argue that the record demonstrates that union officials were responsible for any directive to perform off-the-clock work. The law is clear, however, that a de facto policy or one enforced through third parties may still satisfy FLSA claims. *See, e.g.*, *Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 288 (2d Cir. 2008) ("An employer who has knowledge that an employee is working, and who does not desire the work be done, has a duty to make every effort to prevent its performance."); *see also Tueros v. Urb. Health Plan, Inc.,* No. 21-cv-4525, 2022 WL 2752070, at *10 (S.D.N.Y. July 14, 2022); Foster v. City of New York, New York, No. 14-cv-4142, 2017 WL 11591568, at *22 (S.D.N.Y. Sept. 30, 2017) (finding "abundant evidence that City managers and supervisors were aware that Plaintiffs were engaged in uncompensated overtime work"); *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 463 (S.D.N.Y. 2008) (finding employment practice unlawful where store managers "observed overtime work contemporaneously").

Plaintiffs, through their declarations and deposition testimony, highlight the pervasive nature of the policy at issue. All pavers were consistently expected to arrive early at the Yard to perform preparatory work, but NY Paving brings no evidence to bear that they took steps to

dissuade pavers of this expectation. The Court finds that Plaintiffs have made the requisite modest showing that Plaintiff Diaz is similarly situated to the opt-in plaintiffs.

For the foregoing reasons, Defendant's motion to decertify the collective action is **DENIED**. The Clerk of the Court is respectfully directed to terminate ECF No. 236.

**SO ORDERED.**

Dated:    September 30, 2022
          New York, New York

**ANDREW L. CARTER, JR.**
**United States District Judge**