UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**EDGARDO DIAZ,** *individually and on behalf of all others similarly situated*,

                **Plaintiff,**

-against-

**NEW YORK PAVING INC.,**

                **Defendant.**

18-cv-4910 (ALC)

<u>**OPINION & ORDER**</u>

**ANDREW L. CARTER, United States District Judge:**

      Plaintiff Edgardo Diaz filed suit against New York Paving Inc. ("NY Paving") alleging violations of New York Labor Law and Federal Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Plaintiff moves for class certification.

## BACKGROUND

### A. Factual Background

      NY Paving provides paving repair services on roads and sidewalks. Complaint (Compl.) ¶ 10, ECF No. 1. To complete these services, Defendant employs a group of workers known as pavers. Defendant requires pavers to report to a central site (the "Yard") to receive their daily work assignments. *Id.* ¶ 20. At the Yard, pavers were required to select, prepare, and load the tools necessary for their assignments. *Id.* Pavers also prepared Defendant's trucks before reporting to their daily assignments. *Id.* Plaintiff Diaz alleges that "[d]uring his tenure at NY Paving, [he] would typically arrive at the [Y]ard by 5:15 am in order to leave by 6 am and be at the first paving site by 7 am." *Id.* ¶ 21. In addition to preparing for their daily assignments, NY Paving required pavers to perform a number of tasks at the Yard. A number of opt-in plaintiffs echoed Plaintiff Diaz's experience

### B. Proposed Class Definition

1

Plaintiff requests that the Court certify the following class: "All persons who were employed by NY Paving as pavers at any time from June 3, 2012, through the date of Judgment."

### C. Procedural History

Plaintiffs filed this action on June 3, 2018. In accordance with the district's standing order, this FLSA action was automatically referred to mediation. On consent of the parties, the Court removed the matter from mediation and referred the case to Magistrate Judge Gorenstein. Defendant answered the Complaint on August 3, 2018. Shortly thereafter, Plaintiff moved for certification as conditional collective under 29 U.S.C. § 216(b). On December 14, 2018, Judge Gorenstein granted Plaintiff's motion, conditionally certifying a FLSA collective. The parties have been engaged in discovery for over three years.

### I. MOTION FOR CLASS CERTIFICATION

#### A. Legal Standard

Rule 23 of the Federal Rules of Civil Procedure governs class certification. That is, plaintiffs must demonstrate that "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). To meet the requirements of Rule 23(a), "plaintiffs in the proposed class must demonstrate that they satisfy four requirements: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation." *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 504 F.3d 229, 244 (2d Cir. 2007).

In addition to the requirements of Rule 23(a), plaintiffs must demonstrate that a class is maintainable under Rule 23(b). Plaintiffs move for certification pursuant to Rules 23(b)(2) and 23(b)(3).

Rule 23(b)(2) requires plaintiffs to show that Defendants "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

Under Rule 23(b)(3), the court must decide whether "questions of law or fact common to the members of the class predominate over any questions affecting only individual members," and whether a class action "is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b). "Rule 23 does not set forth a mere pleading standard. A party seeking class certification . . . must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact . . . ." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

**B. Application**

*1. Numerosity*

In this Circuit, "numerosity is presumed for classes larger than forty members. *Pa. Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 120 (2d Cir. 2014). Plaintiff alleges that the proposed class numbers over 500, and Defendant does not dispute that the putative class satisfies numerosity. The Court is satisfied by Plaintiffs showing.

*2. Adequacy*

Adequacy requires that the class representatives "will fairly and adequately protect the interests of the class." *Denney v. Deutsche Bank AG*, 443 F.3d 253, 267 (2d Cir. 2006) (internal quotation marks omitted). To determine adequacy, courts evaluate "whether: 1) plaintiff's

3

interests are antagonistic to the interest of other members of the class and 2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009). "Class certification may properly be denied where the class representatives have so little knowledge of and involvement in the class action that they would be unable or unwilling to protect the interests of the class against the possibly competing interests of the attorneys." *Maywalt v. Parker & Parsley Petroleum Co.,* 67 F.3d 1072, 1077–78 (2d Cir. 1995) (quotation marks and alterations omitted). Courts may also consider "the honesty and trustworthiness of the named plaintiff." *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 87 (2d Cir. 1998).

