

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**
190 Willis Avenue, Mineola, NY 11501 • T. 516.747.0300
www.meltzerlippe.com

*Nicholas P. Melito, Esq.*
*Writer's Direct Dial: (516) 747-0300 x 288*
*Writer's Facsimile: (516) 237-2893*
*Email: nmelito@meltzerlippe.com*

MEMORANDUM ENDORSED

May 18, 2023

<u>VIA ECF</u>
Honorable Gabriel Gorenstein
United States Magistrate Judge
Southern District of New York
500 Pearl St., Courtroom 6B
New York, NY 10007

   Re: *Diaz v. New York Paving, Inc.*
      **Docket No. 18-CV-04910(ALC)(GWG)**
      <u>MLGB File No. 09676-00110</u>

Dear Judge Gorenstein:

  This firm represents Defendant New York Paving ("Defendant") in the above-referenced matter. We write jointly with Plaintiffs' Class Counsel, pursuant to Your Honor's "Standing Order Applicable to Settlement Conferences," (the "Scheduling Order") Paragraph 8, to seek an adjournment of the Settlement Conference scheduled for June 2, 2023. *See* ECF No. 276. In this regard, both Defendant and Defendant's Counsel have previous conflicts on that date and are unavailable to attend. Plaintiffs have been made aware of these conflicts and otherwise consent to Defendant's request for the adjournment.

  That said, while Plaintiffs and Defendant agree to adjourn the Conference, the Parties disagree as to the length of the adjournment needed. Each Party presents their position below.

  <u>**Plaintiffs' Position:**</u>

  In its lengthy recitation below, Defendant NY Paving declines the Class' suggestion for a June mediation date, and instead requests that, "*sine die,*" Your Honor adjourn the mediation "until at least August 2023" so that Defendant can "recalculate damages" and "assess[] actual ultimate potential liability." From Plaintiffs' perspective, such further delay in this 5+ year-old case shows the company is not really serious about settlement. Further, it is worth briefly noting that (1) Defendant has had Plaintiffs' class-wide expert damages report in its possession for nearly 20 months since October 2021 showing that the paver Class is owed up to $49 million (or more) for unpaid overtime for the period June 2012-May 2021 (ECF No. 241), and (2) the parties can reasonably extrapolate damages for the additional two years from June 2021 to present.

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**

Honorable Gabriel Gorenstein
United States Magistrate Judge
May 18, 2023
Page 2

Accordingly, while we await NY Paving's agreement on a mediation date, Plaintiffs are separately writing, together with Defendant, for Plaintiffs to request that Your Honor hold a status conference to set a schedule for the remaining pre-trial tasks necessary to ready the case for trial of the certified Collective and certified Class Action.

**Defendant's Position:**

Initially, Defendant takes serious issues with Plaintiffs' characterization that Defendant 'is not really serious about settlement." Defendant has already committed to exploring private mediation, including being amenable to bearing the substantive cost of the mediator itself. Defendant expressed its commitment to a private mediation and engaged Plaintiffs' Counsel with that commitment in mind over 6 months ago only for attempted mediation to be derailed by Plaintiffs' insistence on certain non-negotiable demands Defendant found to be unreasonable. These demands notwithstanding, Defendant remains committed to attempted resolution, including vis-à-vis a settlement conference before Your Honor and further private mediation should such private mediation be necessary. Further, Defendant's commitment to mediation is further corroborated by the fact that, while Defendant originally anticipated seeking to adjourn this settlement conference until after the Court's decision on its Motion for Reconsideration of the Class Certification Order, Defendant is foregoing this position and instead is willing to proceed to a mediation within this summer in a good faith attempt to resolve this matter. As noted below, Defendant simply needs a minimal amount of additional time to finalize its damages assessment so it can meaningfully engage in negotiations.

Indeed, the reason Defendant needs the additional time is due precisely to Plaintiffs' grossly exaggerated damages assessment. Specifically, Plaintiffs' $49 million dollar estimated damages seems inflated on its face, and is made even more inaccurate in light of its failure to account for the multitude of defenses and mitigations enacted by Defendant, which could serve to not only potentially defeat liability in totality, but also serve to severely depress the damages assessment made by Plaintiffs' Counsel's expert.

