UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3/12/2024
```

**DIAZ,** *individually and on behalf of all others similarly situated*,

                **Plaintiff,**

-against-

**NEW YORK PAVING INC.,**

                **Defendant.**

18-CV-04910 (ALC)

<u>**OPINION & ORDER**</u>

**ANDREW L. CARTER, United States District Judge:**

        In an Opinion and Order issued on March 31, 2023, this Court granted Plaintiff Edgardo Diaz's ("Plaintiff") motion for class certification. *See* ECF No. 266; *Diaz v. N.Y. Paving Inc.*, No. 18-cv-4910 (ALC), 2023 U.S. Dist. LEXIS 57143 (S.D.N.Y. Mar. 31, 2023) ("Opinion & Order"). Defendant New York Paving Inc. ("Defendant") now moves for reconsideration of that decision. For the reasons set forth below, Defendant's motion is **DENIED**.

## BACKGROUND

In its prior order, the Court certified Plaintiff to bring claims on behalf of a class of "[a]ll persons who were employed by NY Paving as pavers at any time from June 3, 2012, through the date of Judgment." Opinion & Order at 2.

## LEGAL STANDARD

### I. Motion for Reconsideration

"The standard for granting a motion for reconsideration is strict." *RCC Ventures, LLC v. Brandtone Holdings Ltd.*, 322 F.R.D. 442, 445 (S.D.N.Y. 2017). Motions for reconsideration are generally denied "unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the

conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). Therefore, a "motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. V. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted). The moving party is barred from "advanc[ing] new facts, issues[,] or arguments not previously presented to the Court' on a motion for reconsideration." *Steinberg v. Elkman*, No. 15CV278-LTS-DCF, 2016 U.S. Dist. LEXIS 52192, at *2 (S.D.N.Y. Apr. 6, 2016) (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001)).

## DISCUSSION

Defendant argues that the class certification decision should be reconsidered based on the Court's purported failure to consider certain material facts. *See* ECF 270 ("Motion") at 1. Specifically, Defendant argues that the Court overlooked the following facts:

- the practice of "reporting" to the LIC Yard began and has continued as a voluntary carpooling procedure for the benefit of non-foremen laborers performing paving services (a "Paver");
- unlike Pavers, Defendant actually requires Foremen to report to the yard prior to the first jobsite and compensates Foremen for this time; and
- Defendant adduced evidence regarding the minimal amount of de minimis time it would take Pavers to perform the preliminary work alleged (if any).

*Id.* at 1-2. Defendant argues that, if considered, these facts "would have led the Court to ultimately deny class certification" because they establish "conflicts within the class definition,"

"the existence of a serious question as to" the superiority of class aggregation, and "a lack of common questions of law or fact amongst the class members." *Id.* at 2.

Separately, Defendant also argues that the Court overlooked facts as to Plaintiff's adequacy as a class representative. The first factual allegation is that Plaintiff only worked select dates in 2016 and 2017 prior to a compensation policy change in June 2018. *Id.* The second is that, to the extent the Class Order includes foremen, inherent conflicts between foremen and pavers should preclude Plaintiff from serving as a class representative. *Id.* The third is that Plaintiff, as a member of Local 175, performed substantively different work than those pavers in Local 1010. *Id.* The final argument is that Plaintiff ought not be able to bring claims on behalf of pavers at the Old Bethpage facility. *Id.*

Defendant has previously raised many of these arguments to this Court on several occasions and did so in its prior motion opposing class certification. *See* ECF No. 254 at 4-7 (arguing that Defendant had no policy mandating "laborers" report to the yards and provided non-obligatory carpooling services); *id.* at 7 (arguing that "only Foremen were required to arrive at the Yard, and only Foremen had to ensure their crew had all necessary tools and materials"); *id.* at 5 (arguing that Plaintiffs had not adequately alleged they were required to undertake "preparatory work"); *id.* at 24-25 (discussing Defendant's change in compensation policies in 2018); *id.* at 23-24 (arguing that the class ought not include Foreman as pavers and Foreman were subject to "materially different policies"); *id.* at 25 (raising objections to the inclusion of pavers who worked "out of Old Bethpage" in the Plaintiff's class); *id.* at 22-23 (arguing that the class "must exclude Local 1010 Unit Members"); *see also* ECF No 38 (raising the same arguments in opposition to Plaintiff's motion for conditional certification of FLSA collective action); ECF No. 61 (doing the same in opposition to Plaintiff's Request for Corrective Notice);

ECF No. 238 (doing the same in its motion for decertification of the conditional collective). Defendant's arguments have been unsuccessful at each turn, except as to their argument on the Old Bethpage facility. *See* ECF No. 232 (clarifying that the Old Bethpage pavers are not involved in the present litigation and that Plaintiff would have to amend his complaint to include their claims).[1]

"Contrary to [Defendant's] assertions," these arguments "w[ere] not overlooked." *Kassman v. KPMG LLP*, 2018 U.S. Dist. LEXIS 215151, at *4 (S.D.N.Y. Dec. 21, 2018). First, the Court explicitly considered and rejected several of these arguments in its prior Order. *See* Opinion & Order at 4-7 (considering Defendant's arguments as to reporting to the Yard and preparatory work); *Id.* at 7-9 (doing the same as to Defendant's arguments regarding Foremen's comparative responsibilities and compensation). While "[t]he Court did not explicitly address every argument made by the [Defendant], . . . [i]t is plain that [these argument] w[ere] implicitly rejected in the Court's" Order. *Kassman*, 2018 U.S. Dist. LEXIS 215151 at *4. *See* Opinion & Order at 6 (finding that potential class members, regardless of union membership status or compensation structure, "are invested in proving that NY Paving had a de facto policy of requiring workers to report to a central location and complete various tasks before officially "clocking-in").

Additionally, it is not the role of this court at the class certification stage "to engage in free-ranging merits inquiries." *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013). Rather, the "key inquiry at this stage is . . . whether the constituent issues that bear on defendant's ultimate liability are provable in common." *Megason v. Starjem Rest. Corp.*, 2014

---

[1] For the avoidance of doubt, and in accordance with Magistrate Judge Gorenstein's determinations, the Court clarifies that the prior Opinion & Order's class definition excludes Old Bethpage facility pavers from the class definition as Plaintiff has yet to amend their complaint to include those workers.

U.S. Dist. LEXIS 3910, at *20 (S.D.N.Y. Jan. 10, 2014) (citing *Myers v. Hertz Corp.*, 624 F.3d 537, 550 (2d Cir. 2010)) (cleaned up).  Despite Defendant's attempts to frame their arguments as stemming from "the indisputable factual record," many of these matters remain hotly contested between the Parties.[2]  Mot. at 9, 21; *see also* ECF No. 280 at 15-17 (presenting Plaintiff's factual contentions in opposition).  Such determinations of fact would be improper for the Court to make at the current stage of the litigation.

## CONCLUSION

Because Defendants have not identified "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," *Kolel Beth Yechiel Mechil of Tartikov, Inc.*, 729 F.3d at 104, their motion for reconsideration is denied.  The Parties are hereby **ORDERED** to file a joint status report on or before March 26, 2024.

**SO ORDERED.**

**Dated: March 12, 2024**
     **New York, New York**                                      **ANDREW L. CARTER, JR.**
                                                                  **United States District Judge**

---

[2] The Court makes no statement here as to whether or not there exist sufficient questions of material fact potentially precluding summary judgment.