UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DIAZ, *individually and on behalf of all others similarly situated,*

                  Plaintiff,

-against-

NEW YORK PAVING INC.,

                  Defendant.

18-CV-04910 (ALC)

**OPINION & ORDER**

---

**ANDREW L. CARTER, United States District Judge:**

At a hearing on July 9, 2024, Magistrate Judge Gorenstein ruled that Defendants were precluded from using "the MOA, drafts of the MOA, and any other documents relating to the negotiation of the MOA to the extent such documents are offered to prove the existence of any practices by Defendant preceding the MOA's effective date of March 1, 2024." ECF 334. Defendant New York Paving Inc. ("Defendant") has filed objections to that decision, but their objections are cabined to the preclusion of the MOA—not the other documents—to establish employment practices prior to March 1, 2024. For the reasons set forth below, Defendant's objections are **OVERRULED**.

## LEGAL STANDARD

If a magistrate judge issues a non-dispositive pretrial order, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007). "A party may serve and file objections to the order [being objected to]

within 14 days after being served with a copy." Fed. R. Civ. P. 72(a).3 "The magistrate judge's findings may be considered clearly erroneous when on the entire evidence, the district court is left with the definite and firm conviction that a mistake has been committed." *Bromfield v. Bronx Lebanon Special Care Center, Inc.*, No. 16 cv 10047 (ALC), 2020 WL 495460, at *1 (S.D.N.Y. Jan. 20, 2020) (internal quotations and citation omitted).

## DISCUSSION

Due to Defendant's flouting of its discovery obligations, Magistrate Judge Gorenstein ruled that Defendants were precluded from using the MOA to prove Defendant's employment practices prior to March 1, 2024, the date the MOA was signed. Plaintiffs sought a more severe remedy—preclusion of the MOA and related documents, not only for the time frame prior to its signing, but also for the period after the MOA was signed.

Defendants assert that Judge Gorenstein committed clear error, primarily since the MOA was turned over in a timely manner. But context is important. Preclusion was not granted because Defendants failed to turn over the MOA in a timely fashion, but because defendants failed to turn over drafts and other documents related to the finalized version of the MOA, documents in defendant's possession since August 2023—nine months prior to turning over the finalized MOA on May 3. The magistrate judge correctly ruled that all of these documents were responsive to Plaintiff's request number 15, dated October 12, 2018–over six years ago.

Defendant's arguments in their briefing, mirroring many of the arguments at the hearing, fall short. Magistrate Judge Gorenstein properly considered the law, including the proper standards to be used, and the facts of this case. He sagaciously applied the facts to the law relevant to his decision to impose a lesser sanction than the one requested by Plaintiffs. After carefully examining the transcript and the letters filed prior to the hearing before Magistrate Judge Gorenstein, I find no error, much less clear error, in his thorough and thoughtful consideration of the issues. Although his decision was contrary to Defendant's wishes, nothing in his decision was erroneous or contrary to law.

## CONCLUSION

Defendants' objections are without merit; they are overruled.

**SO ORDERED.**

Dated: March 30, 2025
   New York, New York

_____
ANDREW L. CARTER, JR.
**United States District Judge**