UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**DIAZ,** *individually and on behalf of all others similarly situated,*

       Plaintiff,

   -against-

**NEW YORK PAVING INC.,**

       Defendant.

18-CV-04910 (ALC)

<u>OPINION & ORDER</u>

---

**ANDREW L. CARTER, United States District Judge:**

  Defendant New York Paving Inc. ("Defendant") moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1), based on preemption grounds under § 301 of the LMRA or *San Diego Building Trades Council v. Garmon*, 59 U.S. 236 (1959), and for partial summary judgment under Federal Rule of Civil Procedure 56. Due to LMRA preemption, Defendant's motion is **GRANTED** in part, as to FLSA and NYLL claims by members of Highway, Road and Street Construction Laborers' Local Union 1010 of the Laborers' International Union of North America, accruing on or after the effective date of the March 2024 MOA, an agreement collectively bargained for between Local 1010 and Defendant.[1] The motion is **DENIED in all other respects**.

## BACKGROUND

  Plaintiffs claim that Defendant failed to compensate Plaintiffs for work done "off the clock". ECF 352 ¶ 1. ( "Plaintiff Diaz's FLSA and NYLL claims are based on allegations that

---

[1] Local 175, Construction Council Local 175, Utility Workers of America, a separate union to which many Plaintiffs belong, is not a party to the MOA.

1

Defendant fails to properly compensate Plaintiffs for work performed at the beginning of each day prior to the scheduled start time at an off-site job location and at the end of each day after the last off-site job location."). ECF 363 at 2.

In this context, Plaintiffs assert the following causes of action: (1) failure to pay overtime pursuant to the FLSA; (2) failure to pay overtime pursuant to the NYLL; (3) failure to pay wages for all hours worked pursuant to the NYLL; and (4) failure to provide accurate wage statements pursuant to the NYLL. ECF 352 ¶ 2.

There are several agreements between Defendant and labor unions representing Plaintiffs pertinent to this case: an expired collective bargaining agreement between Local 1010 and Defendant; an expired collective bargaining agreement between Local 175 and Defendant; a current MOA between Local 1010 and Defendant.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows for dismissal of a complaint for "lack of subject matter jurisdiction." The Second Circuit has held that a motion to dismiss for one of the non-waivable defenses under Rule 12(h) (such as lack of subject matter jurisdiction, at FRCP 12(h)(3)), is valid even after the answer is filed and should be construed as a motion for judgment on the pleadings under Rule 12(c). *Patel* v. *Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). Further, under Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

Summary judgment is appropriate where "there is no genuine issue as to any material fact and "the moving party is entitled to a judgment as a matter of law." *Cortes v. MTA New York City Transit*, 802 F.3d 226, 230 (2d Cir. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 56(a).

## DISCUSSION

1) Preemption Under § 301 of the LMRA

"The test for determining whether a claim is preempted by § 301 is (1) whether the claim implicates rights of employers or employees independent of any right established by the CBA, or, alternatively, (2)whether evaluation of the claim is inextricably intertwined with consideration of the terms of" the CBA." *Cheng Xia Wang v. Shun Lee Palace Rest., Inc.*, No. 17-CV-840 (VSB), 2023 U.S. Dist. LEXIS 117473 (S.D.N.Y. July 7, 2023)(internal citations and quotations omitted). If the answer to the first question is no, the claim is preempted; if the answer to the second question is yes, the claim is preempted.

As to the first question, the claims embody rights that are independent of any right established by the CBAs or the MOA. The question is whether evaluation of the claims in this case is inextricably intertwined with consideration of the terms of the CBAs or MOA. To determine whether the claims are inextricably intertwined with a labor agreement, courts often distinguish

3

between claims that require an interpretation of an agreement, as opposed to claims that simply involve a mere reference to the CBA.

The critical factual dispute relevant to Plaintiffs' claims is this: whether pavers were required to work at the central site before the first job site or after the last job site. Plaintiff claims that pavers were required to do this work; this requirement forms the basis for Plaintiffs' causes of action. Defendants claim Plaintiffs were not required to do pre or post site work but voluntarily showed up to the central site to receive free transportation to and from the first and last job sites.

2) The Expired CBAs

Since the expired CBAs are silent on the issue–whether pavers were required to do preliminary or postliminary work–there is no need to interpret the CBAs to answer this question. It is true that a practice or custom of requiring or not requiring preliminary or postliminary work cannot be unilaterally changed by the employer. But resolving whether there was a past practice or custom will require testimony and evidence upon which Plaintiffs–and Defendants–will rely. No part of this determination involves a passing reference to the expired CBAs. If, based on evidence entirely outside of the expired CBAs, it is determined that Defendants didn't pay pavers for required work, fixing the appropriate wages wouldn't require interpretation of the CBAs, but, at most, a simple reference to them.

