**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 5/16/2025

Menturi
Palikovic

May 13, 2025

**Via ECF**
The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Square, Courtroom 1306
New York, New York 10007

Re:   *Diaz v. New York Paving Inc.*, No. 18-CV-4910 (ALC) (GWG)

Dear Judge Carter:

On behalf of Plaintiff Edgardo Diaz, the certified FLSA opt-in Collective, and the certified Class in this matter (collectively "Plaintiffs"), we write to request an extension of Plaintiffs' time to oppose Defendant's Motion for Reconsideration (ECF Nos. 427–28) of this Court's recent Opinion & Order resolving Defendant's dispositive motion (ECF No. 413). **Plaintiffs request that their time to oppose be extended to two weeks after the filing of the Joint Pretrial Order** ("JPTO") in this case. Plaintiffs' current deadline to oppose the reconsideration motion is May 22, 2025, the same day as an in-person status conference before Your Honor. *See* Order, ECF No. 419.

This is Plaintiffs' first application for an extension of time with respect to this motion. This request does not affect any other dates or deadlines in this matter. The reason for this request is that Class Counsel's resources are currently focused on the JPTO, including preparing for an exchange with Defendant of deposition designations, witnesses, exhibits, and proposed stipulations of law and fact on May 29, *see* Order, ECF No. 424, and thus an extension is needed so that Plaintiffs have sufficient time to properly prepare their opposition.

Defendant refuses to consent to this request and its reasoning is as follows:

> *Based on your numerous prior representations to the Court that extending any deadlines would result in prejudicial delay, Defendant was forced to expend significant efforts (and costs) in contemporaneously preparing both the JPTO and the motion for reconsideration, as prior to the adjournment of the JPTO deadlines, both were due on the same day. Defendant filed the motion for reconsideration as it believes this matter is fully preempted; thus, Defendant wants the reconsideration motion fully briefed (and resolved) prior to the filing of the JPTO. If Defendant is successful then the JPTO is mooted and all parties and the Court would benefit by saving resources. As such, we think the better course of action is to seek a two (2) week adjournment of the JPTO deadlines so your office can focus first on the motion for reconsideration and then the JPTO. We respectfully believe the Court should do this as well, in the interest of judicial economy.*

Defendant's statement bears correction. First, the claim that Plaintiffs are opposed to "extending any deadlines" is simply false; indeed, just yesterday Plaintiffs consented to Defendant's request to extend by one week its May 15 deadline to object to Judge Gorenstein's May 1, 2025 discovery

sanctions precluding Defendant from relying on belatedly disclosed document and witnesses. *See* Def.'s Ext. Request, ECF No. 431. If asked, Plaintiffs would have consented to an extension of Defendant's deadline to file the instant reconsideration motion as well. Plaintiffs have instead repeatedly emphasized that the parties should avoid actions that would ***delay trial***, which is entirely consistent with their extension request here, which, if granted, will allow Class Counsel to focus on meeting the JPTO deadlines. Second, Plaintiffs believe Defendant's reconsideration motion is unlikely to be successful, further undermining Defendant's argument that the JPTO will be "mooted" by its motion. Third, Defendant's reconsideration motion is instead the latest in Defendant's string of unsuccessful challenges to the Court's orders, *see* ECF No. 397 (denying Defendant's objections to J. Gorenstein's 2024 preclusion ruling); ECF No. 308 (denying Defendant's motion for reconsideration of class certification ruling); ECF No. 263 (denying Defendant's motion for decertification of FLSA Collective); ECF No. 162 (denying Defendant's motion for reconsideration of discovery ruling), and, as its proposal above makes plain, is a tactic in support of its goal of achieving any and all possible delay in adjudication of this seven-year-old case.

* * *

This case was filed on June 3, ***2018*** and the parties are finally well into the process of preparing to submit the JPTO in June 2025, a deadline which has been previously adjourned ***at least eight times***. *See* ECF Nos. 229, 288, 291, 302, 304, 306, 309, 331, 424. Given the low likelihood of success of Defendant's reconsideration motion, Plaintiffs respectfully submit that there is nothing to be gained by further delay in the JPTO's preparation and submission.

Thank you for the Court's consideration and continued attention to this seven-year-old case.

Respectfully submitted,

/s/ Jessica L. Hunter
Jessica L. Hunter

cc: *All Counsel of Record (via ECF)*

SO ORDERED:
[signature]
HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

May 16, 2025
New York, NY

The Court GRANTS Plaintiff's request for an extension to their deadline to oppose Defendants' motion for reconsideration. Plaintiff's opposition should be submitted on June 12, 2025.