UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
EDGARDO DIAZ,                                               :

                Plaintiff,                          :                ORDER
    -v.-                                                     :

                                                18 Civ. 4910 (ALC) (GWG)

NEW YORK PAVING INC.,                              :

               Defendant.                       :
-----------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

The Court has reviewed the class Notices in Docket # 483 and has found much "legalese" and other language that would be difficult for the average person to follow.   The Court does not fault the parties for this as it assumes that they wished merely to make sure that there is no possible misconstruction of any statement in the Notices.   But there is a price to be paid for attempting to provide complete explanations of complex legal matters, which is to vastly decrease the readability of the Notice – and hence decrease the likely response rate.

The Court has balanced these two considerations and has made a number of changes to one of the Notices, identified as "Notice C." (attached).   The Court directs the parties to submit revised versions of all three notices, applying to the other Notices as appropriate the changes made by the Court to Notice C.

If the parties believe one or more of the Court-proposed changes is inappropriate, they have leave to substitute their preferred wording without making an application to the Court.

The Court notes that it eliminated item number 10 under Question 12 because it did not understand what was intended by the phrase "a statement of the Rule 23 Class Member's membership in the Rule 23 Class" or why it was necessary.   The parties are free to reinsert a new number 10 provided it is understandable to Court and necessary for a proper objection.

It also eliminated the reference to PACER in Question 17 as the Court does not believe that court documents (other than Opinions) are available for free and in any event, access to documents requires a registration process.   The Court fears that its inclusion may create expectations that cannot be fulfilled.

The Court was not sure how the individual payment amount is being calculated.   It assumes that the amount is before any withholding of tax or deduction of employee side payroll taxes.   Thus, it has tried to make this clear in the revision.

Finally, the Court made other changes that do not strictly relate solely to readability.   If

the parties object to these changes and wish to discuss them, the Court will hold a telephone or in

person conference to explain them.

SO ORDERED.

Dated:  December 29, 2025
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

NOTICE OF CLASS ACTION SETTLEMENT

> # If you worked as an asphalt or concrete paver at New York Paving Inc., you could receive a payment from a Court settlement.

*A federal court authorized this Notice of Class Action Settlement.  This is not a solicitation from a lawyer.*

- This Notice is about a lawsuit filed by a worker named Edgardo Diaz who worked at New York Paving.  In the lawsuit, which was filed by Mr. Diaz's lawyers, Mr. Diaz claimed that New York Paving did not properly pay him and other pavers over a long period of time.  The lawsuit was filed not just to get backpay for Mr. Diaz but also to get backpay for all pavers.  The lawsuit started seven years ago.  Mr. Diaz and New York Paving have agreed to end the case, which is called a settlement.  If the settlement is approved by the Court, payments will be made to pavers like you who worked for New York Paving at any point between June 3, 2012 and June 5, 2025.

- New York Paving denies that it ever improperly paid the pavers.  But instead of going to trial to see who wins, Mr. Diaz and New York Pavers reached an agreement to end this case through a settlement.  The settlement requires New York Paving to make payments to the pavers.  Both sides think the amount is fair.  But the settlement is not official until the Court approves it.

- If the Court approves the settlement, your share of the settlement will be about $XXX before taxes, and you will be sent a check for this amount, minus any tax withholding.

- Please read this Notice carefully.  It explains your rights and options.  <u>It also gives you a deadline by which you must act</u> if you want to be part of the settlement, exclude yourself from the settlement, or object to the settlement.

| YOUR CHOICES IN THIS SETTLEMENT: | |
|---|---|
| **IF YOU SUBMIT A CLAIM FORM** | If you send in the claim form attached to this notice by _____, <u>you will receive a check</u>.  We estimate your payment will be about $XXX before taxes. |
| **IF YOU EXCLUDE YOURSELF** | If you don't want to be part of the settlement, you can exclude yourself.  If you exclude yourself, you will not get any money.  However, you will be free to bring a separate lawsuit against New York Paving at your own risk and at your own expense for the same legal claims in this lawsuit. |
| **IF YOU OBJECT** | If you object to the settlement, you must say why you object to the settlement.  The Court will consider all objections. |

