**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EDGARDO DIAZ,<br>Individually and on Behalf of All Others<br>Similarly Situated,<br><br>                      Plaintiff,<br><br>        v.<br><br>NEW YORK PAVING, INC.,<br><br>                     Defendant. | Case No. 18 Civ. 4910 (ALC) (GWG) |

**ORDER AND FINAL JUDGMENT: (1) CONFIRMING CERTIFICATION OF THE CLASS AND COLLECTIVE; (2) GRANTING FINAL APPROVAL OF THE CLASS AND COLLECTIVE ACTION SETTLEMENT; AND (3) ENTERING FINAL JUDGMENT DISMISSING THE ACTION WITH PREJUDICE**

WHEREAS, the Parties in the above-captioned matter entered into the Final Class Action Settlement Agreement and Release (the "Settlement Agreement," ECF No. 483-1);

WHEREAS, Plaintiffs have submitted to the Court their Unopposed Motion for Final Approval of Final Class Action Settlement Agreement and Related Relief (ECF No. 489);

WHEREAS, the parties consented to the undersigned disposing of all motions relating to the proposed settlement (ECF No. 479);

WHEREAS, on January 16, 2026, the Court issued its Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of Final Class Action Settlement Agreement and Related Relief (the "Preliminary Approval Order," ECF No. 486);

WHEREAS, the Preliminary Approval Order inter alia: (i) preliminarily approved the settlement as described in the Settlement Agreement; (ii) preliminarily certified the Settlement Agreement's proposed "Rule 23 Class" and "FLSA Collective" for purposes of judgment on the

settlement proposal; (iii) maintained Wittels McInturff Palikovic's appointment as Class Counsel ("Class Counsel"); (iv) approved the form and manner of notice ("Notice") to the members of the Rule 23 Class and FLSA Collective ("Class Members," unless otherwise noted); and (vi) set the date for a hearing to consider final approval of the settlement;

WHEREAS, Notice was provided to all persons identified in the Class List in accordance with the Court's Preliminary Approval Order by individual mailings to all Class Members who could be reasonably identified, and by email if available, and the other components of the Court-approved notice program were implemented;

WHEREAS, on June 17, 2026 at 10:30 a.m. at the United States District Court for the Southern District of New York, the undersigned held a "fairness hearing" to determine whether the settlement was fair, reasonable, and adequate, and to consider the application of Class Counsel for a Service Awards for seven Class Members identified as Service Award Recipients in the Settlement Agreement and for attorneys' fees and costs; and

WHEREAS, based on the foregoing, having considered the papers filed and proceedings held in connection with the settlement, and having considered all of the other files, records, and proceedings in the action;

IT IS HEREBY ORDERED AND ADJUDGED as follows:

1.    For purposes of this Order Granting Plaintiffs' Unopposed Motion for Final Approval of Final Class Action Settlement Agreement and Related Relief (the "Judgment"), the Court adopts all defined terms as set forth in the Settlement Agreement.

2.    This Court has jurisdiction over the subject matter of the litigation and personal jurisdiction over all parties to the Litigation, including all members of the Settlement Class.

2

3.    With respect to the Rule 23 Class and for purposes of approving this settlement only, this Court finds as to the Rule 23 Class that:

a.    the Class is so numerous that joinder of all members is impracticable;

b.    there are questions of law or fact common to the Class;

c.    the claims of plaintiffs are typical of the claims of the Class;

d.    plaintiffs and plaintiffs' Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members;

e.    questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members; and

f.    a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for settlement purposes only, the Court certifies this action as a class action on behalf of the following Rule 23 Class:

All persons who were employed by New York Paving as pavers at any time from June 3, 2012 through June 5, 2025.

5.    Pursuant to 29 U.S.C. § 216(b), and for settlement purposes only, the Court finds that defendant's current or former employees who meet the following definition are similarly situated to Plaintiffs and grants final certification to the following FLSA Collective:

All persons who were employed by New York Paving as pavers at any time from June 3, 2015 through June 5, 2025.