Defendant's motion papers do little to address Rule 23(a)'s requirement, apparently relying on their commonality arguments to suffice. The named plaintiff and the opt-in Plaintiffs appear to be aware and engaged in the litigation. The attorneys for the named plaintiff have vigorously litigated this action for over four years and appear intent. Accordingly, the Court is satisfied that the class representative and attorneys will adequately represent the proposed class.

   3. *Commonality*

Defendant argues that Plaintiff fails to meet the commonality requirement because the Defendant did not have a policy of requiring pavers to report to and work at the Yard before or after reporting to work sites. Defendant argues the lack of this policy negates any argument that there are common law or fact capable of class wide resolution.

"A question of law or fact is common to the class, if the question is capable of class wide resolution—which means that its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Johnson,* 780 F.3d at 137 (citations, alterations, and internal quotation marks omitted). Plaintiffs need only "demonstrate that the class members

4

'have suffered the same injury." *Johnson v. Nextel Commc'ns Inc.*, 780 F.3d 128, 137 (2d Cir. 2015) (internal quotation marks and alterations omitted).  "The commonality requirement may be met when individual circumstances of class members differ, but 'their injuries derive from a unitary course of conduct.'" *Espinoza v. 953 Assocs. LLC*, 280 F.R.D. 113, 127 (S.D.N.Y. 2011).  In "examining commonality, a court looks to 'the capacity of a class wide proceeding to generate common *answers* apt to drive the resolution of the litigation.'" *Jacob v. Duane Reade, Inc.*, 289 F.R.D. 408, 414 (S.D.N.Y. 2013) (quoting *Dukes*, 564 U.S. at 350).

"The merits can, and do, affect class certification, in the sense that merits questions and certification questions tend to overlap, but a premature inquiry into the merits should not serve as the *sine qua non* of a putative class's certification.  See *Brown v. Kelly,* 609 F.3d 467, 476 (2d Cir. 2010) ("In evaluating a motion for class certification, the district court is required to make a 'definitive assessment of Rule 23 requirements, notwithstanding their overlap with merits issues,' and must resolve material factual disputes relevant to each Rule 23 requirement." (quoting *In re IPO,* 471 F.3d at 41)); *cf. Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177–78 (1974).

Here, Defendant's chief contention is that a lack of written police means that nonpayment off-the-clock activities at the Yard cannot be violative of FLSA.  Plaintiffs may "establish[] a violation of the FLSA by proving that [they] performed uncompensated work of which his employer was or should have been aware." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 364 (2d Cir. 2011).  "The FLSA generally mandates compensation for the principal activity or activities which an employee is employed to perform, including tasks—even those completed outside a regularly scheduled shift—that are 'an integral and indispensable part of the principal activities[.]'" *Perez v. City of New York*, 832 F.3d 120, 123 (2d Cir. 2016) (quoting *IBP, Inc. v.*

*Alvarez*, 546 U.S. 21, 30 (2005)) (internal citation omitted)). "[A]n activity is integral and indispensable to the principal activities that an employee is employed to perform . . . it is an intrinsic element of those activities and one with which the employee cannot dispense if he is to perform his principal activities." *Integrity Staffing Sols., Inc. v. Busk*, 574 U.S. 27, 37 (2014).

"The more the pre- or post-shift activity is undertaken for the employer's benefit, the more indispensable it is to the primary goal of the employee's work, and the less choice the employee has in the matter, the more likely such work will be found to be compensable." *Perez*, 832 F.3d at 124 (citing *Reich v. N.Y.C. Transit Auth.*, 45 F.3d 646, 650 (2d Cir.1995)) (alterations and quotation marks omitted). "[A]n employer's requirement that pre- or post-shift activities take place at the workplace may indicate that the activities are integral and indispensable to an employee's duties. *Id.* (citing *Alvarez v. IBP, Inc.*, 339 F.3d 894, 903 (9th Cir. 2003)).

All potential class members are invested in proving that NY Paving had a de facto policy of requiring workers to report to a central location and complete various tasks before officially "clocking-in." Proof of this policy will undoubtedly require the marshalling of common facts. Plaintiff alleges that Defendant was aware that pavers were required to arrive at the Yard early and perform preparatory work. They allege that Defendant knew that pavers were performing tasks outside of their official work hours and took no action to curb the practice. *See, e.g.*, Deposition of Frank Edward Wolfe, Tr. 49:20-22, ECF No. 262-4 ("It was always standard operating procedure to get there at least an hour-and-a-half early on a standard day."); Deposition of Miguel Nieves Tr. 40:3, ECF No. 262-13 (noting that pavers arrived at or around 5:15 am each day); Tr. 42:8-22, 47:5-23, 49:5-19 (discussing the loading of tools and preparation of trucks).