Thus, Defendant submits the Parties will not be prepared to proceed with mediation because it is still necessary to "exchange information … that would make the conference more fruitful." Defendant is in process of supplementing its production to Plaintiffs to provide up-to-date payroll records covering the putative class certified herein. As this Court is aware, the class allegedly exceeds 500 individuals, and thus the records to be provided are extensive. Given the amount of records needed to be processed, reviewed, and then produced to Plaintiffs' Counsel, Defendant needs until June 2, 2023 to effectuate same.

Following such production, Defendant must make internal calculations regarding the payroll records which will provide actual accurate (not inflated) assessments as to potential

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**

Honorable Gabriel Gorenstein
United States Magistrate Judge
May 18, 2023
Page 3

liability for the claims alleged. Defendant anticipates needing approximately six weeks to revise its damages calculations to reflect the updated payroll. This time is needed to allow Defendant to properly tailor its assessments to the many scenarios of liability which Plaintiffs allege could arise herein, in light of Defendant's defenses and mitigations, and to properly account for and otherwise confirm rebuttal of Plaintiffs' exaggerated and untested totals. Plaintiffs have indicated they have the ability to extrapolate potential damages, and thus are willing to proceed to mediation without the supplemental production Defendant intends on providing. Defendant, however, does not have the ability to extrapolate damages, and cannot do so using Plaintiffs' exaggerated calculations, as extrapolation from incorrect estimations would lead to an even further potential unearned windfall for Plaintiffs. Thus, Defendant will be unable to adequately participate in any mediation until Defendant has an accurate assessment of the alleged damages potentially recoverable herein, notwithstanding Plaintiffs' exaggerated internal calculations.

Given the process needed as noted above, Defendant will not even be in a position to begin assessing actual ultimate potential liability for this matter until at least July 11, 2023. This date is the earliest that Defendant could begin such assessment, and does not account for potential delays which could arise due to other pre-planned summer absences by all of Defendant and their Counsel. As such, in light of the foregoing, Defendant does not believe it can be prepared to engage in meaningful settlement negotiations until at least August 2023. Thus, and pursuant to Paragraph 8 of the Scheduling Order, Defendant respectfully requests an adjournment of the Conference *sine die*, to "permit … exchange of information that would make the conference more fruitful."[1]

Finally, notwithstanding its agreement to participate in a settlement conference and/or pursue resolution of this matter, Defendant expressly reserves and does not waive, any and all substantive and procedural rights and defenses in this matter. To the extent your Honor believes a pre-mediation conference would be beneficial to resolve any pre-mediation issues that remain, Counsel for the Parties are available at the Court's convenience for same. We thank Your Honor for your time and consideration.

Respectfully submitted,

*Nicholas Melito*

Nicholas P. Melito

cc: All Counsel of Record (*via ECF*)

---

[1] As a final matter, the following dates of availability were provided by the Court: June 13, 15, 16, 21, 22, 23. Defendant is not available on any of these dates. During the week of June 12 (*i.e.* covering June 13, 15, 16), Defendant's Counsel will be unavailable due to a surgical procedure. Just as importantly, Defendant will be finalizing their Reply in Support of its Motion for Reconsideration which is due June 16. Furthermore, during the week of June 19 (*i.e.* covering June 21, 22, 23), Defendant is unavailable due to a pre-planned absence.

The Court will not hold a settlement conference until both sides are prepared for the conference to occur. Accordingly, the settlement conference is adjourned sine die. The parties shall write to the Court as soon as both sides are ready to participate in such a conference and shall propose mutually agreeable dates.

That being said, this case will not be delayed any further on the mere possibility that there will be a settlement. The parties' latest status letter suggests that the first order of business is to determine if plaintiffs should be afforded "additional damages discovery from Defendant to be produced so that Plaintiffs can refine their experts' damages models." The instant letter also adverts to other discovery-related issues. Accordingly, the parties are directed to file a jointly-composed letter by May 26, 2023 that gives either agreed-upon or separate proposals for any other "remaining pre-trial tasks necessary to ready the case for trial," as this letter puts it, and that explains any disagreements as to scope or proposed deadlines.

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

May 19, 2023