Moreover, the Second Circuit has made it clear that §301 exemption does not apply to an expired CBA. Once a CBA expires, it has no effect–other than relating to the status quo. "[w]e

4

conclude that the CBA must be considered defunct upon its expiration for all purposes except definition of the status quo. Therefore, after expiration of the CBA there is no contract subject to section 301 and there can be neither removal jurisdiction nor preemption under section 301." *Derrico v. Sheehan*, 844 F.2d, 22, 26 (2d. Cir. 1988).

### 3) The March 2024 MOA

The March 2024 MOA specifically addresses the primary issue concerning Plaintiff's claims. The MOA makes clear that as of March 2024, non-drivers were not required to do preliminary or postliminary shift work. Since Plaintiffs' theory directly contradicts the express terms of the March 2024 MOA, the Court can't simply ignore this conflict. Evaluation of Plaintiffs' claims is inextricably intertwined with consideration of the terms of the non-expired, MOA.

Regarding preemption, the Court in *Cheng Xia Wang v. Shun Lee Palace* illuminated a helpful distinction set out in *Hoops v. KeySpan Energy*, 794 F. Supp. 2d 371, 379 (E.D.N.Y. 2011). "[H]oops specifically differentiated between two types of issues: 1) whether the employer should pay the employee certain benefits or compensation under CBA, like shift differentials, and 2) whether the regular rate of pay for purposes of FLSA overtime calculation should include those benefits or compensation. The first issue usually requires interpretation of CBA, and will be preempted by LMRA, while the second issue is governed by FLSA." *Cheng Xia Wang*, at *12-13 (internal citations and quotations omitted).

The critical issue of whether pavers were required to do pre and post shift work fits into the first *Hoops* category—it concerns whether the employee is entitled to be paid—at all—for pre and post shift presence/work, or whether, as Defendants claim this was part of a voluntary transportation service.

Plaintiffs' assertion that this provision of the MOA violates FLSA or NYLL further underscores that the claims are preempted. Plaintiffs posit that parties to a collective bargaining agreement cannot agree to contract for what is illegal under state law. ECF 362 at 17. That is true. But since the Plaintiffs claim that the voluntary transportation service violates FLSA[2] and the NYLL, the claims are preempted. "In our view, plaintiff's challenge to the lawfulness of a term of the CBA will require substantial interpretation of the CBA." *Vera v. Saks*, 335 F.3d. 109, 116 (2d. Cir. 2003) (internal citation omitted).

In the alternative, the Plaintiffs claim that the voluntary transportation service does not exist. ECF 362 at 18-19. Instead, Plaintiffs claim that, despite the clear wording of the MOA, that post March 2024, employees were still required to do preliminary and postliminary work. Under this alternative theory, Plaintiffs' claims are still preempted since they cannot, for claims on or after March 2024, prove that the Defendant required pre and post shift work without simultaneously proving that Defendant breached the MOA. "Questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by reference to uniform federal law, whether such

---

[2] Just as § 301 preempts NYLL claims, so too does § 301 preclude claims brought under the FLSA which involve interpretation of a CBA. *See Johnson v. D.M. Rothman*, 861 F. Supp 2d 326, 331 (S.D.N.Y. 2012) (citing *Vadino v. A. Valey, Engineers*, 903 F.2d 253, 266 (3d Cir. 1990).

questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort. When resolution of a state-law claim is substantially dependent on analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a §301 claim, or dismissed as pre-empted by federal labor-contract law." *Vera* at 114 (internal quotations and citations omitted).

## CONCLUSION

Local 1010 Plaintiffs' post March 2024 claims are inextricably intertwined with consideration of the labor agreement—these claims are preempted.[3] Defendants' other motions for summary judgment, preclusion of liquidated damages, *sua sponte* decertification of the class, *Garmon* preemption, are without merit. Those motions are denied.

**SO ORDERED.**

Dated:   April 24, 2025
         New York, New York

_____
ANDREW L. CARTER, JR.
United States District Judge

---

[3] Due to Defendant's flouting of its discovery obligations, Magistrate Judge Gorenstein granted the Plaintiffs' application to preclude Defendant from using the MOA, drafts of the MOA, and any other documents relating to the negotiation of the MOA to prove the existence of any practices by defendant preceding the MOA's effective date of March 1, 2024. ECF 334.