QUESTIONS? CALL XXX-XXX-XXXX

| | |
|---|---|
| **IF YOU DO NOTHING** | If you do nothing, <u>you will get no money</u>, but you will still be part of the settlement. This means you will give up your right to sue New York Paving for certain claims under New York law. |

## WHAT THIS NOTICE CONTAINS

**Page**

**BASIC INFORMATION** ..................................................................................................................**3**
    1.    WHY DID I GET THIS NOTICE?...........................................................................................3
    2.    WHAT IS THIS LAWSUIT ABOUT? ......................................................................................3
    3.    WHY IS THIS A CLASS ACTION? ........................................................................................3
    4.    WHY IS THERE A SETTLEMENT AND WHAT IS ITS EFFECT?.................................................3

**WHO IS IN THE SETTLEMENT?**.................................................................................................**4**
    5.    HOW DO I KNOW IF I AM PART OF THE SETTLEMENT?.......................................................4

**THE SETTLEMENT BENEFITS – WHAT YOU GET** .............................................................**4**
    6.    WHAT DOES THE SETTLEMENT PROVIDE? ..........................................................................4

**HOW TO GET A PAYMENT – SUBMIT A CLAIM FORM** ....................................................**4**
    7.    HOW CAN I GET A PAYMENT? ..........................................................................................4
    8.    DO I NEED TO SUBMIT A CLAIM FORM TO RECEIVE A PAYMENT? .......................................5
    9.    WHEN WILL I RECEIVE MY PAYMENT? ............................................................................5
    10.    WHAT HAPPENS IF I DON'T SUBMIT A CLAIM FORM OR DON'T CASH MY CHECK? ...............5

**EXCLUDING YOURSELF FROM THE SETTLEMENT**.............................................................**5**
    11.    WHAT DOES EXCLUDING MYSELF FROM THE SETTLEMENT MEAN AND HOW DO I DO IT?......5

**OBJECTING TO THE SETTLEMENT**.........................................................................................**6**
    12.    HOW CAN AN OBJECTION BE MADE? ................................................................................6

**THE LAWYERS REPRESENTING YOU** .....................................................................................**7**
    13.    WHO IS CLASS COUNSEL? ..............................................................................................7
    14.    HOW WILL THE LAWYERS BE PAID? ................................................................................7

**THE FAIRNESS HEARING**..........................................................................................................**7**
    15.    WHAT IS A FAIRNESS HEARING?......................................................................................7

**GETTING MORE INFORMATION** ...........................................................................................**8**
    16.    WHO IS THE SETTLEMENT ADMINISTRATOR? ...................................................................8
    17.    HOW DO I GET MORE INFORMATION ABOUT THE SETTLEMENT?.........................................8

## BASIC INFORMATION

### 1.  Why did I get this Notice?

You received this Notice because New York Paving's records show that you worked as an asphalt and/or concrete paver at New York Paving's Yard in Long Island City between June 3, 2012 and June 5, 2025.

This Notice explains the lawsuit, the settlement, your legal rights, who is eligible for payment, and how to get the payment.

### 2.  What is this lawsuit about?

This lawsuit was filed by Edgardo Diaz.  The lawsuit says that New York Paving did not pay pavers for time spent working before reaching the first job site and after leaving the last job site. Mr. Diaz says pavers weren't paid for time spent loading or unloading paving tools from trucks at the Yard, for time spent driving or riding the trucks to the first paving location of the day, and for time spent driving or riding back to the Yard from the last paving location of the day.  New York Paving denies that it paid anyone improperly.

### 3.  Why is this a class action?

Mr. Diaz brought this lawsuit not just for himself but also on behalf of a group of pavers like himself who worked for New York Paving.  The group is called the Class.  Each person in the group is a Class Member. This lawsuit is called a Class Action.  The lawyers who represent the Class are called Class Counsel.  Mr. Diaz brought this lawsuit as a Class Action because that is the best way to decide the claims of a large group of people who are in a similar situation.