6.    Based on the evidence and other material submitted in conjunction with the fairness hearing, the Court hereby finds and concludes that Notice was disseminated to Class Members in accordance with the Settlement Agreement and the Court's Preliminary Approval Order.

3

7.     The Court finds and concludes that the Notice and all other aspects of the notice, opt-out, and objection procedures set forth in the Settlement Agreement satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process; were the best practicable under the circumstances; were reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise Class Members of their right to object to the proposed Settlement or to exclude themselves from the Class; and support the Court's exercise of jurisdiction over the Rule 23 Class and Class Members.

8.     There were no objections to the Settlement, and no Class Members requested to opt out of the Settlement.

9.     The Court finds that the Settlement Agreement is the product of arm's length settlement negotiations between the Parties.

10.    The Court finds and concludes that, with respect to the Rule 23 Class, the Settlement meets the criteria for final approval set forth in Rule 23(e)(2) of the Federal Rules of Civil Procedure and the *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974) and that the Settlement is fair, reasonable, and adequate, and should be approved.

11.    Specifically the Court finds that in light of the benefits afforded to the Rule 23 Class, the complexity and expense of further litigation, and the costs of continued litigation, the Settlement is, in all respects fair, reasonable, and adequate, having considered and found that (i) Plaintiff and Class Counsel have adequately represented the Class; (ii) the proposal was negotiated at arm's length; (iii) the relief provided for the Class is adequate, having taken into account (a) the costs, risks, and delay of trial and appeal; (b) the effectiveness of the proposed method of distributing relief to the Class, including the method of processing Class Members' claims; (c) the terms of the proposed award of attorneys' fees; and (d) any agreement required to be identified

4

under Rule 23(e)(2), of which there are none; and (iv) the proposed allocation plan treats Class Members equitably relative to each other.

12.    The Court finds and concludes that, with respect to the FLSA Collective, the settlement meets the criteria for approval set forth in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and that it reflects a reasonable compromise over contested issues.

13.    The Court hereby approves the Settlement (as set forth in the Settlement Agreement), the releases therein, and all other terms in the Settlement Agreement as fair, just, reasonable, and adequate. The Parties are directed to perform in accordance with the terms set forth in the Settlement Agreement. The Parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement and to make other non-material modifications in implementing the Settlement Agreement that are not inconsistent with this Order.

14.    The Parties are to bear their own attorneys' fees and costs, except as otherwise expressly provided in the Settlement Agreement and in this Judgment.

15.    Upon consideration of Class Counsel's request for Service Awards to the individuals identified as Service Award Recipients in the Settlement Agreement, the request is granted. The Service Awards shall be paid from the Settlement Fund in the amounts requested and on terms specified in Settlement Agreement § 4.7.

16.    Upon consideration of Class Counsel's request for an award of fees and costs, the request is granted. Class Counsel's fees shall be paid from the Settlement Fund in the amount requested and on terms specified in Settlement Agreement § 4.6. Class Counsel's expenses shall

be paid from the Settlement Fund in the requested amount of $158,023.79 and on the terms specified in Settlement Agreement § 4.6.

17.    If for any reason the Effective Date does not occur, this Order shall be null and void and of no further force and effect, and the Parties shall be restored to their respective positions prior to the execution of the Settlement Agreement. Upon such nullification, neither this Order nor the Settlement Agreement shall be used or referred to for any purpose in this action or in any other proceeding, and the Settlement Agreement and all negotiations thereto shall be inadmissible.

18.    This document is a final, appealable order and shall constitute a judgment for purposes of Rules 54 and 58 of the Federal Rules of Civil Procedure.

19.    The motion to approve the settlement (Docket # 489) is granted.  All pending motions are moot.  This action is hereby dismissed on the merits and with prejudice. The Clerk is directed to close this case.  The Court retains exclusive jurisdiction, to the extent necessary, to resolve any disputes under the Settlement Agreement or to effectuate the terms of the Settlement Agreement.

It is so ORDERED this 17th day of June, 2026.


GABRIEL W. GORENSTEIN
United States Magistrate Judge

6