The work performed at the Yard appears to have been integral to the pavers' daily tasks, including checking out daily tools and prepping company trucks for daily assignments. *See, e.g.*, *Perez v. City of New York*, 832 F.3d at 124 (2d Cir. 2016) ("Courts have also concluded that an employee's pre- and post-shift efforts to protect against heightened workplace dangers can qualify as integral and indispensable."). Opt-in Plaintiff Salah described the extensive nature of the preparatory work at the Yard, noting that it ranged from gathering protective equipment to spare parts for the company's vehicles. *See* Deposition of Shumon Salah, ECF No. 262-12 Tr. 66:3-76:6.

The Court is satisfied by Plaintiff's showing that the common questions posed in this action are capable of class wide resolution.

4. *Typicality under Rule 23(a)*

Typicality "requires that the claims of the class representatives be typical of those of the class." *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 504 F.3d 229, 245 (2d Cir. 2007). A putative class satisfies this requirement "when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Id.* "Class certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation." *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 59 (2d Cir. 2000). But "[A] representative may satisfy the typicality requirement even though that party may later be barred from recovery by a defense particular to him that would not impact other class members." *Natural Gas*, 231 F.R.D. at 184 (quoting *In re Sumitomo Copper Litig.*, 182 F.R.D. 85, 95 (S.D.N.Y. 1998)).

5. *Predominance Under Rule 23(b)(3)*

Plaintiffs have the burden to show that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "Like the commonality inquiry, a court examining predominance must assess (1) the elements of the claims and defenses to be litigated; and (2) whether generalized evidence could be offered to prove those elements on a class-wide basis or whether individualized proof will be needed to establish each class member's entitlement to relief. Predominance requires a further inquiry, however, into whether the common issues can profitably be tried on a class wide basis, or whether they will be overwhelmed by individual issues." *Johnson*, 780 F.3d 128 at 138 (citations and internal quotation marks omitted).

Defendant argues that the individual differences among potential class members duties outweigh any commonality among their claims. They argue that pavers belong to varying crews that require different tools to complete a day's work. Defendant believes these differences would raise the prospect of "mini-trials" to establish whether the preparatory work met the threshold. The Court disagrees.

Defendant does not attack Plaintiffs'' arguments that gathering the tools and preparing the truck was time intensive. They argue only that the *extent* of the time commitment varied by crew. Whether the member of a crew spent 30 minutes each morning or 65 minutes preparing tools and vehicles for their daily assignment goes to the amount of unpaid wages—whether overtime or straight time—a crew member is owed. All crew members are equally invested in the resolution of whether their preliminary and postliminary work was integral to their employment. Crucially, Defendant does not argue that these tools, apparently necessary for the crew's assignments, were not integral to pavers job duties.

Defendant posits that the delineation between "Laborers" and "Foremen" prevents class certification. Defendant is incorrect. Defendants claim that foremen were paid for some of their overtime and received other benefits, like the use of trucks. Nothing indicates that the definition of these roles requires an in-depth analysis of each worker's work. In any event, the issues concerning liability–regarding Defendant's refusal to fully compensate workers for overtime predominate over the issue of damages for each worker.

6. *Superiority Under Rule 23(b)(3)*

Under Rule 23(b)(3), plaintiffs must also demonstrate "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). In determining superiority, a court examines Rule 23(b)(3)'s nonexclusive list of factors for consideration. Most important of these factors to this case is the manageability of a class action. Fed. R. Civ. P. 23(b)(3)(D).

Here, the potential plaintiffs number in the 500s, and due to the common questions for the class, a class action is superior to joinder of several individual actions, which would result in duplicative, overlapping discovery. Litigation of these claims using the class action vehicle is largely superior to the mere joinder of individual claims.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to certify class is **GRANTED**. The parties are ordered to file a joint status report on or before April 18, 2023.

**SO ORDERED.**

Dated:    March 31, 2023
           New York, New York                                        _____/s/ **Andrew Carter**_____
                                                            **ANDREW L. CARTER, JR.**
                                                            **United States District Judge**