### 4.  Why is there a settlement and what is its effect?

This lawsuit was filed seven years ago.  Since that time, Mr. Diaz and New York Paving have been spending time in court to get the case decided.  This lawsuit has not gone to trial.  The parties believe that a settlement is the best way to avoid the uncertainty and delays that come with going to trial.  Mr. Diaz and Class Counsel believe the proposed settlement is a good result for the Class Members and in their best interests.

The effect of the settlement is to pay the Class Members money.  The settlement also means that Class Members may not separately sue New York Paving for claims relating to their work for New York Paving on or before June 5, 2025.

# WHO IS IN THE SETTLEMENT?

## 5. How do I know if I am part of the settlement?

New York Paving's records show that you are in the Class because you worked at New York Paving as a paver out of its Long Island City Yard at some point between June 3, 2012 and June 5, 2025. Your name appears on the Claim Form attached to this Notice. As a member of the Class, you are entitled to share in the settlement.

# THE SETTLEMENT BENEFITS – WHAT YOU GET

## 6. What does the settlement provide?

The settlement requires New York Paving to create a settlement fund of $19,250,000. There will be a number of deductions from this fund to pay for lawyers' fees and other expenses (as explained in Question 14 below). After the deductions, the remaining amount will be divided among the Class Members according to the number of days they worked for New York Paving between June 3, 2012 and June 5, 2025, as shown by New York Paving's records.

We have already calculated your payment after taking account of these deductions. If the settlement is approved, your share will be about $XXX before taxes. If you submit a valid Claim Form (*see* Question 7, next) and the Court approves the settlement, you will receive a check for this amount.

# HOW TO GET A PAYMENT – SUBMIT A CLAIM FORM

## 7. How can I get a payment?

To receive payment, you must fill out and send in the Claim Form, which is attached to this Notice. You must fill it out accurately and completely. You must send the Claim Form by mail, email, or fax. If you mail it, the envelope must be postmarked on or before [BAR DATE]. If you send it by email or fax, the Claim Form must be received by 11:59 p.m. Eastern Time on [BAR DATE].

The lawyers have hired a company to be in charge in charge of receiving and processing the Claim Forms. This company is called the Settlement Administrator. The Settlement Administrator's name, address, email address, phone and fax numbers are printed below and on the Claim Form.

**It is very important that you fill out the Claim Form completely and send it in by [BAR DATE]. If you do not do so, you will not get a payment.** The Claim Form is attached to this Notice.

If the Court approves the settlement, a check will be mailed to you at the address you provide on the Claim Form. You will have 90 days to cash the check from the date on the check. If you do not cash your check after approximately 45 days, you will receive a reminder to do so. After 90 days, your check will be void, and you will not have a right to be paid from the settlement.

If your contact information changes after submitting the Claim Form, you must tell the Settlement Administrator your new address immediately. Otherwise, you will not receive your check.

The Settlement Administrator's contact information is:

**XPand Legal**
**[ADDRESS]**

QUESTIONS? CALL XXX-XXX-XXXX                                                    4

**[CITY, STATE, ZIP]**
Tel: **XXX-XXX-XXX** | Fax: **XXX-XXX-XXXX**
Email: **[email]**

## 8.  Do I need to submit a Claim Form to receive a payment?

YES!  You must submit the Claim Form to receive a settlement payment. This is explained in the previous section.  The Claim Form is attached to this Notice.

## 9.  When will I receive my payment?

Before any payments can be made, the Court must first approve the settlement.  The Court has scheduled a hearing to decide whether it will approve the settlement.  The hearing will be held on [**DATE**], and the Court will decide whether to approve the settlement sometime after that.  If the Court approves the settlement, you will receive your check within about 60 days after the Court gives its approval.

## 10. What happens if I don't submit a Claim Form or don't cash my check?

If you do not submit a valid Claim Form, you will not receive a settlement check.  Also, you will not be permitted to sue New York Paving for any claims that were brought in this lawsuit or that could have been brought in this lawsuit concerning anything that happened on or before June 5, 2025.  The same is true if you don't cash your check.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

## 11.  What does excluding myself from the settlement mean and how do I do it?

If you want to be excluded, then you must submit an "opt-out" statement to the Settlement Administrator by [**BAR DATE**].  To be valid, your opt-out statement can only submitted on behalf of you.  It must be in writing and contain the following:

1.  your full name, address, email address, telephone number, and personal signature (a typed signature or a lawyer's signature will not satisfy this requirement); and
2.  a statement that you elect to exclude yourself from the class settlement in *Diaz v. New York Paving Inc*.

To be valid, your opt-out statement must be returned to the Settlement Administrator by mail, email, or fax.  If mailed, the statement must be postmarked on or before [**BAR DATE**].  If sent by email or fax, the statement must be received by the Settlement Administrator prior to midnight, Eastern Time, on [**BAR DATE**].  The Settlement Administrator's name, address, email address, phone and fax numbers are below:

**XPand Legal**
**[ADDRESS]**
**[CITY, STATE, ZIP]**
Tel: **XXX-XXX-XXX** | Fax: **XXX-XXX-XXXX**
Email: **[email]**

If you choose to exclude yourself from the settlement, then (1) you will not get any payment under this settlement and (2) you cannot object to the settlement.  By excluding yourself from the settlement, you will not be legally bound by the settlement, and you keep your right to sue New York Paving at your own expense for the claims in this lawsuit that remain viable under the applicable statute of limitations.

# OBJECTING TO THE SETTLEMENT

## 12. What if I object to the settlement?

As a Class Member, you may object to the settlement.  To do so, you must put your objection in a written statement.  The statement must be sent to the Settlement Administrator by mail, email, or fax.  If sent by mail, the statement must be postmarked on or before [**BAR DATE**].  If sent by email or fax, the statement must be received by the Settlement Administrator by 11:59 p.m. Eastern Time on [**BAR DATE**].  The Settlement Administrator's name, address, email address, phone and fax numbers are below:

**XPand Legal**
**[ADDRESS]**
**[CITY, STATE, ZIP]**
Tel: **XXX-XXX-XXX** | Fax: **XXX-XXX-XXXX**
**Email: [email]**

To be valid, the written statement must contain all of the following:

1. a reference to the case name: "*Diaz v. New York Paving Inc.*";
2. your full name, address, email address (if you have one), telephone number, and your signature (a typed signature or a lawyer's signature will not satisfy this requirement);
3. the reasons for the objection;
4. whether you wish to speak at the Fairness Hearing (described in Question 15 below);
5. if you intend to appear at the Fairness Hearing through counsel, a list of any lawyers representing you who will appear at the Fairness Hearing; and
6. the name and contact information of any lawyers or other persons representing or advising you in connection with the objection.

In addition, any objection written or submitted with the assistance of any lawyer or law firm staff must contain all of the following:

7. a written statement of any legal support for the objection;
8. copies of any papers, briefs, or other documents upon which the objection is based; and
9. whether the lawyer seeks to call witnesses in support of the objection, and the names of such witnesses.

Any objections that are not submitted on time or in accordance with the procedures in this Notice will not be considered.  Any Class Member who does not submit a timely and valid objection gives up their right to object to the settlement and will not be allowed to seek any review of the settlement, including through an appeal.

You have the right to retain a lawyer at your own expense to present your objection.  If you retain a lawyer to present an objection, your lawyer must file a notice of appearance with the Court and the Settlement Administrator no later than 14 calendar days after the [**BAR DATE**], that states whether counsel intends to appear at the Fairness Hearing.

An objection may be withdrawn at any time.

# THE LAWYERS REPRESENTING YOU

## 13. Who is Class Counsel?

The Court has appointed the law firm of Wittels McInturff Palikovic as Class Counsel to represent you and the other Class Members.  Lead Class Counsel are:

Steven L. Wittels, Esq.
Tiasha Palikovic, Esq.
J. Burkett McInturff, Esq.
Jessica L. Hunter, Esq.
WITTELS MCINTURFF PALIKOVIC
305 Broadway, Floor 7
New York, NY 10007
XXXXX@wittelslaw.com
Tel: (914) 775-8862, ext. XXX

## 14. How will the lawyers be paid?

You are not personally responsible for payment of fees and costs of Class Counsel.

Class Counsel worked for 7 years on this case without any pay, spending many hundreds of hours to advance the case on behalf of the pavers.  They did this without getting any fees or reimbursement for their expenses.  The way the proposed settlement works is that New York Paving must create a settlement fund of $19,250,000.  Class Counsel will ask the Court to pay it one third of this amount for its fees and an additional amount for its expenses.  This request is normal in Class Actions.

Class Counsel will also ask the Court to authorize payments ranging from $7,500 to $25,000 to be paid from the settlement fund to Mr. Diaz and certain other pavers who contributed in a significant way to the case, including some who had to give sworn testimony.  Such requests are also normal in Class Actions.

After these deductions, the remaining amount will be divided among the Class Members according to the number of days they worked.  We have already calculated your payment after taking account of these deductions.  If the proposed fees and payments are approved, your share will be $XXX.

# THE FAIRNESS HEARING

## 15. What is a Fairness Hearing?

The Court will hold a hearing, called a "Fairness Hearing," to decide whether to approve the settlement on [DATE] at [TIME] E__T.at the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York.  The judge who will decide whether to approve the settlement is Magistrate Judge Gabriel W. Gorenstein.  **You do not have to attend the Fairness Hearing to receive your settlement payment.**

Please note that it is possible that the time, date, or place of the hearing may be changed.  The Settlement Administrator will be aware of any changes.  So if you intend to go to the hearing, you should confirm in advance the time, date, and place of the Fairness Hearing with Settlement Administrator at XXX-XXX-XXXX.

At the Fairness Hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. The Court will hear from the lawyers on the case and may choose to hear from any objectors if they seek permission to speak. After the hearing, the Court will decide whether to approve the settlement. We do not know how long it will take for the Court to make a decision.

# GETTING MORE INFORMATION

## 16. Who is the Settlement Administrator?

The parties have hired XPand Legal to provide this notice to you and to administer the settlement payments. XPand Legal will be paid $15,000 from the settlement fund. Any fees over this amount will be paid by New York Paving.

## 17.     How do I get more information about the settlement?

To obtain more information, you can contact the Settlement Administrator at XXX-XXX-XXXX; or you may contact Class Counsel Tiasha Palikovic, J. Burkett McInturff, Jessica L. Hunter, or Steven L. Wittels at XXX@wittelslaw.com or (914) 775-8862, ext. XXX. You may also get a copy of the full settlement agreement by email or mail if you request it.

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, OR NEW YORK PAVING INC. WITH INQUIRES ABOUT THE SETTLEMENT.**

## CLAIM FORM

*Diaz v. New York Paving Inc.*, Case No. 18 Civ. 4910 (ALC) (GWG)

**TO RECEIVE YOUR PAYMENT FROM THIS CLASS ACTION, WHICH IS ESTIMATED TO BE $XXX PRE-TAX, YOU MUST COMPLETE AND RETURN THIS CLAIM FORM SO THAT IT IS POST-MARKED, FAXED, OR EMAILED NO LATER THAN [BAR DATE/60 days after mailing].**

I understand that by signing this Claim Form, I am choosing to receive a check for my share of the Settlement Fund. I also understand that in exchange for that check I will not be permitted to file any lawsuit or make any claim against New York Paving Inc under the Fair Labor Standards Act and/or New York Labor Law for any claims accruing on or before June 5, 2025 that could have been brought in this class action, as described in the settlement agreement.

Date: _____

Signature: _____

Name: [PRE-FILLED] _____

Mailing Address: _____

_____

_____

_____

Phone (optional): _____

**Return this completed form to the Claims Administrator using one of the following methods:**

**MAIL:**     You may use the enclosed pre-paid envelope (or any envelope) and mail the claim form to:

XPand Legal
c/o Diaz v. New York Paving Inc. Claims Administrator
[Address]
[City, State Zip]

**EMAIL:**     You may email the claim form to: [EMAIL]

**FAX:**     You may fax the claim form to: (XXX) XXX-XXXX

**NOTE: This Claim Form is valid only if the Court approves the Settlement.**

<u>YOU MUST RETURN THIS PAGE TO RECEIVE A SETTLEMENT CHECK</u>